**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRIGETTE MABE, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**WAL-MART ASSOCIATES, INC.**<br><br>**Defendant.** | No: 1:20-CV-0591 (TJM/CFH)<br><br>**CLASS ACTION COMPLAINT** |

Brigette Mabe ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover untimely wage compensation and other damages for Plaintiff and similar hourly cashiers, front end associates, stockers, receiving associates, sales associates, and other similar manual labor positions (collectively, "Manual Workers") who work or have worked as manual workers for Wal-Mart Associates, Inc. (collectively, "Wal-Mart or "Defendant") in New York State.

2. Headquartered in Bentonville, Arkansas, Wal-Mart sells grocery and retail items throughout their stores throughout New York.

1

3. Wal-Mart operates approximately 110 locations in New York and employs approximately 35,000 people in New York State, a majority of whom are Manual Workers.

4. At all relevant times, Defendant have compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

5. Despite being manual workers, Defendant have failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

6. In this regard, Defendant have failed to provide timely wages to Plaintiff and all other similar Manual Workers.

7. Plaintiff brings this action on behalf of herself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191, 195. ("NYLL").

## THE PARTIES

**Plaintiff**

**Brigette Mabe**

8. Brigette Mabe ("Mabe") is an adult individual who is a resident of the State of New York.

9. Mabe has been employed by Walmart as a "Cashier" from on or about November 2019 to the present date.

10. Mabe is a covered employee within the meaning of the NYLL.

**Defendant**

**Wal-Mart Associates, Inc.**

11. Wal-Mart Associates, Inc. is a foreign business corporation organized and existing

under the laws of Delaware.

12. Wal-Mart Associates, Inc.'s principal executive office is located at 708 Southwest 8th Steer, Bentonville, Arkansas 72716.

13. Wal-Mart Associates, Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

14. Wal-Mart Associates, Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

15. Wal-Mart Associates, Inc. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

17. The members of the proposed class are citizens of states different from that of Defendant.

18. There are over 100 members in the proposed class.

19. Defendant are subject to personal jurisdiction in New York.

20. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

21. Plaintiff brings the First and Second Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Wal-Mart Associates, Inc. in New York between May 29, 2014 and the date of final judgment in this matter (the "New York Class").

22. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

23. There are more than one hundred members of the New York Class.

24. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

25. Plaintiff and the New York Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

26. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

27. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiff and classes in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant.  Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

29. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

(a) whether Defendant compensated Plaintiff and the New York Class on a timely basis;

(b) whether Defendant failed to furnish Plaintiff and the New York Class with an accurate statement of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

30. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Brigette Mabe**

31. Mabe has been employed by Wal-Mart as a "Cashier" from on or about November 19, 2019 to the present date.

32. During her employment, Mabe has worked for Defendant in their store located at 30 Catskill Commons, Catskill, NY 12414.

33. During her employment, over twenty-five percent of Mabe's duties were physical tasks, including but not limited to: (1) lifting and carrying items purchased by customers; (2) placing items purchased by customers into bags; (3) sweeping floors; (4) wiping down her work station; (5) standing for long periods of times; (6) stocking shelves; and (7) arranging inventory.

34. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Mabe has been compensated by Defendant on a bi-weekly basis.

35. For example, for the week beginning on November 23, 2019 and ending December 6, 2019, Mabe was paid her lawfully earned wages on December 12, 2019. *See* **Exhibit A**, Mabe Paystub.

36. In this regard, Defendant failed to pay Mabe her wages earned from November 23, 2019 through November 29, 2013 by December 6, 2019, as required by NYLL § 191(1)(a).

37. Throughout her employment, Defendant failed to provide Mabe with wage statements specifying the amount of hours she worked per week.

38. In this regard, Defendant failed to provide Mabe with accurate wage statements as required by the NYLL.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

41. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

42. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendant failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

45. Due to Defendant's violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL.

D. Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

E. Prejudgment and post-judgment interest;

F. Reasonable attorneys' fees and costs of the action; and

G. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
May 29, 2020

Respectfully submitted,

*Brian Schaffer* (signature)

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*