UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------- X
BRIGETTE MABE, individually and on behalf
of all others similarly situated,

                Plaintiff,

   -against-

WAL-MART ASSOCIATES, INC.,

               Defendant.
------------------------------------- X

Case No. 1:20-cv-00591 (TJM)(CFH)

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
Tel: (518) 689-1400
Fax: (518) 689-1499

*Attorneys for Defendant Wal-Mart Associates, Inc.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

BACKGROUND ....................................................................................................................1

SUMMARY OF ARGUMENT ..............................................................................................2

ARGUMENT ..........................................................................................................................3

I.      STANDARD OF REVIEW ........................................................................................2

II.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM FOR RELIEF ..............................................................................................4

        A.     No Private Cause of Action Exists Under N.Y. Lab. Law § 191(1)(a) For Untimely Paid Wages ..............................................................................4

        B.     Plaintiff's Wage Statements Contained the Information Required Under N.Y. Lab. Law § 195(3) ................................................................................11

CONCLUSION .....................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................3

*Belizaire v. RAV Investigative and Secret Services Ltd.*,
   61 F. Supp. 3d 336 (S.D.N.Y. 2014) ......................................................................................6, 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................3

*Cleveland v. Caplaw Enterprises*,
   448 F.3d 518 (2d Cir. 2006) ......................................................................................................3

*Coley v. Vannguard Urban Improvement Association, Inc.*,
   No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 27, 2018) .........................5, 6

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009) ........................................................................................................3

*Holick v. Cellular Sales of New York, LLC*,
   No. 12-cv-00584, slip op. (N.D.N.Y. Sept. 8, 2019) .................................................................7

*Hussain v. Pakistan International Airlines Corp.*,
   No. 11-cv-932, 2012 U.S. Dist. LEXIS 152254 (E.D.N.Y. Oct. 23, 2012) .......................5, 6, 9

*Iqbal v. Hasty*,
   490 F.3d 143 (2d Cir. 2007) ......................................................................................................3

*Kang v. Inno Asset Development, LLC*,
   No. 08-CV-4848, 2011 U.S. Dist. LEXIS 47408 (E.D.N.Y. Jan. 28, 2011) .............................6

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ..................................................................................................................3

*Scott v. Whole Foods Market Group, Inc.*,
   No. 18-cv-0086, 2019 U.S. Dist. LEXIS 61726 (E.D.N.Y. Apr. 9, 2019) ................................7

**State Cases**

*Carrier v. Salvation Army*,
   88 N.Y.2d 298, 667 N.E.2d 328, 644 N.Y.S.2d 678  (N.Y. 1996) ............................................8

*Cruz v. TD Bank, N.A.*,
　22 N.Y.3d 61, 979 N.Y.S.2d 257, 2 N.E.3d 221 (N.Y. 2013) ...................................... 8, 10

*Gardner v. D&D Electrical Construction Co. Inc.*,
　2019 N.Y. Misc. LEXIS 4448 (N.Y. Sup. Ct., N.Y. Cty. Aug. 7, 2019) ........................... 6

*Haar v. Nationwide Mutual Fire Insurance Co.*,
　34 N.Y.3d 224, 138 N.E.3d 1080, 115 N.Y.S.3d 197 (N.Y. 2019) .............................. 8, 10

*Hunter v. Planned Building Services, Inc.*,
　No. 715053/2017, 2018 N.Y. Misc. LEXIS 2896 (N.Y. Sup. Ct., Queens
　Cty. June 11, 2018) ..................................................................................................5, 6, 12

*Ikea U.S., Inc. v. Industrial Board of Appeals*,
　241 A.D.2d 454, 660 N.Y.S.2d 585 (2d Dep't 1997) .................................................4, 7, 9

*Mark G. v. Sabol*,
　93 N.Y.2d 710, 717 N.E.2d 1067, 695 N.Y.S.2d 730 (N.Y. 1999) ................................. 10

*Phillips v. Max Finkelstein, Inc.*,
　66 Misc. 3d 514, 115 N.Y.S.3d 866 (N.Y. Sup. Ct., Suffolk Cty. 2019) ........................ 5, 7

*Rojas v. Hi-Tech Metals, Inc.*,
　2019 N.Y. Misc. LEXIS 5046 (N.Y. Sup. Ct., Queens Cty. Sept. 9, 2019) ...................... 12

*Sheehy v. Big Flats Community Day, Inc.*,
　73 N.Y.2d 629, 541 N.E.2d 18, 543 N.Y.S.2d 18  (N.Y. 1989) ..................................... 8, 9

*Uhr v. East Greenbush Central School District*,
　94 N.Y.2d 32, 720 N.E.2d 886, 698 N.Y.S.2d 609 (N.Y. 1999) ...................................... 10

*Vega v. CM & Associates Construction Management, LLC*,
　175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't Sept. 10, 2019) ................................... 7, 8

**Federal Rule and Statute**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 1, 3

Fair Labor Standards Act .................................................................................................5, 6, 8

**State Statutes**

N.Y. Lab. Law § 190(4) ............................................................................................................ 9

N.Y. Lab. Law § 191(1)(a) ............................................................................................. *passim*

N.Y. Lab. Law § 195(3) ............................................................................................. 2, 11, 12

N.Y. Lab. Law § 198(1-a) ................................................................................................ *passim*

N.Y. Lab. Law § 218(1) ............................................................................................................ 9

N.Y. Pub. Health Law § 230(11)(b) ....................................................................................... 10

Defendant Wal-Mart Associates, Inc. ("Defendant"), by and through its attorneys Greenberg Traurig, LLP, respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Brigette Mabe's ("Plaintiff") Complaint ("Complaint" or "Compl.").

## BACKGROUND[1]

Plaintiff has worked for Defendant as a cashier at a store in the Town of Catskill, Greene County, New York since November 19, 2019. (Compl. ¶¶ 3, 9, 31-32.) Defendant pays Plaintiff her wages on a bi-weekly basis. (Compl. ¶¶ 4, 34-36.) Plaintiff does not allege that Defendant failed to pay her any portion of wages due for her labor. Nor does Plaintiff allege that Defendant wrongfully deducted any portion of her wages. In other words, Plaintiff does not dispute that she was paid in full for all work performed.

Instead, Plaintiff's barebones Class Action Complaint alleges that Defendant violated New York Labor Law ("N.Y. Lab. Law") by paying her wages on a bi-weekly (rather than weekly) basis and furnishing wage statements containing the total hours worked for each pay period (rather than on a weekly basis). She seeks to represent a putative class of "manual workers" employed by Defendant in its grocery and retail stores in New York State, covering the period from May 29, 2014 to the present. (Compl. ¶ 1, 21.) By this action, Plaintiff seeks to recover for herself and the putative class statutory "liquidated damages," together with pre-judgment and post-judgment interest, attorneys' fees and costs. (Compl. ¶¶ 42, 45 & Prayer for Relief, ¶¶ C-F.)

---

[1] For purposes of this motion only, Defendant must accept as true the well-pleaded allegations of the Complaint.

1

## SUMMARY OF ARGUMENT

Plaintiff's Complaint asserts two causes of action. First, Plaintiff claims that Defendant violated N.Y. Lab. Law § 191(1)(a) by failing to pay her on a weekly (rather than bi-weekly) basis. (Compl. ¶¶ 39-42; *see also id.* ¶¶ 6, 34-36.) Second, Plaintiff claims that Defendant failed to provide her with accurate wage statements, in violation of N.Y. Lab. Law § 195(3). (Compl. ¶¶ 43-45; *see also id.* 37-38.)

Plaintiff, however, does not dispute that she was paid in full for all work performed. As such, her Complaint fails to state a plausible claim for relief. Contrary to Plaintiff's assertions, N.Y. Lab. Law § 191(1)(a) does not afford Plaintiff, who has suffered no ascertainable damages, a private cause of action to right an intangible "wrong." New York Labor Law does not deputize individual employees such as Plaintiff to police their employers' compliance with every technical statutory requirement.

Plaintiff's Second Cause of Action is also meritless. N.Y. Lab. Law § 195(3) requires only that wage statements be furnished with every payment of wages and contain certain specific information. The wage statements at issue comply with this requirement.

Since Plaintiff has no private right of action to enforce the New York Labor Law's frequency of pay rules and her wage statements comply with all requirements, Defendant's motion to dismiss should be granted.

**ARGUMENT**

I.  **STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint's allegations. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Rule 8(a)(2)).

Rule 12(b)(6) "requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007). Although the court must draw all reasonable inferences in favor of the plaintiff, *Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006), the factual allegations in the complaint must be enough to raise the plaintiff's right to relief "above the speculative level." *Twombly,* 550 U.S. at 555.

The purpose of Rule 12(b)(6) is to "streamline litigation by dispensing with needless discovery and factfinding" and eliminate baseless claims. *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989). Thus, where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v.*

3

*Twombly,* 550 U.S. 544, 558 (2007) (citation omitted). That is to say, if it appears from the face of the Complaint that the plaintiff cannot prove a set of facts that would entitle him or her to the relief sought dismissal is required. *Id.* at 570.

## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM FOR RELIEF

Neither of Plaintiff's two causes of action state a plausible claim for relief and, thus, the Complaint must be dismissed.

### A. No Private Cause of Action Exists Under N.Y. Lab. Law § 191(1)(a) for Untimely Paid Wages

By the First Cause of Action, Plaintiff seeks to recover liquidated damages, pre-judgment and post-judgment interest, attorney's fees and costs, based on the claim that she was a "manual laborer" entitled to be paid on a weekly (as opposed to bi-weekly) basis, pursuant to N.Y. Lab. Law § 191(1)(a). (Compl. ¶¶ 34, 36.) This statute, however, does not provide a private right of action for untimely paid wages where, as here, the plaintiff does not allege unpaid wages.

This conclusion is compelled by the plain language of the statute. Section 191(1)(a)(i) provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned[.]" N.Y. Lab. Law § 191(1)(a)(i). The Legislature vested exclusive responsibility to police violations of this provision in the Commissioner of the Department of Labor. *See, e.g., id.* § 191(1)(a)(ii) (commissioner may authorize large employers to pay less frequently than weekly); *see also Ikea U.S., Inc. v. Indus. Bd. of Appeals,* 241 A.D.2d 454, 455, 660 N.Y.S.2d 585, 586 (N.Y. App. Div., 2d Dep't 1997) (upholding Labor Commissioner's determination, after an administrative hearing, that employer violated N.Y. Lab. Law §191(1)(a) by paying manual workers bi-weekly instead of

4

weekly). Nowhere is an employee authorized to bring an action to recover liquidated damages and other relief simply because an employer does not comply with N.Y. Lab. Law § 191(1)(a). *See, e.g., Hussain v. Pak. Int'l Airlines Corp.,* No. 11-cv-932, 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y. Oct. 23, 2012) (no private right of action exists for mere frequency of pay violation under N.Y. Lab. Law § 191(1)(a)(i)); *Hunter v. Planned Bldg. Servs., Inc.,* No. 715053/2017, 2018 N.Y. Misc. LEXIS 2896, at *3 (N.Y. Sup. Ct., Queens Cty. June 11, 2018) (same); *see also Coley v. Vannguard Urban Improvement Ass'n, Inc.,* No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787, at *42 (E.D.N.Y. Mar. 27, 2018) (granting motion to dismiss, holding that, while FLSA includes a prompt payment requirement, "[t]he NYLL does not appear to provide a similar remedy") (citation omitted); *Phillips v. Max Finkelstein, Inc.,* 66 Misc. 3d 514, 115 N.Y.S.3d 866, 867-69 (N.Y. Sup. Ct., Suffolk Cty. 2019) (no private right of action exists for mere frequency of pay violation under N.Y. Lab. Law § 191(1)(a)(i)).

Plaintiff's claim is not salvaged by the Complaint's citation to N.Y. Lab. Law § 198. (Compl. ¶ 42.) That statute, insofar as relevant here, sets forth remedies available to employees only in connection with the "underpayment of wages." N.Y. Lab. Law § 198(1-a). Specifically, § 198(1-a) states, in relevant part, as follows:

> In any action instituted in the courts upon a wage claim **by an employee** … in which the employee prevails, the court shall allow such employee to recover the full amount of **any underpayment**, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer provides a good faith basis to believe that its **underpayment of wages** was in compliance with the law, and additional amount as liquidated damages equal to one hundred percent of the total amount of the wages **found to be due**[.]

*Id.* (emphasis added).

5

By its terms, this statute provides for the recovery of damages for a successful claim of unpaid wages — not wages that are untimely paid. Case law so construing N.Y. Lab. Law § 198 is abundant. *See, e.g., Hussain,* 2012 U.S. Dist. LEXIS 152254, at *8 ("recovery in this case hinges on [the] unpaid wages claim under damages provisions of NYLL § 198(1-a) . . . . [t]he NYLL contains no provision for private recovery for violations of its provisions regarding frequency of payment . . . ."; *see also Coley,* 2018 U.S. Dist. LEXIS 50787, at *42 ("the NYLL's remedy section, NYLL § 198, seems to be 'geared to afford relief for unpaid wages, not for late paid wages'") (quoting *Belizaire*); *Belizaire v. RAV Investigative and Sec. Servs. Ltd.,* 61 F. Supp. 3d 336, 360 & n.22 (S.D.N.Y. 2014) (considering the FLSA's liquidated damages provision for untimely payment of wages and noting that "[t]he NYLL does not appear to provide a similar remedy [for untimely payment of wages]) (citing N.Y. Lab. Law § 198(1-a)); *Shin Won Kang v. Inno Asset Dev., LLC,* No. 08-CV-4848, 2011 U.S. Dist. LEXIS 47408, at *7 (E.D.N.Y. Jan. 28, 2011) ("An employer's failure to timely pay its employees for their work, as claimed by plaintiffs in this case, entitles the employees to sue for their *unpaid* wages.") (emphasis added), *report and recommendation adopted,* No. 08-CV-4848, 2011 U.S. Dist. LEXIS 47406 (E.D.N.Y. May 3, 2011); *Gardner v. D&D Elec. Constr. Co. Inc.*, No. 160249/2018, 2019 N.Y. Misc. LEXIS 4448, *2-6 (N.Y. Sup. Ct., N.Y. Cty. Aug. 7, 2019) (granting employer's motion to dismiss and holding there is no private right of action); *Hunter,* 2018 N.Y. Misc. LEXIS 2896, at *4 ("[P]laintiff has no private right of action under NYLL §198 (1-a) for a frequency of payment violation of NYLL § 191(1)(a)(i) where there is no claim for unpaid wages.").

Thus, because Plaintiff has been paid all wages due, she does not have a private right of action under N.Y. Lab. Law § 198 to prosecute an alleged frequency of payment violation under N.Y. Lab. Law § 191(1)(a)(i).  *See id.*

Admittedly, the case law in this area is not uniform.  For example, New York State trial and appellate courts in the First and Second Departments are divided on whether to recognize a private right of action for frequency of pay violations, notwithstanding that all wages are paid.  *Compare, e.g., Vega v. CM & Assocs. Constr. Mgt., LLC,* 175 A.D.3d 1144, 1145-47, 107 N.Y.S.3d 286, 287-89 (N.Y. App. Div., 1st Dep't Sept. 10, 2019) (N.Y. Lab. Law § 198(1-a) provides a private right of action for a violation of N.Y. Lab. Law § 191), *with Phillips,* 115 N.Y.S.2d at 869-70 ("this court is not bound to follow the rule of law enunciated in *Vega*," based upon its interpretation of "the *IKEA* case from the Appellate Division, Second Department," and noting that "[t]his court's ruling accords with the ruling of local federal courts that have addressed the same issue").

Typically, courts that have allowed employees to sue their employers for an alleged frequency of pay violation have held that a private right of action may be implied from the statutory scheme.  *See, e.g., Scott v. Whole Foods Mkt. Grp., Inc.,* No. 18-cv-0086, 2019 U.S. Dist. LEXIS 61726, at *8-12 (E.D.N.Y. Apr. 9, 2019) (recognizing an implied private right of action under N.Y. Lab. Law § 191 and held that delay in payment constituted damages *per se*); *Holick v. Cellular Sales of N.Y., LLC,* No. 12-cv-00584, slip op. at 6 (N.D.N.Y. Sept. 8, 2019) (finding a private right of action for untimely commissions exists under N.Y. Lab. Law §§ 191

7

& 198).² But this Court should reject that approach, as several other courts have, because it misapplies New York law for finding an implied private right of action.

In New York, a statute contains an implied right of action "only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Cruz v. TD Bank, N.A.,* 22 N.Y.3d 61, 979 N.Y.S.2d 257, 262, 2 N.E.3d 221, 226 (N.Y. 2013) (internal citation & quotation marks omitted). Courts consider three factors in determining if this standard is met: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Sheehy v. Big Flats Cmty. Day, Inc.,* 73 N.Y.2d 629, 541 N.E.2d 18, 20, 543 N.Y.S.2d 18 (N.Y. 1989). "Critically, all three factors must be satisfied before an implied private right of action will be recognized." *Haar v. Nationwide Mut. Fire Ins. Co.,* 34 N.Y.3d 224, 229, 138 N.E.3d 1080, 1084, 115 N.Y.S.3d 197, 200 (N.Y. 2019) (citation omitted). The third factor is the "most critical," *Carrier v. Salvation Army,* 88 N.Y.2d

---

² It appears that only one court has found that N.Y. Lab. Law § 198(1-a) "expressly" provides a private right of action for a violation of N.Y. Lab. Law § 191. *See Vega v. CM & Assocs. Constr. Mgt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (N.Y. App. Div., 1st Dep't 2019). In *Vega,* the Court based this ruling not on the text of § 198(1-a), but rather, the presumed similarity between that statute and the Fair Labor Standards Act of 1938 ("FLSA"), which the U.S. Supreme Court held in 1945 provides a liquidated damages remedy for the "failure to pay the statutory minimum on time." *Id.* at 1145, 107 N.Y.S.3d at 287 (quoting *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945)). The *Vega* court's holding is clearly erroneous. The FLSA addresses the private recovery for violations of its provisions regarding the frequency of payment, whereas N.Y. Lab. Law § 198(1-a) does not. *See Belizaire,* 61 F. Supp. 3d at 360 & n.22 (considering the FLSA's liquidated damages provision for untimely payment of wages and noting that "[t]he NYLL does not appear to provide a similar remedy. While it also contains a liquidated damages provision, it seems that the provision is geared to afford relief for unpaid wages, not for late-paid wages.").

298, 667 N.E.2d 328, 329, 644 N.Y.S.2d 678, 681  (N.Y. 1996), because a private right of action "should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme." *Sheehy,* 73 N.Y.2d at 635, 541 N.E.2d at 21.

Here, a private right of action cannot be "fairly implied" into either §§ 191 or 198 because the second and third factors are not present.[3]  Indeed, the recognition of a private right of action would do violence to the Legislature's carefully calibrated administrative enforcement scheme for violations of N.Y. Lab. Law § 191(1)(a).

As noted, § 191 contemplates that the Labor Commissioner police violations of its frequency of payment provisions, *see, e.g., Ikea U.S., Inc.,* 241 A.D.2d at 455, 660 N.Y.S.2d at 586, and § 198 authorizes remedies through a civil suit for proven claims of unpaid wages, not wages untimely paid, *see Hussain,* 2012 U.S. Dist. LEXIS 152254, at *8.  The Legislature has also provided a specific enforcement mechanism for violations *other than non-payment of wages,* such as the frequency of pay violations alleged by Plaintiff here.  Specifically, N.Y. Lab. Law § 218(1) provides that a violation "for a reason other than the employer's failure to pay wages, benefits or wage supplements found to be due, the order shall direct payment to the commissioner of a civil penalty in an amount not to exceed one thousand dollars for a first violation, two thousand dollars for a second violation or three thousand dollars for a third or subsequent violation."

---

[3] Defendant also disputes the presence of the first factor and that Plaintiff is a member of the class the legislature intended to benefit because she is not a "manual laborer," as that term is defined in the Labor Law.  *See* N.Y. Lab. Law § 190(4) ("'Manual worker' means a mechanic, workingman or laborer.").  However, for purposes of this motion, and because Defendant is bound by the Complaint's allegations, Defendant will assume *arguendo* Plaintiff is a manual laborer covered by N.Y. Lab. Law § 191(1)(A).

9

Thus, because the Legislature created an administrative mechanism for enforcement of § 191 violations, no broader remedy should be read into that statute or § 198. *See Uhr v. E. Greenbush Cent. School Dist.,* 94 N.Y.2d 32, 40-42, 720 N.E.2d 886, 890, 698 N.Y.S.2d 609, 613-14 (N.Y. 1999) (declining to imply private right of action for violation, given that Legislature had created a scheme for administrative enforcement of the statutory scheme); *Mark G. v. Sabol,* 93 N.Y.2d 710, 720-21, 717 N.E.2d 1067, 1071-72, 695 N.Y.S.2d 730, 733-34 (N.Y. 1999) (same); *see also Cruz,* 22 N.Y.3d at 71 (declining to imply a broader remedy where statute provided a narrower, express remedy). To sanction an implied private right of action in the circumstances presented, would undermine the Legislature's enforcement scheme by allowing employees to step into the shoes of the Labor Commissioner to pursue violations without having suffered any actual damages — i.e., no underpayment of wages.

The text and legislative history of §§ 191 and 198 do not support the First Cause of Action. *See Uhr,* 94 N.Y.2d at 42, 720 N.E.2d at 891, 698 N.Y.S.2d at 614 ("to imply . . . [a private right of action], . . . [the court] must have clear evidence of the Legislature's willingness to expose the [party] to liability that it might not otherwise incur"); *see also Haar,* 34 N.Y.3d at 228-29, 138 N.E.3d at 1087, 115 N.Y.S.3d at 203 ("the statutory text and legislative history [of N.Y. Pub. Health Law § 230(11)(b)] do not imply a legislative intent to create a right of action" to a physician based on alleged lack of good faith in reporting misconduct). Neither statute states or implies that delay in payment alone constitutes damages *per se,* such that a plaintiff may recover liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs.

Accordingly, the Complaint's First Cause of Action should be dismissed.

B.  **Plaintiff's Wage Statements Contained the Information Required Under N.Y. Lab. Law § 195(3)**

Likewise unavailing is Plaintiff's Second Cause of Action, which alleges that Defendant failed to provide her with accurate wage statements, in violation of N.Y. Lab. Law § 195(3). The alleged inaccuracy in the wage statements, according to Plaintiff, is that they did not specify the number of hours worked "per week." (Compl. ¶¶ 37-38.). This cause of action is foreclosed both by § 195(3) and case law construing it.

Section 195(3) requires each wage statement furnished by an employer to include: (1) the dates the payment of wages covers; (2) the name of both the employee and employer; (3) the employer's address and telephone number; (4) the rate and basis of pay; (5) gross wages; (6) deductions; (7) allowances (if applicable); and (8) net wages. Additionally, if the recipient is a non-exempt employee, the wage statement should include "the number of regular hours worked, and the number of overtime hours worked," with overtime rate (if applicable). *See* N.Y. Lab. Law § 195(3).

Here, it is undisputed — and undisputable — that Defendant gave Plaintiff a wage statement with every bi-weekly payment of wages. In fact, Exhibit A to the Complaint is a copy of one such wage statement, for the period covering November 23, 2019 to December 6, 2019.

Plaintiff's wage statements contain all information required by § 195(3). As even a cursory review of Exhibit A reveals, it (1) gives the pay period dates of November 23, 2019 through December 6, 2019; (2) states Plaintiff's and Defendant's names; (3) gives Walmart's address of 702 S.W. 8th Street 2351 Bentonville, AR 72716 and phone number of (479) 273-4000; (4) Plaintiff's rate of pay at $13.50 per hour, designation as an hourly employee, and

11

total hours worked during the pay period; (5) gross wages; (6) deductions; (7) allowances (which appear inapplicable); and (8) net wages.

Furthermore, contrary to Plaintiff's conclusory allegations, § 195(3) does not require that wage statements be furnished on a weekly basis or provide a breakdown of how many hours an employee works "per week." (Compl. ¶¶ 37-38.) Courts have consistently found that § 195(3) only requires that wage statements be provided with every payment of wages and contain specific information. *Eg., Hunter,* 2018 N.Y. Misc. LEXIS 2896, at *8 ("While defendant failed to provide wage statements on a weekly basis, the statute only requires that wage statements be furnished to employees with every payment of wages and provide specific information."); *see also Rojas v. Hi-Tech Metals, Inc.,* 2019 N.Y. Misc. LEXIS 5046 at *6 (N.Y. Sup. Ct., Queens Cty. Sept. 9, 2019) (dismissing N.Y. Lab. Law § 195(3) claim because allegations that the wage statements were to be provided weekly due to the frequency of payment rules set forth in N.Y. Lab. Law § 191(1)(a) is not supported by a plain reading of N.Y. Lab. Law § 195(3)). Plaintiff's wage statements comport fully with that standard.

Accordingly, Plaintiff's Second Cause of Action should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Wal-Mart Associates, Inc. respectfully requests that the Court issue an order (1) dismissing the Complaint in its entirety and with prejudice and (2) grant such other and further relief as the Court deems appropriate.

Dated: Albany, New York
August 14, 2020

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: *s/ Henry M. Greenberg*

Henry M. Greenberg (Bar No. 101854)
54 State Street, 6th Floor
Albany, New York 12207
(518) 689-1492
greenbergh@gtlaw.com

*Attorneys for Defendant Wal-Mart Associates, Inc.*