**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BRIGETTE MABE, on behalf of herself and all others similarly situated,**<br><br>    **Plaintiff,**<br><br>      -against-<br><br>**WAL-MART ASSOCIATES, INC.,**<br><br>      **Defendant.** | **No.: 20 Civ. 00591 (TJM)(CFH)** |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO**
**DISMISS PURSUANT TO RULE 12(b)(6)**

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ....................................................................................... 1

LEGAL STANDARD ........................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    I.    NYLL § 191 PROVIDES FOR A PRIVATE RIGHT OF ACTION ............................ 2

        A.   The First Department's Ruling in Vega Controls This Action .................................. 3

        B.   The Weight of Authority Supports A Private Right of Action .................................. 5

    II.    DEFENDANT'S WAGE STATEMENTS VIOLATE NYLL § 195(3) .................... 9

CONCLUSION .................................................................................................................. 10

<u>C<small>ASES</small></u>

*IKEA U.S., Inc. v. Indus. Bd. of Appeals*,
241 A.D. 2d 454 (2d Dept. 1997) ................................................................ 4, 5

*AHA Sales, Inc. v. Creative Bath Prods., Inc.*,
58 A.D.3d 6 (2d Dept. 2008) ........................................................................ 5

*Angello v. Labor Ready, Inc.*,
7 N.Y. 3d 579 (2006) .................................................................................... 8

*Belizaire v. RAV Investigative and Sec. Servs., Ltd.*,
61 F. Supp. 3d, 336 (S.D.N.Y. 2014) ........................................................... 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................... 2

*Chin v. MTL LLC*,
No. 18 Civ. 1340 (TJM)(TWD) , 2020 WL 3971505 (N.D.N.Y. Jul. 14, 2020) ........................ 2

*Coley v. Vanguard*,
No. 12 Civ. 5565 (PKC)(RER), 2018 WL 1513628 (E.D.N.Y. Mar. 29, 2018) ....................... 6

*Copper v. Cavalry Staffing, LLC*,
132 F. Supp. 3d 460 (E.D.N.Y. 2015) .......................................................... 10

*Cuzco v. Orion Builders, Inc.*,
No. 06 Civ. 2789 (KMW)(THK), 2010 WL 2143662 (S.D.N.Y. May 26, 2010) ................ 5, 6

*DiBella v. Hopkins*,
403 F.3d 102 (2d Cir. 2005) .......................................................................... 3

*Duverny v. Hercules Medical P.C.*,
No. 18 Civ. 7652 (DLC), 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020) ......................... 5

*Garcia v. Pasquareto*, 812 N.Y.S.2d 216
(N.Y. App. Term 2004) .................................................................................. 8

*Gardner v. D&D Electrical Const. Comp., Inc.*,
No. 160249/2018, 2019 N.Y. Slip Op. 32389(U) (N.Y. Sup. Ct. Aug. 7, 2019) ............ 7

*Hicks v. T.L. Cannon Management Corp.*,
No 13 Civ. 06455 (EAW), 2018 WL 2440732 (W.D.N.Y. Mar. 13, 2018) ................. 10

*Hobart v. Mendelson*,
121 N.Y.S. 3d 509 (N.Y. App. Term 2020) .................................................. 8

iii

*Hunter v. Planned Bldg. Servs., Inc.*,
No. 715053/0217, 2018 N.Y. Slip Op. 31541 (N.Y. Sup. Ct. 2018) .............................. 7

*Hussain v. Pakistan Int'l Airlines*,
No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012) ............................. 7

*Imbarrato v. Banta Management Services, Inc.*,
No. 18 Civ. 5422, 2020 WL 1330744 (S.D.N.Y. Mar. 20, 2020) ............................... 10

*Lopez-Serrano v. Rockmore*,
132 F. Supp. 3d 390 (E.D.N.Y. 2015) ............................................................. 6

*People on Information of Gianoti v. Bloom*,
167 N.Y.S.3d 179 (City Ct. 1957) ................................................................. 9

*People v. Vetri,* 309 N.Y. 401 (1955) ........................................................... 3, 9

*Rojas v Hi-Tech Metals, Inc.*,
No. 702847/2019, 2019 WL 4570161 (N.Y. Sup. Ct. Sept. 11, 2019) ........................... 6

*Sarit v. Westside Tomato, Inc.*,
No. 18 Civ. 11524 (RA), 2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020) ........................ 5

*Scott v. Whole Foods Market Group, Inc.*,
No. 18 Civ. 86 (SJF)(AKT), 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) ..................... 6

*Scott v. Whole Foods Market Group, Inc.*,
No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No 58, (E.D.N.Y. Feb. 5, 2020) ....................... 3, 5

*Seymore Gottlieb v. Kenneth D. Laub & Company, Inc.*,
82 N.Y. 2d 457 (1993) ...................................................................... 6, 8

*Sierra Club v. Con-Strux LLC*,
911 F.3d 85  (2d Cir. 2018) ..................................................................... 1

*Truelove v. Northeast Capital & Advisory*,
95 N.Y.2d 220 (2000) ......................................................................... 8

*Trustees of Upstate New York Engineers Pension fund v. Ivy Asset Management*,
843 F.3d 561 (2d Cir. 2016) ..................................................................... 1

*Vega v. CM & Assoc. Constr. Mgmt., LLC.*,
175 A.D. 1144 (1st Dept. 2019) ........................................................ passim

*Wang Kwong Ho v. Target Construction of NY Corp.*,
No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510 (E.D.N.Y. Mar. 28, 2011) ...................... 6

*West v. Am. Tel. & Tel. Co.,*
311 U.S. 223 (1940).................................................................................................... 3

STATUTES

Fed. R. Civ. P. 12(b)(6 .............................................................................................. 1

NYLL § 191(1)(a).............................................................................................. passim

NYLL § 195(3) .......................................................................................... 1, 9, 10

NYLL § 198.......................................................................................................... passim

OTHER AUTHORITIES

Mem. of Indus. Commr., June 3, 1966, Bill Jacket, L. 1966, ch. 548 ............................ 8

Strengthening Wage and Hour Protections for Working People, 2009 Sess. Law News of N.Y.
   Ch. 372 (A. 6963)..................................................................................................... 4

## PRELIMINARY STATEMENT

Plaintiff's complaint alleges that Wal-Mart Associates, Inc. ("Walmart" or "Defendant") unlawfully paid Plaintiff and similarly situated cashiers, front end associates, stockers, receiving associates, sales associates, and other similar manual workers ("Manual Workers") on an untimely basis and failed to provide them with accurate wage statements pursuant to New York Labor Law ("NYLL") §§ 191(1)(a), 195(3). *See* ECF No. 1 ("Compl.") ¶¶ 1, 4-6, 33-45. Now, Defendant moves to dismiss Plaintiff's claims by arguing that there is no private right of action under NYLL § 191(1)(a), and that their wage statements do not violate NYLL § 195(3). *See* ECF No. 20-5.

Defendant's argument that NYLL § 191 does not provide for a private right of action misses the mark entirely. It is clear from the rulings of New York's Appellate Courts that there is a private right of action for Plaintiff to recover under NYLL § 191. Furthermore, the weight of federal authority overwhelmingly supports that NYLL § 191 provides for a private right of action. Finally, Defendant's wage statements do not comply with the requirements of NYLL § 195(3) as they lead to the exact type of confusion that the legislature intended to combat when it drafted NYLL § 195.

As clearly set-out below, Defendant's arguments fail and Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.

## LEGAL STANDARD

When evaluating a defendant's motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Sierra Club v. Con-Strux LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (citing *Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management*, 843 F.3d 561, 566 (2d Cir. 2016)). To survive a Rule 12(b)(6) motion, a plaintiff's complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *See Chin v. MTL LLC*, No. 18 Civ. 1340 (TJM) (TWD), 2020 WL 3971505, at *1 (N.D.N.Y. Jul. 14, 2020) (McAvoy, J.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ARGUMENT

### I.   NYLL § 191 PROVIDES FOR A PRIVATE RIGHT OF ACTION

NYLL § 191(1)(a) mandates that manual workers be paid within seven days of the week in which they complete their work. Here, Plaintiff alleges that she is a manual worker who was paid on an untimely basis due to Defendant's biweekly pay scheme. *See* Compl. ¶¶ 4-5, 33-37, 39-42; *see also* ECF No. 1-1 (paystub showing that Plaintiff was paid on December 12, 2019 for her workweek that ended November 29, 2019).   Defendant's contention is that NYLL § 191 does not afford Plaintiff a private right of action. However, this argument ignores the weight of authority which supports Plaintiff's right to bring this action, including the First Department's ruling in *Vega v. CM & Assoc. Constr. Mgmt., LLC*. *See* 175 A.D. 3d 1144 (1st Dept. 2019) (finding that a private right of action exists under NYLL § 191). Defendant ass1erts that the First and Second Departments are split on whether a private right of action exists. However, this argument relies on a false characterization of the Second Department's holding in *IKEA U.S.*, *Inc. v. Indus. Bd. of Appeals*, which Defendant has gleaned from the Suffolk County Court's decision in *Phillips v. Max Finkelstein*. *See* 15 N.Y.S.3d 866 (Suffolk Cnty. Ct. Dec. 12, 2019). As further examined below, the *Phillips* decision, which is the only decision to ever find that *IKEA* stands for the preclusion of a private right of action under NYLL §191, is clearly erroneous. Instead, *Vega* is truly the only intermediate appellate court decision on this issue, and should guide the Court's ruling on this matter. *See Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No 58, (E.D.N.Y. Feb. 5, 2020) (finding that *Vega* is the "lone decision from an

2

intermediate court" regarding whether there is a private right of action under NYLL § 191). *See* **Ex. A**, *Scott* decision.

Aside from *Phillips*, Defendant only relies on cases that predate *Vega*. However, it is clear that following *Vega*, courts in this circuit have uniformly held that a private right of action exists under NYLL § 191. Furthermore, rulings before the *Vega* decision routinely found that NYLL § 191 afforded a private right of action for plaintiffs. Defendant's contentions to the contrary are in error.

### A.  The First Department's Ruling in Vega Controls This Action

Whether or not NYLL § 191 contains a private right action is purely a question of state law. When there is no case law from the Court of Appeals on an issue of state law, federal courts follow the rulings of the state appellate courts. *See DiBella v. Hopkins,* 403 F.3d 102, 112 (2d Cir. 2005) ("rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise') (quoting *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940)).

The only applicable appellate court ruling is *Vega*, where the First Department held that an untimely payment of wages constitutes an *underpayment* of wages, which affords Plaintiff a private right of action under NYLL § 198. 175 A.D. 3d at 1145. Furthermore, the *Vega* court explained that even if there was no right of action under NYLL § 198, § 191 provides a private right of action: "allowing [plaintiff] to bring suit would promote the legislative purpose of § 191, which is to protect workers who are generally 'dependent upon their wages for sustenance." *Id.* at 1146 (quoting *People v. Vetri,* 309 N.Y. 401, 405 (1955)).

3

Defendant attempts to counter *Vega* by arguing that *IKEA* is a Second Department Appellate decision standing for the proposition that there is no private right of action for a violation of NYLL § 191(1)(a). 241 A.D. 2d 454 (2d Dept. 1997). This is a blatant misrepresentation of the holding in *IKEA*. In *IKEA*, the Second Department found that the employer "violated Labor Law § 191(1)(a) by failing to pay weekly wages to manual workers." *See id.* The opinion lacks any argument or finding as to the damages associated with a violation of § 191(1)(a). *See id.*

Since the *IKEA* decision clearly does not state that no private right of action exists, Defendant turns to the *Phillips* matter for its clearly erroneous interpretation of *IKEA*. *See* 115 N.Y.S.3d 866 (Suffolk Cnty. Ct. Dec. 12, 2019). *Phillips* centers on the incorrect proposition that: (1) NYLL § 198(1-a) requires the Commissioner of Labor to recover the full underpayment of wages in instituting an action on behalf of an employee; and (2) the Commissioner's failure to do so in *IKEA* means that violations of NYLL § 191 do not constitute underpayments for which damages are recoverable. *See* 115 N.Y.S. 3d at 869. However, this conclusion is fatally flawed as it relies upon the *current* drafting of NYLL § 198, which was not the effective version of NYLL § 198 when *IKEA* was decided. The language the *Phillips* court relied on was added to NYLL § 198 on November 24, 2009, more than twelve years *after IKEA* was decided. *See* Strengthening Wage and Hour Protections for Working People, 2009 Sess. Law News of N.Y. Ch. 372 (A. 6963). Since Phillips relied on the current version of § 198 and not the version of § 198 that was in effect when Ikea was decided, Phillips' reasoning was fatally flawed and should be disregarded by this Court.

Moreover, the *IKEA* court did not weigh the question of damages. The only issue on appeal was whether the employer had violated NYLL § 191 by paying their manual workers bi-weekly. Contrary to *IKEA*, the court in *Vega* directly addressed the issue determining that, "[NYLL] § 198 explicitly provides that individuals may bring suit against an employer for violations of the labor

laws, even if the Commissioner chooses not to." *Vega*, 175 A.D. 3d at 1147 (citing *AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6, 15 (2d Dept. 2008)).

In fact, at least one court within the Second Circuit cited *IKEA* as a basis for plaintiffs to recover damages under NYLL § 191(1)(a). *See Cuzco v. Orion Builders*, *Inc*., No. 06 Civ. 2789 (KMW)(THK), 2010 WL 2143662, at *4 (S.D.N.Y. May 26, 2010) (citing 241 A.D. 2d 454 (2d Dept. 1997)). In *Cuzco,* the court granted plaintiffs' motion for summary judgement on their NYLL § 191 claims as defendants did not pay manual workers weekly. Clearly, *Cuzco* interpreted the *IKEA* case to support a manual worker's right to recover under NYLL §191(1)(a). If there was no private right of action under NYLL § 191, then Judge Wood would not have had the authority to grant summary judgment and provide relief for such violation.

It is clear that *Vega* is the only Appellate Division case which directly addresses the issue at bar. As set below, Defendant cannot cite any authority which would persuade this Court that the Court of Appeals would find differently than the First Department in *Vega*.

## B.  The Weight of Authority Supports A Private Right of Action

Following *Vega*, courts in the Second Circuit have ruled that a private right of action does in fact exist for NYLL § 191 claims. *See, e.g. Sarit v. Westside Tomato, Inc.*, No. 18 Civ. 11524 (RA), 2020 WL 1891983, at *4 (S.D.N.Y. Apr. 16, 2020) (denying defendants' motion to dismiss NYLL § 191 claims); *Duverny v. Hercules Medical P.C.*, No. 18 Civ. 7652 (DLC), 2020 WL 1033048, at *6 (S.D.N.Y. Mar. 3, 2020) (denying defendant's motion for summary judgement as to plaintiff's NYLL § 191 claims); *Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020) (affirming the courts' prior ruling to deny defendant's motion to dismiss § 191 claims, and describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"); *see also Rojas v Hi-Tech Metals, Inc.*, No.

702847/2019, 2019 WL 4570161, at *3 (N.Y. Sup. Ct. Sept. 11, 2019) (denying defendant's motion to dismiss NYLL § 191 claims, and reasoning that affording a private right of action is consistent with the holding of the Court of Appeals in *Seymore Gottlieb v. Kenneth D. Laub & Company, Inc.*) (citing 82 N.Y. 2d 457 (1993)).

Furthermore, even before *Vega*, multiple courts in this circuit have found that a private right of action exists under NYLL § 191(1)(a). *See e.g. Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) (denying defendant's motion to dismiss § 191 claims); *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 404 (E.D.N.Y. 2015) (denying defendant's motion to dismiss NYLL § 191 claims); *Gonzales*, 2014 WL 1011070 at *9*Wang Kwong Ho v. Target Construction of NY Corp.*, No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510, at *14 (E.D.N.Y. Mar. 28, 2011) (awarding damages under NYLL § 191); *Cuzco*, 2010 WL 2143662, at *4 (granting plaintiffs' motion for summary judgment on their NYLL § 191 claims).

Other than the *Phillips* case, the only cases Defendant relies on were decided prior to *Vega*. The language in some of these cases is conflicting, demonstrating the lack of guidance from state courts on the issue. *See e.g. Belizaire v. RAV Investigative and Sec. Servs., Ltd.*, 61 F. Supp. 3d, 336, 360 n. 22 (S.D.N.Y. 2014) (awarding FLSA damages for untimely wage payments but noting, "[t]he NYLL *does not appear* to provide a similar remedy") (emphasis added); *Coley v. Vanguard*, No. 12 Civ. 5565 (PKC)(RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018) (finding that NYLL § 198 "*seems*" to not provide relief for late payment of wages") (emphasis added). As these courts suffered from a lack of definitive direction, they cannot be held to definitely contravene *Vega*, which directly stated that untimely wage payments are underpayments for which a plaintiff can recover. *See Vega*, 175 A.D. 3d at 1145.

Defendant further relies on pre-*Vega* cases which incorrectly find that no private right of action exists under NYLL § 191. For example, in *Hussain v. Pakistan Int'l Airlines*, the court equated a failure to pay timely wages with a recordkeeping violation. No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012). However, this clearly ignores the legislative intent of NYLL § 191(1)(a) whereby hourly manual workers must be paid within seven days of the end of their workweek. Failure to comply with the statute results in direct harm to an hourly manual worker. *See Vega*, 175 A.D. 3d at 1145. Similarly, both *Gardner v. D&D Electrical Const. Comp., Inc.* and *Hunter v. Planned Bldg. Servs., Inc.* cite *Hussain* to find that late payments do not afford a private right of action. No. 160249/2018, 2019 N.Y. Slip Op. 32389(U) (N.Y. Sup. Ct. Aug. 7, 2019); No. 715053/0217, 2018 N.Y. Slip Op. 31541 (N.Y. Sup. Ct. 2018).

Each of these cases argue that untimely wage payments do not constitute an underpayment of wages by comparing the requirements of NYLL § 191 to statutes requiring employers to provide lunch breaks and keep accurate internal records. *Id.* The key difference between these statutes and NYLL § 191, however, is that a failure to provide lunch breaks or keep internal records are not issues that are directly related to the payment of wages. On the other hand, NYLL § 191 lays out direct requirements to pay timely wages, meaning the late payment of wages constitutes an *underpayment* under New York law. *See Vega,* 175 A.D. 3d at 1145 (stating "the moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required"). These cases, which rely on statutes which do not relate to the payment of wages, should not be granted deference by the Court.

Finally, Defendant's construction of the legislative intent surrounding NYLL § 191 misses the mark. In attempting to frame the legislative history in their favor, Defendant cites cases from

the Court of Appeals that do not concern or address the NYLL. In doing so, Defendant ignores that the "sole purpose of [NYLL § 198]" is to "assist the enforcement of the wage payment [laws]" of the NYLL. *See Seymour Gottleib*, 82 N.Y. 2d at 463. Furthermore, it is unquestionable that the purpose of Article 6 of the NYLL is to "strengthen and clarify the rights of employees to the payment of wages." *See Angello v. Labor Ready, Inc.*, 7 N.Y. 3d 579, 584 (2006) (citing *Truelove v. Northeast Capital & Advisory,* 95 N.Y.2d 220 (2000); Mem. of Indus. Commr., June 3, 1966, Bill Jacket, L. 1966, ch. 548); *see also Hobart v. Mendelson*, 121 N.Y.S. 3d 509 (N.Y. App. Term 2020) (finding that manual workers are required to be paid weekly and that "'[t]he public policy of the State of New York ... is that the interest in enforcing wages and hours laws on behalf of all workers is paramount'") (quoting *Garcia v. Pasquareto*, 812 N.Y.S.2d 216, 217 (N.Y. App. Term 2004)).

In this regard, the provisions of NYLL Article 6 "compare favorably with those of any other state in the nation, [n]ot only are the rights and obligations of employees and employers presented in a clear fashion, but the extension of the provisions for *the prompt payment of wages*, and the requirement for wage statements to be given to employees and for record-keeping provide increased wage protection to employees of the State." *See Seymour Gottleib*, 82 N.Y. 2d at 461 (quoting Mem of Indus Commr, June 3, 1966, Bill Jacket, L 1966, ch 548) (emphasis added). Furthermore, the legislative intent behind Article 6 was to provide a "statutory remedy of an award of attorney's fees to a prevailing employee, as well as the liquidated damages remedy" for claims that are founded "on the substantive provisions of [NYLL] [A]rticle 6. *See id.*; *see also Truelove*, 95 N.Y. 2d at 223 ("Article 6 of the Labor Law sets forth a comprehensive set of statutory provisions enacted to strengthen and clarify the rights of employees to the payment of wages[,] [a]n employer who violates the requirements of [NYLL] [A]rticle 6 is subject to civil liability").

In creating NYLL § 191(1)(a), New York's legislature clearly identified manual workers as employees that are "dependent upon their wages for sustenance." *Vega* 175 A.D. 3d at 1146 (quoting *People v. Vetri,* 309 N.Y. 401, 405 (1955)), *see also People on Information of Gianoti v. Bloom*, 167 N.Y.S.3d 179 (City Ct. 1957)("the purpose of [NYLL § 191] [is] to protect the manual worker who was dependent upon the 'wages' he received weekly for this existence"). It would therefore contravene the clear intentions of the legislature for the Court to find that no private right of action exists, as it would leave Plaintiff with no recourse for the damages caused by Defendant's flagrant violation of the NYLL. *See Id.* at 1145 (finding that manual workers have been paid "less than what is required" when an employer fails to make timely wage payments).

Consequently, Defendant has offered this Court very little with which to contravene the First Department's decision in *Vega*, and the overall weight of authority supports Plaintiff's position that there is a private right of action under NYLL § 191(1)(a). Therefore, the Court should find that a private right of action exists under this statute.

## II.   DEFENDANT'S WAGE STATEMENTS VIOLATE NYLL § 195(3)

Last, Defendant moves to dismiss Plaintiff's claims under NYLL § 195(3), arguing that Plaintiff has not identified why the wage statements Defendant proffered are incorrect.

NYLL § 195(3) requires that, with every payment of wages, employees be furnished with a statement containing "the dates of work covered by that payment of wages…the number of regular hours workers, and the number of overtime hours worked" *See* NYLL § 195(3). Furthermore, the requirements of NYLL § 195(3) were put in by the legislature to "protect the rights of employees such as [p]laintiffs, and their procedural provisions are specifically designed to guard against the concrete harm that workers are subject to when they are mis- or uninformed regarding their rights." *See Hicks v. T.L. Cannon Management Corp.*, No 13 Civ. 06455 (EAW),

9

2018 WL 2440732, at \*5 (W.D.N.Y. Mar. 13, 2018) (declining to dismiss plaintiff's 195(3) claims). Furthermore, the New York Legislature "passed the WTPA to address studies showing that a large number of employees were not being paid the wages owed to them." *See Imbarrato v. Banta Management Services, Inc.*, No. 18 Civ. 5422, 2020 WL 1330744, at \*8 (S.D.N.Y. Mar. 20, 2020). It is clear that for wage statements to conform to NYLL 195(3), they must accurately inform an employee of their rights. *See Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 469 (E.D.N.Y. 2015) (holding that the purpose of the Wage Theft Prevention Act was to keep employees properly appraised of their rights, and paystubs that reflect an incorrect wage do not satisfy NYLL § 195(3)).

As discussed, *supra* Plaintiff was underpaid due to untimely wage payments. Furthermore, Defendant did not provide Plaintiff with wage statements which reflected her entitlement to weekly wages, as these statements did not show the number of hours worked per week. *See* ECF No. 1-1. If Defendant was to comply with NYLL § 195(3), they would have to issue their manual workers weekly wage statements. Defendant's failure to do so leads Plaintiff and her similarly situated manual workers to being misinformed about their right to timely payment of wages. As Defendant failed to issue wages statements on a weekly basis, they have violated NYLL § 195(3), and the Court should not dismiss this claim. *See* ECF No. 1-1.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss should be denied in its entirety.

Dated:  New York, New York
        September 14, 2020

                                                   Respectfully submitted,

                                                   /s/ Brian S. Schaffer
                                                   Brian S. Schaffer

                                                   **FITAPELLI & SCHAFFER, LLP**
                                                   Brian S. Schaffer
                                                   Hunter G Benharris
                                                   28 Liberty Street
                                                   New York, New York 10005
                                                   Telephone: (212) 300-0375

                                                   *Attorneys for the Plaintiff and*
                                                   *putative class*