UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIGETTE MABE, individually and on behalf
of all others similarly situated,

                              **Plaintiff,**

   v.                                                  1:20-cv-00591

WAL-MART ASSOCIATES, INC.,

                              **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the two claims asserted in Plaintiff's Complaint.  Dkt. No. 12.  Plaintiff opposes the motion, Dkt. No. 18, and Defendant filed a reply. Dkt. No. 19.  Plaintiff also recently filed supplemental authority for its opposition, Dkt. Nos. 20, 21, which the Court has considered.

**II.    STANDARD OF REVIEW**

The Court applies the well-known Rule 12(b)(6) standard of review, and need not restate it here.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

1

## III. BACKGROUND[1]

Plaintiff has worked for Defendant as a cashier at a store in the Town of Catskill, Greene County, New York since November 19, 2019. Compl. ¶¶ 3, 9, 31-32. Defendant pays Plaintiff her wages on a bi-weekly basis. Compl. ¶¶ 4, 34-36. Plaintiff seeks to "recover untimely wage compensation and other damages for Plaintiff and similar hourly cashiers, front end associates, stockers, receiving associates, sales associates, and other similar manual labor positions (collectively, "Manual Workers") who work or have worked as manual workers" for Defendant from May 29, 2014 to the present. Compl. ¶¶ 1, 21. Plaintiff does not allege that Defendant failed to pay her any portion of wages due for her labor. Nor does Plaintiff allege that Defendant wrongfully deducted any portion of her wages. Instead, Plaintiff's Class Action Complaint alleges that Defendant violated New York Labor Law ("NYLL") by paying her wages on a bi-weekly (rather than weekly) basis, and by furnishing wage statements containing the total hours worked for each pay period (rather than on a weekly basis). *See generally*, Compl.

Plaintiff's Complaint asserts two causes of action. First, Plaintiff claims that Defendant violated NYLL § 191(1)(a) by failing to pay her and the putative class members their wages within seven calendar days after the end of the week in which these wages were earned, rather than on a bi-weekly basis. Compl. ¶ 5; *see also id.* ¶¶ 6, 34-36, 39-42. The Complaint asserts that "[d]ue to Defendant's violations of [NYLL § 191(1)(a)], Plaintiff and the New York Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs,

---

[1] For purposes of this motion, the Court accepts as true the well-pleaded allegations of the Complaint.

2

and pre-judgment and post-judgment interest as provided for by NYLL § 198." Compl. ¶ 42.

Second, Plaintiff claims that Defendant failed to provide her with accurate wage statements, in violation of NYLL § 195(3). Compl. ¶¶ 43-45; *see also id.* ¶¶ 37-38. In this regard, Plaintiff asserts: "Throughout her employment, Defendant failed to provide Mabe with wage statements specifying the amount of hours she worked per week." Compl. ¶ 37. The Complaint asserts that "[d]ue to Defendant's violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198." Compl. ¶ 45.

### III. DISCUSSION

#### (1) Frequency of Pay Claim (First Cause of Action)

New York Labor Law § 191(1)(a)(i) provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned[.]" NYLL § 191(1)(a)(i). Defendant does not dispute for purposes of ths motion that Plaintiff is a manual worker, but points out that there are no allegations in the Complaint that Plaintiff was not paid in full for all work performed. Defendant argues that § 191(1)(a)(i) does not provide a private right of action for untimely paid wages where, as here, the plaintiff does not allege unpaid wages. Dkt. No. 12-1 at 4. Further, Defendant contends that the New York State Legislature vested exclusive responsibility to police violations of this provision in the Commissioner of the Department of Labor. *Id.* at 4-5

(citing NYLL § 191(1)(a)(ii) (commissioner may authorize large employers to pay less frequently than weekly); *IKEA U.S., Inc. v. Indus. Bd. of Appeals*, 241 A.D.2d 454, 455, 660 N.Y.S.2d 585, 586 (N.Y. App. Div., 2d Dep't 1997)(upholding Labor Commissioner's determination, after an administrative hearing, that employer violated N.Y. Lab. Law §191(1)(a) by paying manual workers bi-weekly instead of weekly)). Defendant asserts that "[n]owhere is an employee authorized to bring an action to recover liquidated damages and other relief simply because an employer does not comply with N.Y. Lab. Law § 191(1)(a)." *Id.* at 5 (citing *Hussain v. Pak. Int'l Airlines Corp.*, No. 11-cv-932, 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y. Oct. 23, 2012)(no private right of action exists for mere frequency of pay violation under N.Y. Lab. Law § 191(1)(a)(i)); *Hunter v. Planned Bldg. Servs., Inc.*, No. 715053/2017, 2018 N.Y. Misc. LEXIS 2896, at *3 (N.Y. Sup. Ct., Queens Cty. June 11, 2018) (same); *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787, at *42 (E.D.N.Y. Mar. 27, 2018)(granting motion to dismiss, holding that, while FLSA includes a prompt payment requirement, "[t]he NYLL does not appear to provide a similar remedy")(citation omitted); *Phillips v. Max Finkelstein, Inc.*, 66 Misc. 3d 514, 115 N.Y.S.3d 866, 867-69 (N.Y. Sup. Ct., Suffolk Cty. 2019) (no private right of action exists for mere frequency of pay violation under N.Y. Lab. Law § 191(1)(a)(i)).

Defendant maintains that Plaintiff's claim is not salvaged by NYLL § 198 because that statute, insofar as relevant here, sets forth remedies available to employees only in connection with the "underpayment of wages." *Id*. (citing NYLL § 198(1-a)). Section 198 states in relevant part:

4

> In any action instituted in the courts upon a wage claim by an employee … in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer provides a good faith basis to believe that its underpayment of wages was in compliance with the law, and additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due[.]

NYLL § 198(1-a). Defendant argues that by its terms, § 198(1-a) provides for the recovery of damages for a successful claim of unpaid wages — not wages that are untimely paid, and cites several cases for this proposition. *See* Dkt. 12-1 at 6.

Defendant contends that case law in this area "is not uniform," and asserts that New York State trial and appellate courts in the First and Second Departments are divided on whether to recognize a private right of action for frequency of pay violations, notwithstanding that all wages are paid. *Id.* at 7 *(comparing Vega v. CM & Assocs. Constr. Mgt., LLC*, 175 A.D.3d 1144, 1145-47, 107 N.Y.S.3d 286, 287-89 (N.Y. App. Div., 1st Dep't Sept. 10, 2019) (N.Y. Lab. Law § 198(1-a) provides a private right of action for a violation of N.Y. Lab. Law § 191), *with Phillips*, 115 N.Y.S.2d at 869-70 ("this court is not bound to follow the rule of law enunciated in *Vega*," based upon its interpretation of "the *IKEA* case from the Appellate Division, Second Department," and noting that "[t]his court's ruling accords with the ruling of local federal courts that have addressed the same issue").

Further, Defendant argues:

> In New York, a statute contains an implied right of action "only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, 979 N.Y.S.2d 257, 262, 2 N.E.3d 221, 226 (N.Y. 2013) (internal citation & quotation marks omitted). Courts consider three factors in determining if this standard is met: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a

5

> private right of action would promote the legislative purpose; and (3) whether
> creation of such a right would be consistent with the legislative scheme."
> *Sheehy v. Big Flats Cmty. Day, Inc.*, 73 N.Y.2d 629, 541 N.E.2d 18, 20, 543
> N.Y.S.2d 18 (N.Y. 1989). "Critically, all three factors must be satisfied before
> an implied private right of action will be recognized." *Haar v. Nationwide Mut.
> Fire Ins. Co.*, 34 N.Y.3d 224, 229, 138 N.E.3d 1080, 1084, 115 N.Y.S.3d
> 197, 200 (N.Y. 2019)(citation omitted). The third factor is the "most critical,"
> *Carrier v. Salvation Army*, 88 N.Y.2d 298, 667 N.E.2d 328, 329, 644
> N.Y.S.2d 678, 681 (N.Y. 1996), because a private right of action "should not
> be judicially sanctioned if it is incompatible with the enforcement mechanism
> chosen by the Legislature or with some other aspect of the over-all statutory
> scheme." *Sheehy*, 73 N.Y.2d at 635, 541 N.E.2d at 21.

*Id.* at 8-9.

Plaintiff counters that the First Department's ruling in *Vega* finding that a private right of action exists under NYLL § 191 for the untimely payment of wages is "truly the only intermediate appellate court decision on this issue, and should guide the Court's ruling on this matter." Dkt. No. 18 at 2-3 (citing *Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No 58, (E.D.N.Y. Feb. 5, 2020)(attached as Plt. Ex. A)(finding that *Vega* is the "lone decision from an intermediate court" regarding whether there is a private right of action under NYLL § 191).  Thus, Plaintiff argues, *Vega* controls in this action because "[w]hen there is no case law from the Court of Appeals on an issue of state law, federal courts follow the rulings of the state appellate courts." *Id.* at 3 (citing *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)("rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise'")(quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).  Plaintiff further argues that *IKEA* is not counter to *Vega* because the *IKEA* opinion lacks any argument or finding as to the damages associated with a violation of §

6

191(1)(a), and *Phillips*, "which is the only decision to ever find that *IKEA* stands for the preclusion of a private right of action under NYLL §191, is clearly erroneous" because *Phillips* relied on the current version of NYLL § 198 whereas *IKEA* was decided under a previous version of § 198. *Id.* at 2-4.  Plaintiff also argues that the pre-*Vega* cases cited by Defendant for the proposition that no private right of action exists under NYLL § 191 were incorrectly decided, or contain imprecise language whether a remedy is available ("does not appear to provide," "seems" not to provide) "demonstrating the lack of guidance from state courts on the issue." *Id.* at 6-7.  Plaintiff also addresses the *Sheehy* factors, although not specifically referencing *Sheehy,* and contends that "the overall weight of authority supports Plaintiff's position that there is a private right of action under NYLL § 191(1)(a)." *Id.* at 7-9.

"As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts ... in the absence of any contrary New York authority or other persuasive data establishing that the highest court of the state would decide otherwise." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199-200 (2d Cir. 2005)(quoting *West*, 311 U.S. at 237, and *Pentech Int'l, Inc. v. Wall St. Clearing Co.*, 983 F.2d 441, 445 (2d Cir.1993))(internal quotes and brackets omitted); *see DiBella*, 403 F.3d at 112 ("[R]ulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'")(quoting *West*, 311 U.S. at 237 ); *see also Reddington v. Staten Island Univ. Hospital*, 511 F.3d 126, 133 (2d Cir. 2007) ("Decisions of New York's intermediate appellate courts are

7

helpful indicators of how the Court of Appeals would decide, but [federal courts] are not strictly bound by decisions of the Appellate Division, particularly when [federal courts] . . . have persuasive data that the Court of Appeals would decide otherwise."). "Where the substantive law of the forum state is uncertain or ambiguous, the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity." *Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 199 (2d Cir. 2003))(quotation marks and citations omitted); *Reddington*, 511 F.3d at 133 (similar). The "fullest weight" must be given "to the decisions of a state's highest court . . . and proper regard to the decisions of a state's lower courts." *Phansalkar*, 344 F.3d at 199 (internal quotation marks and citation omitted).

Here, the First Department's decision in *Vega* is directly on point to the matter raised in Plaintiff's First Cause of Action. In *Vega*, the Court addressed a claim by a plaintiff who, like Plaintiff here, was paid her wages on a biweekly basis in violation of § 191(1)(a) "which requires weekly payment of manual workers," and who sought to recover liquidated damages, as well as interest and reasonable attorney's fees, pursuant to § 198(1-a). *Vega*, 175 A.D.3d at 1144–45. The *Vega* Court noted that § 198 (1-a) applies to "'wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6.'" *Id.* at 1145 (quoting *Gottlieb v Kenneth D. Laub & Co.*, 82 NY2d 457, 459 (NY 1993). The Court found:

> The purpose of section 198 (1-a) is "enhancing enforcement of the Labor Law's substantive wage enforcement provisions" ([*Gottlieb*, 82 NY2d] at 463; *see generally Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 615 [2008]), and contrary to defendant's argument that section 198 provides remedies only in the event of nonpayment or partial payment of wages (but not in the event of late payment of wages), the plain language of the statute

8

>indicates that individuals may bring suit for any "wage claim" against an employer. The remedies provided by section 198 (1-a) apply to "violations of article 6" (*Gottlieb*, 82 NY2d at 463), and section 191(1)(a) is a part of article 6.

*Id.*

The *Vega* Court held that the term underpayment as used in § 198(1-a) "encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action." *Id.* The Court found that the word "underpayment," deriving from the verb "underpay," means to "pay less than what is normal or required." *Id.* (citing Merriam-Webster's Collegiate Dictionary 1364 (11th ed. 2012)). The Court held that "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." *Id*.

The Court rejected the "defendant's implicit attempt to read into section 198(1-a) an ability to cure a violation and evade the statute by paying the wages that are due before the commencement of an action." *Id.* The Court indicated that an employer "may assert an affirmative defense of payment if there are no wages for the 'employee to recover' (Labor Law § 198 [1-a])," but that "payment does not eviscerate the employee's statutory remedies." *Id.*

The Court analogized the liquidated damages provision of the Labor Law to the same under the Fair Labor Standards Act of 1938 ("FLSA"). With regard to the latter, the *Vega* Court noted that the Supreme Court "has held that, regardless of whether an employee has been paid wages owed before the commencement of the action, the statute provides a liquidated damages remedy for the 'failure to pay the statutory minimum on

9

time,' in order to provide 'compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages.'" *Id.* at 1145-46 (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). The Court found that "Labor Law § 198 (1-a), although not identical to the FLSA liquidated damages provision (29 USC § 216 [b]), has 'no meaningful differences, and both are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed.'" *Id.* at 1146 (quoting *Rana v Islam*, 887 F3d 118, 123 (2d Cir. 2018)(internal quotation marks omitted). Accordingly, the Court found that "liquidated damages may be available under Labor Law § 198 (1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages." *Id.* The Court stated in a footnote:

> The legislative history of the 1967 amendment to section 198 reflects that in addition to imposing "stronger sanctions" to compel employer compliance, "[t]he imposition of liquidated damages will also compensate the employee for the loss of the use of the money to which he was entitled" (Governor's Approval Mem, Bill Jacket, L 1967, ch 310; 1967 N.Y. Legis Ann at 271). The employee loses the use of money whether he or she is never paid, partially paid, or paid late.

*Id.* at n. 2.

The *Vega* Court then held that "Labor Law § 198 (1-a) expressly provides a private right of action for a violation of Labor Law § 191," finding that "Defendant's position that no private right of action exists is dependent on its erroneous assertion that the late payment of wages is not an underpayment of wages." *Id.* The Court also found that

> even if Labor Law § 198 does not expressly authorize a private action for violation of the requirements of Labor Law § 191, a remedy may be implied since plaintiff is one of the class for whose particular benefit the statute was enacted, the recognition of a private right of action would promote the

10

> legislative purpose of the statute and the creation of such a right would be consistent with the legislative scheme (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]; *see also Rhodes v Herz*, 84 AD3d 1 [1st Dept 2011], *lv dismissed* 18 NY3d 838 [2011]). Here, plaintiff is a "manual worker" as defined by the statute, and allowing her to bring suit would promote the legislative purpose of section 191, which is to protect workers who are generally "dependent upon their wages for sustenance" *(see People v Vetri*, 309 NY 401, 405 [1955], citing former Labor Law § 196), and section 198, which was enacted to deter abuses and violations of the labor laws (*see P & L Group v Garfinkel*, 150 AD2d 663, 664 [2d Dept 1989] [section 198 "reflect(s) a strong legislative policy aimed at protecting an employee's right to wages earned"]). It would also be consistent with the legislative scheme, as section 198 explicitly provides that individuals may bring suit against an employer for violations of the labor laws, even if the Commissioner chooses not to do so (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 15 [2d Dept 2008]).

*Id.* at 1146–47.

Following *Vega*, numerous courts in the Second Circuit have ruled that a private right of action exists for NYLL § 191 claims. *See, e.g., Sorto v. Diversified Maint. Sys., LLC*, No. 20-CV-1302(JS)(SIL), 2020 WL 7693108, at *2–3 (E.D.N.Y. Dec. 28, 2020)(overruling the defendant's objection contending that the magistrate judge erred in relying on *Vega* to conclude that NYLL § 198 provides a private right of action for a violation of NYLL § 191)*; Quintanilla v. Kabco Pharmaceuticals,* 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (Apr. 17, 2020 Oral Argument Trans.) (E.D.N.Y.)(Attached as EX. A to Plt. Supplemental Authority, Dkt. No. 20)(Judge Chen indicated that she was revisiting and not following her decision in *Coley*[2] "in light of the *Vega* decision," and denied defendants' motion to dismiss the plaintiff's NYLL § 191 frequency payment claim); *Duverny v.*

---

[2]*See Coley v. Vannguard Urban Improvement Ass'n, Inc*., No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787, at *42 (E.D.N.Y. Mar. 27, 2018)(granting motion to dismiss a NYLL § 191(1)(a) claim, holding that, while FLSA includes a prompt payment requirement, "[t]he NYLL does not appear to provide a similar remedy")(citation omitted).

11

*Hercules Medical P.C.*, No. 18 Civ. 7652 (DLC), 2020 WL 1033048, at *6 (S.D.N.Y. Mar. 3, 2020) (denying defendant's motion for summary judgement as to plaintiff's NYLL § 191 claims); *Scott v. Whole Foods Market Group, Inc*., No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020)(affirming the courts' prior ruling denying defendant's motion to dismiss § 191 claims, and describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"); *see also Rojas v Hi-Tech Metals, Inc.*, No. 702847/2019, 2019 WL 4570161, at *3 (N.Y. Sup. Ct. Sept. 11, 2019) (denying defendant's motion to dismiss NYLL § 191 claims, and reasoning that affording a private right of action is consistent with the holding of the Court of Appeals in *Seymore Gottlieb v. Kenneth D. Laub & Company, Inc*., 82 N.Y. 2d 457 (NY 1993)).

      Defendant argues that the Second Department's decision in *IKEA* contradicts *Vega*. The Court disagrees with this argument at this time.  In *IKEA,*  the Appellate Division determined that the Labor Commissioner's determination, made after a hearing, that an employer violated § 191(1)(a) by paying manual workers bi-weekly instead of weekly, was supported by substantial evidence. *See IKEA*, 241 A.D.2d at 455, 660 N.Y.S.2d at 586 ("The testimony of the petitioner's manager of Human Resources clearly established that the petitioner employed 'manual workers' within the meaning of Labor Law § 190(4), and that the petitioner violated Labor Law § 191(1)(a) by paying wages to those employees pursuant to the petitioner's system-wide bi-weekly payroll scheme, rather than paying them weekly as required by the statute.")(citation omitted).  *IKEA* did not address whether a private right of action existed or the nature of available damages, liquidated or otherwise, that could be imposed for a violation of § 191(1)(a).  *IKEA* also did not address

the proper statute for the enforcement of a § 191(1)(a) violation.  While Defendant contends in its moving brief that NYLL § 218(1)[3] provides the proper enforcement mechanism for such a violation, Dkt. 12-1 at 9, it argues for the first time in its reply that in the administrative proceeding underlying *IKEA,* the Commissioner assessed a $200 civil penalty against IKEA and invoked NYLL § 218 as the statutory authority for that civil penalty.  *See* Dkt. 19 at 5.[4]  Thus, Defendant asserts in its reply:

> Plaintiff's attempt to distinguish *IKEA* misses the point. (*See* Pl. Mem. at 4-5.)  *IKEA* is apposite because the Commissioner found that his recourse and remedy for the employer's § 191(1)(a) violation was derived neither from that statute nor § 198, but from N.Y. Lab. Law § 218.  By upholding the Commissioner's order, therefore, the Second Department's decision in *IKEA* conflicts with the First Department's decision in *Vega*, which holds that § 198 (and, in the alternative, § 191) provides a remedy and recourse for a § 191(1)(a) violation. *See Vega*, 175 A.D.3d at 1144-47, 107 N.Y.S.3d at 287-89.

Dkt. No. 19 at 6.

"It is well-established that '[a]rguments may not be made for the first time in a reply brief.'" *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18CV0086SJFAKT, 2019 WL 1559424, at *5 (E.D.N.Y. Apr. 9, 2019)(quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)).  If a party does so, it deprives the non-movant of an opportunity to respond and "the court may choose not to consider those arguments." *Id.* (citing *Mascol v. E & L Transp., Inc.*, no.

---

[3] NYLL § 218(1) provides in pertinent part that "[i]f the commissioner determines that an employer has violated a provision of article six (payment of wages), . . . the commissioner shall issue to the employer an order directing compliance therewith . . . In addition to directing payment of wages, benefits or wage supplements found to be due, and liquidated damages in the amount of one hundred percent of unpaid wages, such order, if issued to an employer who previously has been found in violation of those provisions, rules or regulations, or to an employer whose violation is willful or egregious, shall direct payment to the commissioner of an additional sum as a civil penalty in an amount not to exceed double the total amount of wages, benefits, or wage supplements found to be due.

[4] In connection with the reply brief, Defendant provides the Order of the Labor Commissioner in the *IKEA* matter.  *See* Greenberg Decl., Ex. C.

13

03-3343, 2005 WL 1123936, at *12 (E.D.N.Y. May 9, 2005); *Fairfield Fin. Mortg. Grp., Inc. v. Luca*, 584 F. Supp. 2d 479, 485 n.2 (E.D.N.Y. 2008) (collecting cases)).  While the Court could choose to ignore Defendant's reply brief argument regarding *IKEA,* or reject the argument outright, it opts to hear from Plaintiff whether the newly-asserted facts underlying the *IKEA* matter represents New York authority contrary to that in *Vega* that would persuade the Court to conclude that the New York Court of Appeals would not accept the holding in *Vega*.

Furthermore, Defendant has presented new arguments in its reply concerning the *Sheehy* factors, including an expansive review of the legislative history of NYLL §§ 191 and 198, *see* Exh. A & B to Greenberg Declr., and material purportedly indicating that "[t]ime and again, the Department of Labor has opined that the sanction for a § 191(1)(a) violation is a civil penalty imposed by the Commissioner under N.Y. Lab. Law § 218." Dkt. 19 at 3-4.  The Court also opts to hear from Plaintiff whether these new arguments based on the newly cited material represents data that would persuade the Court to conclude that the New York Court of Appeals would not accept the holding in *Vega*, or to conclude that the *Sheehy* factors compel a decision contrary to that reached in *Vega*.

For these reasons, Defendant's motion addressed to the First Cause of Action is denied with leave to renew.

**(2) Wage Notice Claim (Second Cause of Action)**

Defendant contends that Plaintiff's Second Cause of Action is meritless because NYLL § 195(3) requires only that wage statements be furnished with every payment of wages and contain certain specific information.  Defendant asserts that the wage

14

statements at issue, a copy of one of which is attached to the Complaint, comply with these requirements.

Section 195(3) requires each wage statement furnished by an employer to include: (1) the dates the payment of wages covers; (2) the name of both the employee and employer; (3) the employer's address and telephone number; (4) the rate and basis of pay; (5) gross wages; (6) deductions; (7) allowances (if applicable); and (8) net wages. Additionally, if the recipient is a non-exempt employee, the wage statement should include "the number of regular hours worked, and the number of overtime hours worked," with overtime rate (if applicable). *See* N.Y. Lab. Law § 195(3).  Here, it is undisputed that Defendant gave Plaintiff a wage statement with every bi-weekly payment of wages. As Plaintiff's wage statement attached as Exhibit A to the Complaint reveals, her wage statements contain all information required by § 195(3). Exhibit A reveals it (1) gives the pay period dates of November 23, 2019 through December 6, 2019; (2) states Plaintiff's and Defendant's names; (3) gives Walmart's address of 702 S.W. 8th Street 2351 Bentonville, AR 72716 and phone number of (479) 273-4000; (4) states Plaintiff's rate of pay at $13.50 per hour, designation as an hourly employee, and total hours worked during the pay period; (5) states gross wages; (6) states deductions; (7) states allowances (which appear inapplicable); and (8) states net wages.

Contrary to Plaintiff's allegations, § 195(3) does not require that wage statements be furnished on a weekly basis or provide a breakdown of how many hours an employee works "per week." *See* Compl. ¶¶ 37-38. Courts have found that § 195(3) only requires that wage statements be provided with every payment of wages and contain specific information. *See Hunter*, 2018 N.Y. Misc. LEXIS 2896, at *8-*9 ("While defendant failed to

15

provide wage statements on a weekly basis, the statute only requires that wage statements be furnished to employees with every payment of wages and provide specific information."); *see also Rojas v. Hi-Tech Metals, Inc.*, 2019 N.Y. Misc. LEXIS 5046 at *9-*10 (N.Y. Sup. Ct., Queens Cty. Sept. 9, 2019) (dismissing N.Y. Lab. Law § 195(3) claim because allegations that the wage statements were to be provided weekly due to the frequency of payment rules set forth in N.Y. Lab. Law § 191(1)(a) is not supported by a plain reading of N.Y. Lab. Law § 195(3)).  Thus, Plaintiff's Second Cause of Action will be dismissed.

## IV.    CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, Dkt. No. 12, is **GRANTED in part and DENIED in part**.  The motion is granted to the extent that the Second Cause of Action in the Complaint is **DISMISSED**.  The motion is denied to the extent Defendant seeks to dismiss the First Cause of Action, and Defendant is granted leave of thirty (30) days from the date this Decision and Order is entered to renew this portion of its motion.

**IT IS SO ORDERED.**

Dated: March 18, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

16