UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                                              :

BRIGETTE MABE, individually and on behalf of   :
all others similarly situated,                          : Case No. 1:20-cv-00591 (TJM)(CFH)
                                                             :
                        Plaintiff,                :
                                                             :
   -against-                                                 :
                                                             :
WAL-MART ASSOCIATES, INC.,                      :
                                                             :
                       Defendant.             :
-------------------------------------- X

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
Tel: (518) 689-1400
Fax: (518) 689-1499

*Attorneys for Defendant
Wal-Mart Associates, Inc.*

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ........................................................................................1

I.    NO PRIVATE CAUSE OF ACTION EXISTS UNDER
      N.Y. LABOR LAW § 191(1)(a)..............................................................................2

II.   DEFENDANT'S WAGE STATEMENTS DO NOT VIOLATE
      N.Y. LABOR LAW § 195(3) ................................................................................10

CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*City of New York v. Golden Feather Smoke Shop, Inc.*,
    597 F.3d 115 (2d Cir. 2010)............................................................................................3

*Duverny v. Hercules Medical P.C.*,
    No. 18 Civ. 7652 (DLC), 2020 U.S. Dist. LEXIS 37547 (S.D.N.Y. Mar. 3,
    2020) .................................................................................................................................6

*Molinari v. Bloomberg*,
    596 F. Supp. 2d 546 (E.D.N.Y. 2009), *aff'd,* 564 F.3d 587 (2d Cir. 2009)................................3

*Perez-White v. Advanced Dermatology of New York P.C.*, No. 155133/2017, 2016
    U.S. Dist. LEXIS 120642, (S.D.N.Y. Sept. 7, 2016).....................................................8

*Phansalkar v. Andersen Weinroth & Co.*,
    344 F.3d 184 (2d Cir. 2003).............................................................................................2

*Philadelphia Indemnity Insurance Co. v. Indian Harbor Insurance Co.*,
    434 F. Supp. 3d 4 (E.D.N.Y. 2020) ................................................................................2

*Reddington v. Staten Island University Hospital*,
    511 F.3d 126 (2d Cir. 2007)........................................................................................2, 3

*Sarit v. Westside Tomato, Inc.*,
    No. 18 Civ. 11524 (RA), 2020 U.S. Dist. LEXIS 674040 (S.D.N.Y. Apr. 16,
    2020) .................................................................................................................................6

*Scott v. Whole Foods Market Group, Inc.*,
    No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58 (E.D.N.Y. Feb. 2020).......................6

**State Cases**

*Fearon-Gallimore v. Gottlieb*,
    2017 NY Slip Op 32822[U], 2017 N.Y. Misc. LEXIS 5354 (N.Y. Sup. Ct.,
    N.Y. Cty. Mar. 5, 2017)...................................................................................................8

*Ikea U.S., Inc. v. Industrial Board of Appeals*,
    241 A.D.2d 454, 660 N.Y.S.2d 585 (2d Dep't 1997).............................................5, 6

*Kruty v. Max Finkelstein, Inc.*,
    No. 6166616-2017, 2019 N.Y. Misc. LEXIS 6623 (N.Y. Sup. Ct., Suffolk
    Cty. Dec. 12, 2019)...........................................................................................................5

*Phillips v. Max Finkelstein, Inc.*,
   66 Misc. 3d 514, 115 N.Y.S.3d 866 (N.Y. Sup. Ct., Suffolk Cty. 2019) .................................5

*Sheehy v. Big Flats Community Day, Inc.*,
   73 N.Y.2d 629, 541 N.E.2d 18, 543 N.Y.S.2d 18 (N.Y. 1989) .........................................1, 3, 6

*Vega v. CM & Associates Construction Management, LLC*,
   175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019). .................................................. *passim*

**Federal Rule**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................................1

**State Statutes**

N.Y. Lab. Law § 10 ..........................................................................................................................3, 4

N.Y. Lab. Law § 11 .............................................................................................................................4

N.Y. Lab. Law § 191 ................................................................................................................. *passim*

N.Y. Lab. Law § 195(3)..................................................................................................................1, 10

N.Y. Lab. Law § 196(2)........................................................................................................................6

N.Y. Lab. Law § 197 ............................................................................................................................4

N.Y. Lab. Law § 198 ................................................................................................................. *passim*

N.Y. Lab. Law § 218 ....................................................................................................................4, 5, 6

**Other Authorities**

*Request for Opinion Frequency of Payment — Labor Law § 191,* New York
   Department of Labor, Office of General Counsel Opinion RO-07-0041 (May
   8, 2007),
   https://labor.ny.gov/legal/counsel/pdf/Frequency%20of%20Pay%20%28Sec.
   %20191%29/RO-07-0041%20-%20Frequency%20of%20Pay%20-
   %20Foreign%20Corp.pdf .............................................................................................................4

*Sheng Wang Zhang and Century Diner Buffet, Inc.,* Docket No. PR 12-180 (N.Y.
   Indus. Bd. of App. July 13, 2016),
   https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-12-
   180.pdf ..........................................................................................................................................4

Defendant Wal-Mart Associates, Inc. ("Defendant") submits this Reply Memorandum of Law in further support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Brigette Mabe's ("Plaintiff") Complaint ("Complaint").

**PRELIMINARY STATEMENT**

Plaintiff's Opposition Memorandum of Law ("Pl. Mem.") relies on conclusory arguments and misleading assertions, rather than an application of settled law to the statutes on which her two causes of action are based. With respect to N.Y. Lab. Law § 191(1)(a), for example, this Court has to predict whether the New York Court of Appeals would find a private right of action for a mere frequency of pay violation, without an underpayment of wages, by applying the *Sheehy* test to the statute. But Plaintiff ignores the Court of Appeals' jurisprudence, fails to cite *Sheehy* and its progeny, and cherry-picks sharply divided lower court decisions. Similarly, rather than address the actual text and legislative history of §§ 191(1)(a) and 198(1-a), Plaintiff imagines a legislative intent that defies these statutes' plain language and historical development. Because the New York Court of Appeals would not find a private right of action under the *Sheehy* test, Plaintiff's First Cause of Action fails.

Likewise meritless is Plaintiff's Second Cause of Action, which alleges that the wage statements she received on a bi-weekly basis violated N.Y. Lab. Law § 195(3). This Court should decline Plaintiff's invitation to break new ground and be the first court (state or federal) to hold that § 195(3) requires employers to furnish manual workers wage statements on a weekly basis and provide a breakdown of how many hours an employee works "per week." No such requirement is in the statute. And every court that has considered Plaintiff's interpretation of § 195(3) has rejected it. This Court should do the same.

1

I.  **NO PRIVATE CAUSE OF ACTION EXISTS UNDER N.Y. LABOR LAW § 191(1)(a)**

Plaintiff's Opposition Memorandum of Law serves only to confirm what Defendant pointed out in its Opening Memorandum of Law ("Def. Mem."): New York state and federal courts are divided over whether N.Y. Lab. Law § 191 creates a private right of action for a mere frequency-of-pay violation, without an underpayment of wages. (Pl. Mem. 2-7.) Plaintiff urges this Court to ignore that division and simply defer to a recent decision of an intermediate state appellate court: *Vega v. CM & Associates Construction Management, LLC,* 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019). (Pl. Mem. at 3-5.) But even if *Vega* were the only word on the issue — and it is not — the "[d]ecisions of a state's intermediate and lower courts [construing state law] are not binding on the federal courts." *Phila. Indem. Ins. Co. v. Indian Harbor Ins. Co.,* 434 F. Supp. 3d 4, 10 (E.D.N.Y. 2020).

This Court's task in addressing an uncertain or ambiguous question of New York law is to predict how the New York Court of Appeals would resolve it. *Phansalkar v. Andersen Weinroth & Co.,* 344 F.3d 184, 199 (2d Cir. 2003) ("Where the substantive law of the forum state is uncertain or ambiguous, the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity.") (quotation marks and citations omitted); *Reddington v. Staten Island Univ. Hospital,* 511 F.3d 126, 133 (2d Cir. 2007) (similar). The "fullest weight" must be given "to the decisions of a state's highest court . . . and proper regard to the decisions of a state's lower courts." *Phansalkar,* 344 F.3d at 199 (internal quotation marks and citation omitted). "Decisions of New York's intermediate appellate courts are helpful indicators of how the Court of Appeals would decide, but [federal courts] are not strictly bound by decisions of the Appellate Division, particularly when [federal courts] . . . have persuasive data that the Court of Appeals would decide otherwise." *Reddington,* 511 F.3d at 133 (internal

2

quotation marks and citation omitted); *see also City of N.Y. v. Golden Feather Smoke Shop, Inc.,* 597 F.3d 115, 126 (2d Cir. 2010) (certifying state law tax questions despite Appellate Division, Fourth Department decision that directly addressed those issues).

Applying this analysis to N.Y. Lab. Law § 191, the New York Court of Appeals would hold that the statute does not create a private right of action under the applicable three-part test set forth in *Sheehy v. Big Flats Community Day, Inc.,* 73 N.Y.2d 629, 541 N.E.2d 18, 543 N.Y.S.2d 18 (N.Y. 1989). *See Molinari v. Bloomberg,* 596 F. Supp. 2d 546, 578 (E.D.N.Y. 2009) (recognizing *Sheehy* test for private rights of action), *aff'd,* 564 F.3d 587 (2d Cir. 2009). Plaintiff does not even cite *Sheehy,* let alone apply its test to § 191 (or § 198). This is because the statutory language, its legislative history, and the legislative scheme, make clear that an employee's only recourse for a technical violation of § 191(1)(a)(i) is through the Commissioner of the New York Department of Labor — not the courts.

By its terms, § 191(1)(a)(i) establishes a weekly wage rule for manual workers. It does not purport to do more. Not a word of the statute implies that the Legislature intended for it to establish a private right of action.

Legislative history confirms that the Legislature never intended to set forth in § 191 a remedy as well as a rule. The parallel evolution of § 191 and § 198 over 130 years establishes that the available remedies for a violation of § 191 are in other sections of the Labor Law. (*See* Exhs. A & B attached to Declaration of Henry M. Greenberg, dated Oct. 1, 2020 ("Greenberg Declr."), which trace the history of § 191 and § 198 and their statutory predecessors.)

Since the Legislature first codified the weekly wage rule in 1890, the statute has established a single enforcement mechanism. Section 191's original statutory antecedent, the former N.Y. Lab. Law § 10, entitled "**When wages are to be paid,**" was immediately followed by § 198's

forerunner, the former N.Y. Lab. Law § 11, entitled "**Penalty for violation of preceding sections.**" L. 1897, ch. 415, §§ 10-11.  Section 11 provided that a violation of § 10 was punishable by a fifty-dollar civil penalty paid to the state to be recovered by the "factory inspector [today's equivalent of the Commissioner of Labor] in his name of office in a civil action." *Id*.  That model — placing in separate statutes the weekly wage rule and the remedy for a violation — has continued up to the present.

Today, the civil remedies for a violation of § 191(1)(a) are set forth in N.Y. Lab. Law § 197 (entitled "**Civil penalty**") and § 218 (entitled "**Violations of certain provisions; civil penalties**").  The former authorizes the Commissioner (and no one else) to recover a $500 civil penalty paid to the state; and the latter authorizes the Commissioner (and no one else) to recover civil penalties ranging from $1,000 to $3,000 through an administrative proceeding.  Time and again, the Department of Labor has opined that the sanction for a § 191(1)(a) violation is a civil penalty imposed by the Commissioner under N.Y. Lab. Law § 218.  *See Request for Opinion Frequency of Payment — Labor Law § 191,* N.Y. Dep't. of Labor, Off. of Gen. Couns. Op. RO-07-0041 (May 8, 2007) (opining on how penalties are computed under N.Y. Lab. Law § 218 for violations of N.Y. Lab. Law § 191(1)(a)(i)), https://labor.ny.gov/legal/counsel/pdf/Frequency%20of%20Pay%20%28Sec.%20191%29/RO-07-0041%20-%20Frequency%20of%20Pay%20-%20Foreign%20Corp.pdf; *see also Sheng Wang Zhang and Century Diner Buffet, Inc.,* Docket No. PR 12-180, at 13 (July 13, 2016) (N.Y. Industrial Board of Appeals affirming $1,000 civil penalty violation of N.Y. Lab. Law § 191(1)(a) for failing to pay wages weekly to manual workers), https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-12-180.pdf.

The Department of Labor's longstanding position that § 191(1)(a) is not a remedial provision was upheld by the Appellate Division, Second Department, in *Ikea U.S., Inc. v. Industrial Board of Appeals,* 241 A.D.2d 454, 660 N.Y.S.2d 585 (2d Dep't 1997). There, the Commissioner of Labor assessed a $200 civil penalty against Ikea for failing to pay its manual workers as frequently and promptly as required by N.Y. Lab. Law § 191(1)(a). (Order of Lab. Comm'r, dated Oct. 7, 1994, at 2, attached as Exh. C to Greenberg Declr.) The Commissioner's order invoked N.Y. Lab. Law § 218 as the statutory authority for the civil penalty — not the weekly wage rule in § 191(1)(a) itself.

So, too, Plaintiff incorrectly asserts that the "weight of authority" supports her position. (Pl. Mem. at 2, 5-9.) It does not. Neither before nor after *Vega* did state and federal courts "routinely" find that N.Y. Lab. Law § 191 affords a private right of action, as Plaintiff asserts. (*Id.* at 3.) As commentators have observed, before *Vega,* "numerous New York federal and state courts . . . held that there is no private right of action under NYLL Section 191," while only "a few courts . . . entertained/sustained claims made by employees under Section 191 . . . ." Jeffrey H. Ruzai & Carly Baratt, *Recent Appellate Decision May Make New York Employers Vulnerable to Liquidated Damages for Violating New York's 'Frequency of Pay' Requirements* (Sept. 27, 2019), https://www.ebglaw.com/news/recent-appellate-decision-may-make-new-york-employers-vulnerable-to-liquidated-damages-for-violating-new-yorks-frequency-of-pay-requirements/. Likewise, following *Vega,* the only two decisions that squarely address the issue for the first time hold that no private right of action exists for a violation of § 191. *See Phillips v. Max Finkelstein, Inc.,* 66 Misc. 3d 514, 115 N.Y.S.3d 866, 867-69 (N.Y. Sup. Ct., Suffolk Cty. 2019) (no private right of action for mere frequency of pay violation); *Kruty v. Max Finkelstein, Inc.,* No. 6166616-2017, 2019 N.Y. Misc. LEXIS 6623, at *10 (N.Y. Sup. Ct., Suffolk Cty. Dec. 12, 2019) (same).

Plaintiff cites *Scott v. Whole Foods Market Group, Inc.,* but that decision involved a motion for reconsideration in which the Court affirmed its pre-*Vega* ruling and failed to consider *Sheehy* or any other Court of Appeals' decision. No. 18-cv-0086 (SJF)(AKT), ECF Doc. No. 58 (E.D.N.Y. Feb 5, 2020). The two other post-*Vega* cases cited by Plaintiff do not squarely address an argument that no private right of action exists under § 191. *See Sarit v. Westside Tomato, Inc.,* No. 18 Civ. 11524 (RA), 2020 U.S. Dist. LEXIS 674040 (S.D.N.Y. Apr. 16, 2020); *Duverny v. Hercules Med. P.C.,* No. 18 Civ. 7652 (DLC), 2020 U.S. Dist. LEXIS 37547 (S.D.N.Y. Mar. 3, 2020).

Plaintiff's attempt to distinguish *Ikea* misses the point. (*See* Pl. Mem. at 4-5.) *Ikea* is apposite because the Commissioner found that his recourse and remedy for the employer's § 191(1)(a) violation was derived neither from that statute nor § 198, but from N.Y. Lab. Law § 218. By upholding the Commissioner's order, therefore, the Second Department's decision in *Ikea* conflicts with the First Department's decision in *Vega,* which holds that § 198 (and, in the alternative, § 191) provides a remedy and recourse for a § 191(1)(a) violation. *See Vega,* 175 A.D.3d at 1144-47, 107 N.Y.S.3d at 287-89.

Plaintiff's contention that the Legislature intended to establish a private right of action in § 191 is at loggerheads with the legislative scheme (the third and most important factor under the *Sheehy* test) and would never be embraced by the New York Court of Appeals. And that scheme is less pliable than Plaintiff suggests. The Court of Appeals held in *People v. Vetri* that a violation of the weekly wage rule "is *malum prohibitum* and not *malum in se,* and, as such, the statute should be 'strictly construed.'" 309 N.Y. 401, 405 (N.Y. 1955) (construing § 191's statutory predecessor, former N.Y. Lab. Law § 196(2)).

Also unavailing is Plaintiff's conclusory argument that N.Y. Lab. Law § 198 creates a private right of action to recover liquidated damages, attorneys' fees and pre- and post-judgment

6

interest for a technical violation of § 191(1)(a)(i).  The relevant language in § 198 is subsection (1-a), which reads as follows:

> In any action instituted in the courts <u>upon a wage claim</u> by an employee . . . in which the employee prevails, the court shall allow such employee <u>to recover the full amount of any underpayment</u>, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its <u>underpayment of wages</u> was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the <u>wages found to be due</u>, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article.

N.Y. Lab. Law § 198(1-a) (emphasis added).

Plaintiff concedes that this provision only authorizes a civil action by an employee for an "underpayment" of wages, but, relying on *Vega,* asserts "that an untimely payment of wages constitutes an underpayment of wages, which affords [her] a private right of action under . . . § 198."  (Pl. Mem. 3 (citing *Vega,* 175 A.D.3d at 1145).)  But that argument cannot be squared with the definition of "underpay" or the statutory scheme as a whole.  As *Vega* notes, a 2012 edition of the Merriam-Webster Collegiate Dictionary defines "underpay" as "less than what is normal or required."  *Id.*  (quoting Merriam-Webster's Collegiate Dictionary (11th ed. 2012)).  The *Vega* court misconstrued that definition to include a timing element rather than focusing solely on amount.  The examples in the current online version of the Merriam-Webster Dictionary illustrate the point:

- She underpaid for her meal.
- He realized that he had underpaid the cashier.
- The company underpays its workers.
- They are underpaid for the work they do.

*Underpay,* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/underpay.  These examples uniformly refer to amount, not timing.  *See*

7

*also Underpay,* American Heritage Dictionary (2d college ed. 1985) (defining underpay to mean to pay "insufficiently or less than deserved"). That understanding is all the more apparent because the point of § 198(1-a) is to address an underpayment, which would be superfluous if § 191(1)(a) accomplished the same thing.

No other court has embraced *Vega's* holding that an untimely payment under § 191(1)(a) constitutes an actionable "underpayment" under § 198(1-a).[1] In fact, case law (federal and state) differentiates between untimely wage payments and unpaid wages, holding that § 191 involves only the timeliness of wage payments and does not provide a remedy for unpaid wages. *See, e.g., Perez-White v. Advanced Dermatology of N.Y. P.C.*, No. 155133/2017, 2016 U.S. Dist. LEXIS 120642, at *11 (S.D.N.Y. Sept. 7, 2016) (dismissing § 191 claim where plaintiff claimed her employer failed to provide her with full payment); *Fearon-Gallimore v. Gottlieb,* 2017 NY Slip Op 32822[U], 2017 N.Y. Misc. LEXIS 5354, at *7-8 (N.Y. Sup. Ct. N.Y. Cty. Mar. 5, 2017) ("§ 191 pertains to prompt payment requirements and is not the correct vehicle for collecting allegedly unpaid overtime wages") (internal quotation marks & citation omitted).

Section 198(1-a)'s legislative history confirms that the term underpayment means a sum paid that is not equal to that which the employee claims to be due. Subsection (1-a) was enacted in 1967 (L. 1967, ch. 310, § 1) and amended in 2009 (L. 2009, ch. 372, § 1), 2010 (L. 2010, ch. 564, § 7) and 2015 (L. 2015, ch. 2, § 3 & L. 2015, ch. 362, § 2). The adoption of the statute's original version in 1967 reflected the Legislature's belief that "stronger sanctions against an employer for willful failure to pay wages or to pay the minimum wage, should result in greater compliance with the law" (Governor's Program Bill Mem., Bill Jacket, L. 1967, ch. 310, at 1), and

---

[1] No doubt mindful that its interpretation of § 198 was unprecedented, the First Department maintained, in the alternative and conclusory fashion, that a remedy "may" be implied from N.Y. Lab. Law § 191. *See Vega,* 175 A.D.3d at 1146-47, 107 N.Y.S.3d at 288-89. For the reasons set forth above and in Defendant's Opening Memorandum of Law, this alternative holding is meritless as well.

rejected the argument in opposition to the bill that liquidated damages is unreasonable because "in some cases there are honest differences of opinion as to the amounts owed to employees . . . ." (Mem. of Indus. Comm'r Memo, Bill Jacket, L. 1967, ch. 310, at 2).

Amendments to § 198(1-a) similarly targeted employers who paid employees a sum less than that to which they are entitled. The 2010 amendment, for example, was justified based on studies that showed "a large number of employees are earning less than minimum wage and others are being paid less than their correct wage"; and not all employees are "receiving the appropriate amount of overtime compensation." Senate Introducer's Mem. in Support, Bill Jacket, L. 2010, ch. 564, at 4.

Simply put, there is not a shred of evidence that the Legislature sought to make N.Y. Lab. Law § 198 a vehicle for sanctioning untimely payments. As even a cursory review of the authorities cited by Plaintiff reveals, they do not address, let alone establish, that the Legislature intended N.Y. Lab. Law § 198(1-a) to authorize a private right of action for a technical violation of N.Y. Lab. Law § 191(1)(a). (Pl. Mem. at 8-9 (citing cases & Mem. of Indus. Comm'r, June 3, 1966, Bill Jacket, L. 1966, ch. 548).) Moreover, Plaintiff's interpretation of the statute would cause a flood of litigation brought by people who were paid the correct amount of wages, and who have a remedy for alleged frequency of pay violations through the Department of Labor. This would be a monumental waste of judicial resources.

The Complaint's First Cause of Action should be dismissed.

## II. DEFENDANT'S WAGE STATEMENTS DO NOT VIOLATE N.Y. LABOR LAW § 195(3)

Plaintiff does not dispute that Defendant gave her a wage statement with every bi-weekly payment of wages but argues that the wage statements were deficient because N.Y. Lab. § 195(3) requires that they be issued every week and show the number of hours worked per week. (Pl. Mem. at 10.) This argument is without merit.

*First,* § 195(3) does not have language setting forth any such requirements. *Second,* Plaintiff does not cite, let alone attempt to distinguish, the case law cited in Defendant's Opening Memorandum of Law that uniformly rejects her interpretation of the statute. (*See* Def. Mem. at 12 (citing cases rejecting Plaintiff's argument herein).) *Third,* none of the cases cited by Plaintiff construes § 195(3) as Plaintiff urges here. (*See* Def. Mem. at 11-12.)

Thus, Plaintiff's Second Cause of Action should be dismissed.

## CONCLUSION

For these reasons, and for the reasons set forth in its Opening Memorandum of Law, Defendant's Motion to Dismiss should be granted and the Complaint dismissed in its entirety.

Dated: Albany, New York
       October 1, 2020

                                                Respectfully submitted,

                                                **GREENBERG TRAURIG, LLP**

                                                By: *s/ Henry M. Greenberg*
                                                     Henry M. Greenberg (Bar No. 101854)

                                                54 State Street, 6th Floor
                                                Albany, New York 12207
                                                (518) 689-1435
                                                greenbergh@gtlaw.com

                                                *Attorneys for Defendant Wal-Mart Associates, Inc.*