## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRIGETTE MABE, on behalf of herself and all others similarly situated,**<br><br>        **Plaintiff,**<br><br>    -against-<br><br>**WAL-MART ASSOCIATES, INC.,**<br><br>        **Defendant.** | **No.: 20 Civ. 00591 (TJM)(CFH)** |

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL STANDARD ............................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.      PLAINTIFF HAS A RIGHT TO RECOVER FOR DEFENDANT'S
UNDERPAYMENTS............................................................................................................ 2

    A.   A Violation of NYLL § 191 Constitutes an Underpayment ....................................... 2

    B.   NYLL § 198 Provides a Private Right to Recover Underpayments .......................... 4

    C.   Payment is an Affirmative Defense........................................................................... 5

    II.      NEW YORK'S LEGISLATURE CLEARLY INTENDED A PRIVATE RIGHT
OF ACTION FOR VIOLATION OF NYLL § 191 ............................................................ 6

    A.   NYLL § 218 Does Not Address Defendant's Violations of NYLL § 191 ................ 10

    B.   Courts Apply NYLL § 198 to NYLL § 191 Claims ................................................ 11

    C.   The New York Department of Labor Treats NYLL § 191 Claims as a Failure To
Pay Wages .............................................................................................................. 13

CONCLUSION ........................................................................................................................ 15

## **TABLE OF AUTHORITIES**

### CASES

*AHA Sales, Inc. v. Creative Bath Products, Inc.*,
58 A.D. 3d 6 (2nd Dept. 2008)................................................................ 6, 7, 14

*Angello v. Labor Ready, Inc.*,
7 N.Y. 3d 579 (2006) ................................................................................ 4, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................... 2

*Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist*,
76 N.Y. 2d 207 (1990) ................................................................................. 7

*Broder v. Cablevision Sys. Corp.*,
418 F.3d 187 (2d Cir. 2005)......................................................................... 9

*Burns Jackson Miller Summit & Spitzer v. Lindner*,
59 N.Y. 2d 314 (1983) ................................................................................. 6

*Bynog v. Cipriani Group*,
1 N.Y.3d 193 (2003) ................................................................................... 12

*Bynog v. Cipriani Group*,
298 A.D. 164 (1st Dept. 2002)..................................................................... 11

*Chin v. MTL LLC*,
No. 18 Civ. 1340, 2020 WL 3971505 (N.D.N.Y. Jul. 14, 2020)................... 2

*Cohen v. Finz & Finz, P.C.*,
131 A.D. 3d 666 (2nd Dept. 2015)............................................................... 12

*DiBella v. Hopkins,* 403 F.3d 102
(2d Cir. 2005)............................................................................................... 9

*Duverny v. Hercules Medical P.C.*,
No. 18 Civ. 7652 (DLC), 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020)......... 5

*Garcia v. Pasquareto,*
812 N.Y.S.2d 216 (N.Y. App. Term 2004)...................................................................... 4

*Gottlieb v. Kenneth D. Laub & Co.,*
82 N.Y.2d 457 (1993) .................................................................................................. 2, 3

*Hobart v. Mendelson,*
121 N.Y.S. 3d 509 (N.Y. App. Term 2020)....................................................................... 4

*IKEA U.S. Inc. v. Indus. Bd. of Appeals,*
241 A.D. 2d 454 (2nd Dept. 1997)................................................................................. 12

*Pentech Int'l, Inc. v. Wall St. Clearing Co.,*
983 F.2d 441 (2d Cir. 1993)............................................................................................. 9

*People v. Bloom,*
167 N.Y.S.3d 179 (City Ct. 1957) ................................................................................. 14

*Quintanilla v. Kabco Pharmaceuticals,*
No. 19 Civ. 6752 (E.D.N.Y. Jun 30, 2020)................................................................... 11

*Rojas v. Hi-Tech Metals,*
Index. No. 702847/2019, 2019 NY Slip. Op. 32755(U) (Queens Supp. Ct. Sept. 11, 2019)......... 9

*Scott v. Whole Foods Market Group, Inc.,*
No. 18 Civ. 86 (SJF)(AKT), 2019 WL 1559424 (S.D.N.Y. Apr. 9, 2019) ..................... 4, 7, 9, 15

*Sheehy v. Big Flats Cmty. Day,*
*Inc,* 73 N.Y. 2d 629 (1989) ........................................................................................ 6, 8

*Sierra Club v. Con-Strux LLC,*
911 F.3d 85, 88 (2d Cir. 2018).......................................................................................... 2

*Sorto v. Diversified Maintenance Systems, LLC,*
No. 20 Civ. 1302, (JS)(SIL), 2020 WL 8413553 (E.D.N.Y. Nov. 15, 2020)............................. 10

*Sorto v. Diversified Maintenance Sytems, LLC,*
No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108 (E.D.N.Y. Dec. 28, 2020) .......................... 3, 12

*Truelove v. Northeast Capital & Advisory,*
95 N.Y.2d 220 (2000) ............................................................................................ passim

*Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management*,
843 F.3d 561 (2d Cir. 2016)............................................................................................ 2

*Uhr v. East Greenbush Central School Dist.*,
94 N.Y. 2d 32 (1999) ....................................................................................................... 6

*Vega v. CM & Ass'n Construction Management, LLC*,
107 N.Y.S.3d 286 (1st Dep't 2019)............................................................................ passim

*West v. Am. Tel. & Tel. Co.,*
311 U.S. 223 (1940)........................................................................................................... 9


STATUTES

NY CPLR § 308 ................................................................................................................. 5

NYLL § 191 .............................................................................................................. passim

NYLL § 198 .......................................................................................................... 5, 6, 8, 14

NYLL § 218 ...................................................................................................... 8, 10, 11, 14

Penal Law § 260.20(4)...................................................................................................... 6, 8

OTHER AUTHORITIES

Mem. of Indus. Commr., June 3, 1966, Bill Jacket, L. 1966, ch. 548 ........................ 4, 7

Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012] ................................... 3

N.Y. Dep't of Labor Counsel Opinion Letter RO-07-0030........................................ 13

N.Y. Dep't of Labor Counsel Opinion Letter RO-07-0092........................................ 13

N.Y. Dep't of Labor Counsel Opinion Letter RO-08-0094........................................ 13

## PRELIMINARY STATEMENT

On August 14, 2020, Defendant Wal-Mart Associates, Inc. ("Walmart" or "Defendant") moved to dismiss Plaintiff's complaint, which alleged that Defendant unlawfully paid Plaintiff and similarly situated cashiers, front end associates, stockers, receiving associates, sales associates, and other similar manual workers ("Manual Workers") on an untimely basis according to New York Labor Law ("NYLL") §§ 191(1)(a), 195(3). *See* ECF No. 1 ("Compl.") ¶¶ 1, 4-6, 33-45. On March 18, 2021, the Court permitted Defendant to renew their motion regarding New York Labor Law 191 based on new arguments made in their reply and granted the motion in regard to the NYLL 195 (3) claim. *See* ECF No. 23, pg. 12. Specifically, the Court asked Plaintiff to address Defendant's new arguments regarding the *Sheehy* factors and the New York Department of Labor's ("DOL") treatment of NYLL § 191. *See* ECF No. 22, pg. 12.

As fully set out below, Defendant's new arguments miss the mark entirely. The failure to abide by the requirements of NYLL § 191 constitutes a failure to pay wages. There is no question that viewed through the lens of *Sheehy*, it is clear that New York's legislature intended for employees to have a private right of action to bring claims for an employer's failure to pay timely wages according to NYLL § 191. Moreover, Defendant's offered DOL evidence paints an incomplete picture. A full review of the opinion letters proffered by the DOL and recent DOL enforcement action proves that the DOL treats NYLL § 191 as a failure to pay wages.

As such, Defendant's arguments fail and Plaintiff respectfully requests that the Court deny Defendant's renewed motion.

## LEGAL STANDARD

When evaluating a defendant's motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Sierra*

*Club v. Con-Strux LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (citing *Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management*, 843 F.3d 561, 566 (2d Cir. 2016)). To survive a 12(b)(6) motion, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Chin v. MTL LLC*, No. 18 Civ. 1340, 2020 WL 3971505, at *1 (N.D.N.Y. Jul. 14, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

<u>**ARGUMENT**</u>

## I.   PLAINTIFF HAS A RIGHT TO RECOVER FOR DEFENDANT'S UNDERPAYMENTS

The Court should not be persuaded by Defendant's mistaken framing of NYLL § 191, as Defendant has ignored that their illegal pay policies have caused underpayments of wages. As such, Defendant's construction of NYLL § 191 misses the mark.

### A.  A Violation of NYLL § 191 Constitutes an Underpayment

First, it is clear that NYLL § 191 "generally regulates payment of wages by employers and creates reciprocal rights of employees" *See Gottlieb v. Kenneth D. Laub & Co.,* 82 N.Y.2d 457, 461 (1993). In fact, Defendant's own exhibits are evidence that NYLL §191 was written to assist workers that "have not received their wages." This not Plaintiff's analysis alone, but it is supported by the Court of Appeals. *See People v. Vetri*, 309 N.Y. 401, 405 (1955) ("the requirement that an employer pay his employees weekly was first imposed in 1890…[t]he purpose of the law was to assure prompt payment of daily wages"). Accordingly, one conclusion cannot be avoided; NYLL § 191 was written to ensure that workers receive their pay on the timely basis as defined by the legislature. The instant matter is a perfect example of where an underpayment occurred due to a violation of NYLL § 191(1)(a). Plaintiff here alleges she was a manual worker as contemplated by the statute, and that Defendant owed her lawfully earned pay within seven days of the week in

which she completed her work. *See* Compl. ¶¶ 31-36. Accordingly, Plaintiff was owed her wages for the week beginning on November 23, 2019 and ending November 29, 2019 on December 6, 2019. *See* Compl. ¶¶ 35-36. However, December 6, 2019 passed without Plaintiff receiving any of her wage. *See id.* Accordingly, as of December 7, 2019 Plaintiff had been paid "less than what is required." *See Vega v. CM & Ass'n Construction Management, LLC*, 107 N.Y.S.3d 286 (1ˢᵗ Dep't 2019) (citing Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]). Defendant may protest that they eventually paid Plaintiff, but this ignores their violation of NYLL § 191. As discussed *infra*, Defendant's argument regarding payment is now an affirmative defense.

Defendant attempts to ignore that their untimely payments constitute underpayments by simply asserting that they are not. However, Defendant does not, and cannot, cite to any New York Appellate Level cases which directly supports their position. On the other hand, the language and holdings of multiple appellate courts within New York, including the Court of Appeals, support that a violation of NYLL § 191 constitutes an underpayment. *See Gottlieb*, 82 N.Y.2d at 461 ("the statutory provision in [NYLL] article 6 which generally regulates payment of wages by employers and *creates reciprocal rights of employees* is Labor Law § 191") (emphasis added); *Truelove v. Northeast Capital & Advisory,* 95 N.Y.2d 220, 224-225 (2000) ("then, as now, an employer was subject to both civil and criminal liability for *failing to pay 'wages'* as required by [NYLL § 191]) (emphasis added);  *see also Sorto v. Diversified Maintenance Sytems, LLC*, No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108, at *2 (E.D.N.Y. Dec. 28, 2020) (quoting *Vega v. CM & Ass'n Construction Management, LLC*, 107 N.Y.S.3d 286 (1ˢᵗ Dep't 2019) ("the Court follows *Vega* and concludes that (1) there is a private right of action for violations of [NYLL §191]; and (2) 'the term underpayment encompasses the instances where an employer violates the frequency requirements of [NYLL 191] but pays all wages due before the commencement of an action'").

**B.  NYLL § 198 Provides a Private Right to Recover Underpayments**

The "sole purpose of [NYLL § 198]" is to "assist the enforcement of the wage payment [laws]" of the NYLL. *See Gottlieb*, 82 N.Y. 2d at 463; *see also Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), 2019 WL 1559424, at *2 (S.D.N.Y. Apr. 9, 2019)

It is further unquestionable that the purpose of Article 6 of the NYLL is to "strengthen and clarify the rights of employees to the payment of wages." *See Angello v. Labor Ready, Inc.*, 7 N.Y. 3d 579, 584 (2006) (citing *Truelove v. Northeast Capital & Advisory,* 95 N.Y.2d 220 (2000); Mem. of Indus. Commr., June 3, 1966, Bill Jacket, L. 1966, ch. 548); *see also Hobart v. Mendelson*, 121 N.Y.S. 3d 509 (N.Y. App. Term 2020) (finding that manual workers are required to be paid weekly and that "'[t]he public policy of the State of New York ... is that the interest in enforcing wages and hours laws on behalf of all workers is paramount'") (quoting *Garcia v. Pasquaret*o, 812 N.Y.S.2d 216, 217 (N.Y. App. Term 2004)).

In this regard, the provisions of NYLL Article 6 "compare favorably with those of any other state in the nation, [n]ot only are the rights and obligations of employees and employers presented in a clear fashion, but the extension of the provisions for *the prompt payment of wages*, and the requirement for wage statements to be given to employees and for record-keeping provide increased wage protection to employees of the State." *See Gottlieb*, 82 N.Y. 2d at 461 (quoting Mem of Indus Commr, June 3, 1966, Bill Jacket, L 1966, ch 548) (emphasis added). Furthermore, the legislative intent behind article 6 was to provide a "statutory remedy of an award of attorney's fees to a prevailing employee, as well as the liquidated damages remedy" for claims that are founded "on the substantive provisions of [NYLL] [A]rticle 6. *See id.*; *see also Truelove*, 95 N.Y. 2d at 223 ("Article 6 of the Labor Law sets forth a comprehensive set of statutory provisions

enacted to strengthen and clarify the rights of employees to the payment of wages[,] [a]n employer who violates the requirements of [NYLL] [A]rticle 6 is subject to civil liability").

### C.  Payment is an Affirmative Defense

Moreover, it is clear that a violation of NYLL § 191 is actionable based on NY CPLR § 308 which mandates that payment of wages in a dispute under NYLL Article 6 is an affirmative defense. *Manginaro v. Nassau Cty. Med. Ctr.*, 123 A.D.2d 842 (NY 1st Dept. 1986) ('The Court of Appeals has recently stated that "'release' and 'payment' are affirmative defenses required by CPLR 3018(b)'"); *see also Hill v. St. Clare's Hosp.*, 67 N.Y.2d 72, 83– 84 (1986).

To find that there is a private right of action under NYLL § 191, the Court need only ask the question of whether a private right of action/cause of action existed the day after the NYLL § 191(1)(a)(i) deadline for payment of the wages. The answer is clearly yes, as on that date Defendant failed to provide Plaintiff with the wages she was owed under the statute, which constitutes an *underpayment*. *See Vega* 175 A.D. 3d at 1145. Defendant may state that they eventually compensated Plaintiff for the hours she worked, but this is only a partial defense[1]. This is because at the time they paid Plaintiff, she was not only entitled to the underlying wages, she was also entitled to liquidated damages, interest, and even injunctive relief for the violations which occurred when her wages were not paid by their due date. These remedies are set forth in NYLL § 198, and they could not be clearer. *See Duverny v. Hercules Medical P.C.*, No. 18 Civ. 7652 (DLC), 2020 WL 1033048, at *5 (S.D.N.Y. Mar. 3, 2020) (citing *Vega*, 107 N.Y.S. 3d at 288)

---

[1] Taken to its logical conclusion, Defendant's argument that no underpayment occurs by delay stands for the proposition that Defendant could avoid paying any wages due until the exact second before an employee filed a complaint, be it months or years, and no underpayment would have occurred. If Defendant believes this is a mischaracterization of their argument, Plaintiff is curious to know how long Defendant believes an employer should be allowed to withhold wages before an underpayment occurs, and why that date if different than the one set out by NYLL § 191.

("[a] plaintiff's entitlement to statutory damages pursuant to [NYLL] § 198(1-a) survives even if the employer pays the employee's base wages prior to the commencement of a civil action").

## II. NEW YORK'S LEGISLATURE CLEARLY INTENDED A PRIVATE RIGHT OF ACTION FOR VIOLATION OF NYLL § 191

In addition to being clear that Defendant's violation of NYLL § 191 constitutes an underpayment by which Plaintiff has a right to recover under NYLL § 198, it is also clear that New York's legislature intended Plaintiffs to have such right. The language of the statutes and the jurisprudence of New York's appellate level courts plainly convey the existence of a private right of action. Defendant generously reads the statutes to tilt towards their favor, however, the Court should not be convinced by their misplaced arguments.

The Court of Appeals has established three factors to determine whether an implied right of action exists under a New York statute: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *See Sheehy v. Big Flats Cmty. Day, Inc*, 73 N.Y. 2d 629, 633 (1989) (citing *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y. 2d 314 (1983)). In *Sheehy*, Penal Law § 260.20(4) did not include a private right of action. This is contrary to NYLL § 191 which is explicitly covered under Article 6 of the NYLL, and damages are referenced in NYLL § 198.

Moreover, the existence of a contemplated administrative enforcement of a statute does not preclude an implied private right of action, where providing an additional enforcement mechanism would "coalesce smoothly with the existing statutory scheme". *See AHA Sales, Inc. v. Creative Bath Products, Inc.*, 58 A.D. 3d 6, 15-16 (2nd Dept. 2008) (citing *Uhr v. East Greenbush Central School Dist.*, 94 N.Y. 2d 32, 40 (1999); *Sheehy*, 73 N.Y. 2d at 634-635). In *AHA Sales, Inc.*, the Second Department determined that a private right of action could be implied from NYLL § 191-

6

B, despite the authorization of the Commissioner to enforce administrative action under NYLL § 21, because courts regularly allow employees to recover on wage claims brought under Article 6 of the NYLL, and "nothing in the statutory scheme of Labor Law article 6 suggest[ed]" that a private right would be unavailable. *See id.* at 17. As the Court of Appeals explained in *Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*; "[o]ur decisions have established that the most critical inquiry in determining whether to recognize a private cause of action where one is not expressly provided is whether such action would be consistent with the over-all legislative scheme." *See* 76 N.Y. 2d 207, 212 (1990).

Here, there can be no question that the first *Sheehy* factor is met. *See Vetri*, 309 N.Y. at 405 (stating that the purpose of NYLL § 191 is to protect workers who are "dependent upon their wages for sustenance"). Moreover, it is clear that the recognition of a private right of action would promote the legislative purpose of NYLL § 191.  *See Scott*, 2019 WL 1559424, at *2 (quoting *Angello v. Labor Ready, Inc.*, 7 N.Y.3d 579, 583–84 (2006) ("as to the legislative purpose of [NYLL § 191], generally, '[t]he purpose of Labor Law article 6 is to strengthen and clarify the rights of employees to the payment of wages'"), *see also Gottleib*, 82 N.Y. 2d at 461 (quoting Mem of Indus Commr, June 3, 1966, Bill Jacket, L 1966, ch 548) ("the wage payment provisions established by [NYLL Article 6] compare favorably with those of any other state in the nation, [n]ot only are the rights and obligations of employees and employers presented in a clear fashion, but the extension of the provisions for *the prompt payment of wages* … provide increased wage protection").

Defendant does not take issue with these first two factors, but instead focuses on the third to insist that the legislative scheme contemplates only penalties assessed by the Commissioner.[2]

---

[2] Defendant's original memorandum of law asserts that the second factor is not met, but Defendant does not explain the basis for this conclusion. *See* ECF No. 23-5, pgs. 14-15.

Specifically, Defendant focuses on NYLL § 218, arguing that this statute was created by the legislature for enforcement of NYLL § 191 violations. *See* ECF No. 23-6, pg. 8.[3] However, Defendant's argument in this regard unravels once it is held up to a microscope.  To be sure, notwithstanding the DOL being able to recover penalties for a violation of NYLL § 191, a Plaintiff may also bring an action in Court to recover such damages. This similarly applies to all sections of NYLL Article 6 regarding the payment of wages.  Furthermore, the fact that the DOL only seeks to recover certain damages has no impact on a plaintiffs' ability to recover monetary damages in court.

Moreover, the holding of *Sheehy* is not analogous to this matter. There, the Court of Appeals analyzed Penal Law § 260.20(4), which did not provide for civil damages, to determine whether a private right of action may be implied. *See Sheehy*, 73 N.Y. 2d at 633-634. Here, NYLL § 191 falls under the purview of NYLL Article 6, a civil statute which explicitly provides for a private right of action, monetary damages, and other penalties. *See* NYLL § 198. As such, Defendant's reliance on *Sheehy* is misplaced.

In addition, the *Vega* court squarely addressed this question, and found that the *Sheehy* factors weigh in favor of an implied private right of action:

> "a remedy may be implied [under NYLL 191] since plaintiff is one of the class for whose particular benefit the statute was enacted, the recognition of a private right of action would promote the legislative purpose of the statute and the creation of such a right would be consistent with the legislative scheme (*see Sheehy v. Big Flats Community Day,* 73 N.Y.2d 629, 633 (1989); *see also Rhodes v. Herz,* 84 A.D.3d 1, (1st Dept. 2011), *lv dismissed* 18 N.Y.3d 838 (2011)). Here, plaintiff is a "manual worker" as defined by the statute, and allowing her to bring suit would promote the legislative purpose of § 191, which is to protect workers who are generally "dependent upon their wages for sustenance" (*see People v. Vetri,* 309 N.Y. 401, 405 (1955), citing former Labor Law § 196), and § 198, which was enacted to deter abuses and violations of the labor laws (*see P & L Group v. Garfinkel,* 150 A.D.2d

---

[3] Defendant also cites NYLL § 197, but does not explain where they draw an inference that NYLL § 197 is related to enforcement of NYLL § 191. Regardless, NYLL § 197 addresses an employer "who fails to pay the wages" of their employees.

663, 664 (2d Dept. 1989) [section 198 "reflect(s) a strong legislative policy aimed
at protecting an employee's right to wages earned"] ). It would also be consistent
with the legislative scheme, as [NYLL § 198] explicitly provides that individuals
may bring suit against an employer for violations of the labor laws, even if the
Commissioner chooses not to do so"

*See Vega*, 175 A.D. 3d at 1146-1147. As this is an explicit ruling by the First Department,

which is clearly the only Appellate Level ruling applying the *Sheehy* factors to NYLL § 191, the

Court should heavily weigh this analysis. *See DiBella v. Hopkins,* 403 F.3d 102, 112 (2d Cir. 2005)

") (quoting *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940)) ("rulings from [state

intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded

by a federal court unless it is convinced by other persuasive data that the highest court of the state

would decide otherwise; *see also  Broder v. Cablevision Sys. Corp*., 418 F.3d 187, 199-200 (2d

Cir. 2005) *(quoting Pentech Int'l, Inc. v. Wall St. Clearing Co.,* 983 F.2d 441, 445 (2d Cir. 1993))

("as a federal court applying state law, [the court] [is] generally obliged to follow the state law

decisions of state intermediate appellate").

As set out *infra*, the Court should find as its sister court in the Eastern District held in *Scott*

*v. Whole Foods.* There, Judge Feuerstein held that NYLL § 191 contains an implied right of action

according to the *Sheehy* factors:

> "there is nothing in the statutory scheme authorizing the Commissioner to take
> action that suggests that a private action is barred or would otherwise run counter
> to the legislative scheme. To the contrary, § 198 refers to civil actions brought by
> the commissioner, the employee, or both, and states that "[t]he remedies provided
> by this article may be enforced simultaneously or consecutively so far as not
> inconsistent with each other." NYLL § 198(2). The discretionary nature of the
> Commissioner's authority coupled with the references to employee actions in §
> 198 compels the conclusion that a private action under § 191 is consistent with the
> legislative scheme."

*See Scott* 2019 WL 1559424, at *3 (internal citations omitted); *see also Rojas v. Hi-Tech Metals*,

Index. No. 702847/2019, 2019 NY Slip. Op. 32755(U) (Queens Supp. Ct. Sept. 11, 2019)

(highlighting the *Sheehy* analysis undertaken by the First Department in *Vega*, and confirming that an implied private right of action exists under NYLL § 191).[4]

### A.  NYLL § 218 Does Not Address Defendant's Violations of NYLL § 191

Defendant seems to state that NYLL § 218 was created for enforcement of NYLL "violations *other than non-payment of wages*" *See* ECF No. 23-5, pg. 14 (citing NYLL § 218(1)). This is patently misleading as NYLL § 218 simply provides the commissioner of labor with enforcement mechanisms, separate and apart from the private right to recover damages. Of course, Defendant is not arguing that Articles 6 and 19 of the NYLL do not provide for a private right of action.  Rather, Defendant believes NYLL § 191 does not provide a private right of action for failing to pay manual workers timely.  Simply put, Plaintiff's NYLL claims for Defendant's failure to pay wages are covered under Article 6. *See e.g. Gottlieb*, 82 N.Y.2d at 461 ("the statutory provision in [NYLL] article 6 which generally regulates payment of wages by employers and creates reciprocal rights of employees is Labor Law § 191"); *Truelove*, 95 N.Y. 2d at 224-225 ("an employer [is] subject to both civil and criminal liability for failing to pay "wages" as required by [NYLL § 191]);  *see also Sorto v. Diversified Maintenance Systems, LLC*, No. 20 Civ. 1302, (JS)(SIL), 2020 WL 8413553, at *2 (E.D.N.Y. Nov. 15, 2020) (Report and Recommendation Adopted, 2020 WL 7693108 (Dec. 28, 2020) (citing *Vega*, 175 A.D.3d 1144 at 114) (recognizing that a violation of NYLL § 191 constitutes "a failure to pay wages").

Defendants' argument taken to its logical conclusions seems to amazingly imply that there would be no private right of action for any violation of NYLL Article 6 and thus a plaintiff could never file an action in court for any non-payment of wages as the exclusive remedy would be via

---

[4] If the *IKEA* decision had precluded a private right of action, the *Rojas* court would have been unable to find a private right of action existed.

the commissioner of labor. Of course, this is preposterous as evidenced by the multitude of decisions awarding plaintiffs damages in court for violations of unpaid wages under the NYLL.

As mentioned *supra*, Plaintiff can point directly to an example where Defendant did not pay her the wages she was due. On December 6, 2019, Defendant owed Plaintiff her lawfully earned wages, and yet they did not pay her. *See* Compl. 1, ¶ 36. Accordingly, Plaintiff seeks to protect herself from Defendant's failure to pay her wages. Defendant desperately, and paradoxically, asserts that their failure to pay wages as dictated by NYLL § 191 is an issue other than the payment of wages. However, decisions from the Courts of New York, including cases cited by Defendant, do not support this claim.

### B.  Courts Apply NYLL § 198 to NYLL § 191 Claims

A cursory view of cases interpreting NYLL § 191 clearly exposes the issue with attempting to apply NYLL § 218 to NYLL § 191 violations. *Truelove*, 95 N.Y.2d at 224-225 (stating that an employer faces liability for violations of Article 6 under NYLL § 191 and NYLL § 198); *Bynog v. Cipriani Group*, 298 A.D. 164 (1st Dept. 2002) (abrogated on other grounds 1 N.Y.3d 193) (ordering to "reinstate the cause of action under Labor Law § 191 and the associated claim for costs and fees under Labor Law § 198 ").

Multiple courts in this Circuit have specifically rejected the Max Finkelstein cases' misguided analysis of Ikea. *See Quintanilla v. Kabco Pharmaceuticals*, No. 19 Civ. 6752 (E.D.N.Y. Jun 30, 2020) (oral argument transcript attached as **Ex. A**) ("*IKEA* didn't address [a private right of action], and I think it's quite difficult to read into *IKEA* any ruling at all on this precise issue, whether there is a private right of action under [NYLL] 191"); *Sorto*, 2020 WL 8413553, at *3 ("*IKEA* addressed whether there was substantial evidence to support a determination by the Commission of Labor under section 191 – it did not address whether a private

right of action exists…this Court disagrees with the [*Max Finkelstein*] court's reading of *IKEA*, and on this basis declines to follow those decisions"). Moreover, in adopting Judge Locke's Report and Recommendation in *Sorto*, Judge Seybert squarely addressed *Max Finkelstein's* holdings regarding *IKEA*, finding that because *IKEA* "did not address whether a private right of action under NYLL § 191 exists," no contrary New York authority would "warrant a departure from *Vega*." *See Sorto*, 2020 WL 7693108, at *2.

 Simply put, *IKEA* did not address whether a private right of action existed, only whether the record supported a finding that the employees in question were manual workers. *See IKEA U.S. Inc. v. Indus. Bd. of Appeals*, 241 A.D. 2d 454, 455 (2nd Dept. 1997). The Court did not address whether a private right of action exists, nor did the Court address the penalties set by Commissioner's order, only a "substantial evidence question" regarding whether the petitioner employed manual workers. *See id; see also Sorto*, 2020 WL 8413553, at *3 (finding that *IKEA* only addressed a substantial evidence question unrelated to whether a private right of action exists).

 Moreover, to the extent that Defendant asks the Court to find that *IKEA* somehow stands for the proposition that there is no private right of action, Plaintiff notes that the Court of Appeals and the Second Department have both weighed the merits of NYLL § 191 claims without any discussion that no private right of action exists. *See e.g. Bynog v. Cipriani Group*, 1 N.Y.3d 193 (2003) (finding that the 1st Dept. improperly reinstated NYLL § 191 claim, only because no employer relationship existed); *Cohen v. Finz & Finz, P.C.*, 131 A.D. 3d 666 (2nd Dept. 2015) (reversing decision to dismiss NYLL § 191 claims against individual defendants). If the Court of Appeals and the Second Department believed that there was no private right of action for a plaintiff to recover under NYLL § 191, it is almost certain they would not have gone through the trouble of determining whether such claim was properly plead or supported by the record.

### C.  The New York Department of Labor Treats NYLL § 191 Claims as a Failure To Pay Wages

Finally, Defendant asserts that "time and again the [DOL] has opined that the sanction for a § 191(1)(a) violation is a civil penalty imposed by the Commissioner under N.Y. Lab. Law § 218." *See* ECF No. 23-6, pg. 8. Simply put, this is not correct. The DOL has consistently interpreted violations of NYLL § 191 to constitute a failure to pay wages. *See* N.Y. Dep't of Labor Counsel Opinion Letter RO-08-0094 ("manual workers must be paid weekly, and not later than seven calendar days after the end of the week that wages are earned…it is the [DOL]'s interpretation of [NYLL § 191] that all wages, including overtime pay, are earned immediately upon the employee's rendering of services and *the payment of such wages is required*") (emphasis added); N.Y. Dep't of Labor Counsel Opinion Letter RO-07-0092 ("an employer *who fails to pay a manual worker's wages*, minimum or otherwise, withing the time frame set by [NYLL § 191] is in violation of that Statute") (emphasis added); N.Y. Dep't of Labor Counsel Opinion Letter RO-07-0030 ("[employees] must be *paid their wages* within the time periods set forth in [NYLL § 191]").

In addition, the DOL has not always defaulted to assessing fines for violations of NYLL § 191. In fact, the DOL has previously informed an employer that:

> "[w]hen employers fail to pay their employees on a timely basis they subject themselves to paying the employee damages in addition to wages...if your research shows that the main part of this claim has already been paid, but it was paid more than seven days after the pay period in question, then the 50% [liquidated] damages are still due"

*See* **Ex. B,** Enforcement Emails, pg.4. Moreover, the DOL equated a violation of NYLL § 191 to an underpayment. *See id.*, pg. 5. Clearly, the DOL does not draw this interpretation from the NYLL § 218 provision regarding the Commissioner's authority on issues outside the payment of wages.

This also comports with common sense, as it is clear that NYLL § 191 is a requirement to pay wages within a certain time frame.

Defendants do not, and cannot, point to a single case holding that the sole remedy for a violation of the provisions of NYLL Article 6 is recovery of civil penalties by the commissioner under NYLL § 218. This is because the provisions of Article 6, of which NYLL § 191 is included, explicitly provide for a private right of action where an employer fails to properly pay the wages of their employees. *See* NYLL § 198.

Therefore, it would contravene common sense for the legislature to have placed the sole remedy for violation of NYLL § 191 in NYLL § 218(1).  It would also contravene the clear finding of New York's appellate courts, because as shown *supra*, the language of these courts clearly shows that a failure to abide by NYLL § 191 is treated as a failure to pay wages. Moreover, there is no conflict between NYLL § 198, and NYLL § 218. *See* NYLL § 218(4) "the civil penalty provided for in this section shall be in addition to and may be imposed concurrently with any other remedy or penalty provided for in this chapter"); NYLL § 198(2) ("the remedies provided by this article may be enforced simultaneously or consecutively so far as not inconsistent with each other"); *see also Vega*, 175 A.D. 3d at 1147 (citing *AHA Sales, Inc*, 58 A.D. 3d, at 15) ("[NYLL § 198] provides that individuals may bring suit against an employer for violations of the labor laws, even if the Commissioner chooses not to do so").

Accordingly, it is clear that when creating NYLL § 191(1)(a), New York's legislature identified manual workers as employees that are "dependent upon their wages for sustenance." *Vega* 175 A.D. 3d at 1146 (quoting *Vetri,* 309 N.Y. at 405;  *see also People v. Bloom*, 167 N.Y.S.3d 179 (City Ct. 1957) ("the purpose of [NYLL § 191] [is] to protect the manual worker who was dependent upon the 'wages' he received weekly for this existence"). Therefore, it would contravene

the clear intentions of the legislature for the Court to find that no private right of action exists. *See Scott*, 2019 WL 155942, at *4 ("permitting an employer to flout the requirements of § 191 with impunity, so long as it eventually pays its employee the wages owed, is inconsistent with the stated purposes of the NYLL"). Consequently, the Court should find that Plaintiff holds a private right of action to redress Defendant's violations of NYLL § 191.[5]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied in its entirety.

---

[5] Defendant's last gasp is to make a public policy argument that if a private right is allowed, then a "flood" of litigation will follow. *See* ECF No. 23-6, pg. 9. Unknowingly, Defendant makes an argument for the creation of a private right working side by side with an administrative enforcement component, as they argue that despite the efforts of the DOL, such a high number of claims must exist for a statute that is straightforward and clear in it requirements. Plaintiff also disputes this argument, because since the *Vega* decision, every court in this Circuit that has faced this question has ruled that a private right exists under NYLL § 191. However, no "monumental waste of judicial resources" has been noted.

Dated: New York, New York
       May 5, 2021

                                      Respectfully submitted,

                                      /s/ Brian S. Schaffer
                                      Brian S. Schaffer

                                      **FITAPELLI & SCHAFFER, LLP**
                                      Brian S. Schaffer
                                      Hunter G Benharris
                                      28 Liberty Street
                                      New York, New York 10005
                                      Telephone: (212) 300-0375

                                      *Attorneys for the Plaintiff and
                                      putative class*