UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
            :

BRIGETTE MABE, individually and on behalf   :
of all others similarly situated,           :    Case No. 1:20-cv-00591 (TJM)(CFH)
            :
         Plaintiff,     :
            :
  -against-           :
            :
WAL-MART ASSOCIATES, INC.,       :
            :
         Defendant.   :
            :
            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S RENEWED MOTION TO DISMISS
## THE FIRST CAUSE OF ACTION IN THE COMPLAINT

GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
Tel:  (518) 689-1400
Fax: (518) 689-1499

*Attorneys for Defendant Wal-Mart
Associates, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ...........................................................................................................2

     I.      NO PRIVATE CAUSE OF ACTION EXISTS UNDER N.Y.
           LABOR LAW §§ 191(1)(a) OR 198(1-a) ............................................... 2

           A.     The Third *Sheehy* Factor Bars Finding a Private Right
                   of Action ........................................................................................4

           B.     DOL Classifies Alleged Untimely Payments as
                   Non-Wage Claims.........................................................................6

           C.     Plaintiff's Argument Under N.Y. C.P.L.R. 3018(b) is Meritless ...............9

CONCLUSION........................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Case**

*Scott v. Whole Foods Market Group, Inc.*,
  2019 U.S. Dist. LEXIS 61726 (E.D.N.Y. Apr. 9, 2019) ...........................................................3

**State Cases**

*AHA Sales, Inc. v. Creative Bath Products, Inc.*,
  867 N.Y.S.2d 169 (2d Dep't 2008)...........................................................................6

*Matter of Angello v. Labor Ready, Inc.*,
  7 N.Y.3d 579 (2006) ...................................................................................4

*Carrier v. Salvation Army*,
  88 N.Y2.d 298 (1996) .................................................................................5

*Clancy v. State of New York*,
  126 Misc. 2d 292 (Ct. Cl. 1984) .....................................................................5

*Cruz v. TD Bank, N.A.*,
  22 N.Y.3d 61 (2013) ................................................................................4, 5

*Doe v. Roe*,
  190 A.D.2d 463 (4th Dep't 1993).....................................................................6

*Gottlieb v. Kenneth D. Laub & Co.*,
  82 N.Y.3d 457 (1993) .................................................................................4

*Haar v. Nationwide Mutual Fire Insurance Company*,
  34 N.Y.3d 224 (2019) .................................................................................5

*IKEA U.S., Inc. v. Industrial Board of Appeals*,
  241 A.D.2d 454 (2d Dep't 1997) ....................................................................1

*Larson v. Albany Medical Center*,
  252 A.D.2d 936 (3d Dep't 1998) ....................................................................5

*People v. Vetri*,
  309 N.Y. 401 (1955) ..................................................................................4

*Sheehy v. Big Flats Community Day*,
  73 N.Y.2d 629 (1989) .................................................................................5

*Truelove v. Northeast Capital & Advisory*,
  95 N.Y.2d 220 (2000) .................................................................................4

*Uhr v. East Greenbush Central School District*,
  94 N.Y.2d 32 (1999) ..................................................................................5

*Vega v. CM & Associates Construction Management, LLC*,
  175 A.D.3d 1144 (1st Dep't 2019) ..................................................................3

**Federal Rule**

Federal Rules of Civil Procedure 12(b)(6)...........................................................................1

**State Statutes**

New York Civil Practice Law and Rules 3018(b) ................................................................9

New York Civil Rights Law § 79-i.....................................................................................5

New York Labor Law § 190(1) ..........................................................................................4

New York Labor Law § 191 .......................................................................................*passim*

New York Labor Law § 191(1) ..........................................................................................3

New York Labor Law § 191(1)(a) .........................................................................1, 2, 4, 6, 9

New York Labor Law § 191-b.............................................................................................6

New York Labor Law § 198 .......................................................................................1, 2, 3, 6, 8

New York Labor Law § 198(1) ..........................................................................................6

New York Labor Law § 198(1-a) ..........................................................................1, 2, 3, 4, 6, 9

New York Labor Law § 218 ...................................................................................1, 2, 6, 9

New York Social Services Law § 460-d..............................................................................5

Defendant Wal-Mart Associates, Inc. ("Defendant"), by and through its attorneys Greenberg Traurig, LLP, respectfully submits this reply memorandum of law in support of its renewed motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the First Cause of Action of Plaintiff Brigette Mabe's ("Plaintiff") Complaint.

## PRELIMINARY STATEMENT

Plaintiff uses the words "plainly," "clear" and "clearly" at least 18 times in her opposition memorandum (hereinafter, "Op. Mem.").  For example, Plaintiff asserts that:

- The language of N.Y. Lab. Law §§ 191 and 198 "plainly" proves "the existence of a private right of action," even though she never quotes from the statutes' text (Op. Mem. at 6);

- "[I]t is clear that New York's legislature intended for employees to have a private right of action to bring claims for an employer's failure to pay timely wages according to NYLL § 191," even though she cites no legislative history (Op. Mem. at 1, 6); and,

- The New York State Department of Labor ("DOL") "clearly" equates a violation of the frequency of payments rules in § 191 to an "underpayment" for which liquidated damages are recoverable under § 198(1-a), despite agency policy to the contrary (Op. Mem. at 13).

Only two things are "plain" or "clear" about Plaintiff's conclusory assertions.  First, they are incorrect.  Second, they ignore the Court's instructions in its March 18, 2021 Decision and Order.  The Court asked Plaintiff to address (1) Defendant's "expansive review of the legislative history of NYLL §§ 191 and 198, *see* Exh. A & B to Greenberg Declr."; (2) newly asserted facts underlying *IKEA U.S., Inc. v. Indus. Bd. of Appeals,* 241 A.D.2d 454, 660 N.Y.S.2d 585 (N.Y. App. Div., 2d Dep't 1997); and (3) other material "purportedly indicating that '[t]ime and again, the Department of Labor has opined that the sanction for a § 191(1)(a) violation is a civil penalty imposed by the Commissioner under N.Y. Lab. Law § 218.'"  Dkt. 22 at 14.  The Court also asked Plaintiff to address whether Defendant's "arguments based on the newly cited material represents data that would persuade the Court to conclude that the New York Court of Appeals would not

accept the holding in *Vega,* or to conclude that the *Sheehy* factors compel a decision contrary to that reached in *Vega*." *Id.*

But Plaintiff ignored this Court's requests, and instead rehashes arguments and case citations set forth in her initial opposition to the motion to dismiss. Nowhere in Plaintiff's opposition does she take up the Court's invitation to address Defendant's "newly cited material" about §§ 191 and 198's legislative history, the Labor Commissioner's order in the *IKEA* matter or the DOL advisory opinion and Resolution of Decision from the Industrial Board of Appeals that invoke N.Y. Lab. Law § 218 as the statutory basis for imposing civil penalties against employers that violate N.Y. Lab. Law § 191.

Thus, Plaintiff fails to address the issues identified by this Court in its Decision and Order. Instead, Plaintiff simply assumes the conclusion (without giving a basis for it) that an untimely payment under Lab. Law § 191(1)(a) constitutes an "underpayment" for which she can recover liquidated damages and attorney fees under Lab. Law § 198(1-a), and exponentially multiply those draconian penalties through a class action. (Op. Mem. at 3.) As Defendant previously demonstrated, however, this argument is inconsistent with the plain English meaning of the term "underpayment," the 120-year legislative history of N.Y. Lab. Law §§ 191 and 198 and their statutory predecessors, and DOL's treatment of untimely payments. Plaintiff's First Cause of Action should be dismissed.

## ARGUMENT

## I.   NO PRIVATE CAUSE OF ACTION EXISTS UNDER N.Y. LABOR LAW §§ 191(1)(a) OR 198 (1-a)

Plaintiff's most recent submissions only confirm that the First Cause of Action should be dismissed because no private right of action exists for a violation of N.Y. Lab. Law § 191(1)(a)'s frequency of pay requirements either under that statute or Lab. Law § 198(1-a). Plaintiff complains

2

only of the alleged timing of her wage payments.  Plaintiff does not and cannot dispute she was paid all wages dues, and she is not seeking any alleged unpaid wages in connection with her First Cause of Action.

As Defendant demonstrated in its original Motion to Dismiss, New York's Labor Law contains no provision for the private recovery of statutory damages with respect to the frequency of payments.  Although Plaintiff points to N.Y. Lab. Law § 198(1-a), the language of that statute refutes Plaintiff's position.  It allows for liquidated damages and other forms of relief in connection with the "underpayment of wages."  N.Y. Lab. Law § 198(1-a).  But nothing in § 198(1-a) provides for such relief based solely on a failure to comply with the frequency of pay provisions in N.Y. Lab. Law § 191.

The question at hand is one of pure statutory interpretation, involving two statutes for which a vast body of legislative history exists that can be traced to the late 19th Century.  Before 2019, state and federal courts uniformly held that no private right of action existed for a mere frequency of pay violation, without an underpayment of wages.[1]  Over nearly 120 years, no court had held that an implied right of action exists for a violation of N.Y. Lab. Law § 191 through the damages provision at N.Y. Lab. Law § 198(1-a).

In her new set of opposition papers, Plaintiff does not and cannot answer Defendant's argument that the plain English meaning of "underpayment" refers to amount, not timing, apart from citing *Vega's* flawed analysis and other recent cases blindly following it.  Nor does Plaintiff

---

[1] *Scott v. Whole Foods Mkt. Grp., Inc.,* 2019 U.S. Dist. LEXIS 61726, at *9, 2019 WL 1559424, at *4-5 (E.D.N.Y. Apr. 9, 2019) appears to be the first decision holding that an implied right of action exists for a violation of N.Y. Lab. Law § 191(1) through the damages provision at N.Y. Lab. Law § 198.  Five months later, the Appellate Division, First Department, handed down its decision in *Vega v. CM & Assocs. Constr. Mgmt., LLC,* 175 A.D.3d 1144, 107 N.Y.S.3d 286 (N.Y. App. Div., 1st Dep't Sept. 10, 2019).

3

attempt to rebut the mountain of legislative history presented by Defendant that belies any suggestion the Legislature intended to make N.Y. Lab. Law § 198(1-a) a vehicle for assessing draconian damages against an employer for violating N.Y. Lab. Law § 191(1)(a).

Instead, Plaintiff repeats the mantra that an untimely payment constitutes an underpayment and further asserts that existing Court of Appeals' authority suggests a N.Y. Lab. Law § 191 violation is actionable under N.Y. Lab. Law § 198(1-a).  (Op. Mem. at 1, 2, 3, 5, 6, 8, 10.)  But repetition does not make a meritless argument more persuasive.  Further, the decisions Plaintiff cites involve issues that are irrelevant to the matter at hand.  *See, e.g., Matter of Angello v. Lab. Ready, Inc.,* 7 N.Y.3d 579, 825 N.Y.S.2d 674, 859 N.E.2d 480 (N.Y. 2006) (construing N.Y. Lab. Law § 193, which addresses deduction from wages); *Truelove v. Ne. Cap. & Advisory*, 95 N.Y.2d 220, 715 N.Y.S.2d 366, 738 N.E.2d 770 (N.Y. 2000) (holding incentive payments based on employer's overall financial success and payable in the employer's discretion were not within N.Y. Lab. Law § 190(1)'s definition of "wages"); *Gottlieb v. Kenneth D. Laub & Co.,* 82 N.Y.2d 457, 461 n.2, 605 N.Y.S.2d 213, 216 n. 2, 626 N.E.2d 29, 32 n. 2 (N.Y. 1993) (holding plaintiff was not entitled to attorney's fees under N.Y. Lab. Law § 198(1-a) when plaintiff did not bring a claim for a substantive violation of the Lab. Law; expressly noting that "plaintiff did not plead any claim under N.Y. Lab. Law § 191); *People v. Vetri,* 309 N.Y. 401, 131 N.E.2d 568 (N.Y. 1955) (construing the term "wages" narrowly and holding that "vacation pay" did not fall within that term, absent clear statutory language establishing that the Legislature intended otherwise).

A.    **The Third *Sheehy* Factor Bars Finding a Private Right of Action**

Under settled New York law, without an express private right of action, Plaintiff may bring a damages action against Defendant "only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history."  *Cruz v. TD Bank, N.A.,* 22 N.Y.3d 61, 70, 979 N.Y.S.2d 257, 262, 2 N.E.3d 221, 226 (N.Y. 2013) (internal citations and

quotation marks omitted). "Stated differently, absent explicit legislative direction, . . . it is for the courts to determine, in light of the statutory provisions, particularly those relating to sanctions and enforcement, and their legislative history, and of existing common-law and statutory remedies, with which legislative familiarity is presumed, what the Legislature intended." *Haar v. Nationwide Mut. Fire Ins. Co.,* 34 N.Y.3d 224, 228, 115 N.Y.S.3d 197, 138 N.E.3d 1080 (N.Y. 2019) (internal quotation, citations and brackets omitted).

In *Sheehy v. Big Flats Community Day,* the New York Court of Appeals identified the three factors to be considered in determining whether a private right of action can be implied from the statutory text and legislative history. 73 N.Y.2d 629, 633-34, 543 N.Y.S.2d 18, 20, 541 N.E.2d 18, 20 (N.Y. 1989). The third factor — whether creation of a private right of action would be consistent with the legislative scheme — is the "most important" consideration[2] and trumps the first two factors where it would be inconsistent with the legislative scheme to find such right of action.[3] In general, courts find an implied right of action inconsistent with the legislative scheme when a remedial framework or enforcement measure is established by the Legislature. *See, e.g., Carrier v. Salvation Army,* 88 N.Y2d 298, 303, 667 N.E.2d 328, 644 N.Y.S.2d 678 (N.Y. 1996) (no private right of action where statutory enforcement authority under N.Y. Soc. Serv. Law § 460-d is "'expressly vested only in the Department, with additional equitable enforcement remedies available upon the request of the [D]epartment' through the Attorney—General"); *Larson v. Albany Med. Ctr.,* 252 A.D.2d 936, 676 N.Y.S.2d 293 (N.Y. App. Div., 3d Dep't 1998) (no private right of action for violation of N.Y. Civ. Rights Law § 79-i, as the statute provides for

---

[2] *Cruz.,* 22 N.Y.3d at 70, 979 N.Y.S.2d 257, 2 N.E.3d 221 (N.Y. 2013).

[3] *See, e.g., Id.* at 71-78, 979 N.Y.S.2d at 262-267, 2 N.E.3d at 226-231; *Sheehy,* 73 N.Y.2d at 634, 543 N.Y.S.2d at 20-21, 541 N.E.2d at 20-21; *Uhr v. E. Greenbush Cent. Sch. Dist.,* 94 N.Y.2d 32, 40-42, 698 N.Y.S.2d 609, 613-14, 720 N.E.2d 886, 889-91 (N.Y. 1999).

prosecution of a misdemeanor); *Clancy v. State of N.Y.*, 126 Misc. 2d 292, 293, 481 N.Y.S.2d 943 (N.Y. Ct. Cl. 1984) (violation of N.Y. Workers' Comp. Law § 120, does not provide a substantive cause of action, where Workers' Compensation Board may award civil penalties and order the restoration of an employee to former employment).

Here, application of the third *Sheehy* factor compels the conclusion that no private right of action is available to Plaintiff for a frequency of pay violation.  The Legislature has provided an administrative enforcement mechanism in N.Y. Lab. Law § 218 for non-wage claims, such as those alleged by Plaintiff.  In those instances where an implied private right of action has been found, courts generally note the presence of factors such as direct support for such a right in the language of the statute or legislative history.  But here, Plaintiff fails to quote from any portion of N.Y. Lab. Law §§ 191(1)(a) and 198(1-a) or cite any actual legislative history that support the existence of a private right of action for an untimely payment of wages.[4] As a result, the third *Sheehy* factor bars finding a private right of action under N.Y. Lab. Law § 191(1)(a) and § 198(1-a).

B.     **DOL Classifies Alleged Untimely Payments as Non-Wage Claims**

Contrary to Plaintiff's assertions, DOL does not equate a frequency of pay violation under N.Y. Lab. Law § 191(1)(a) as an "underpayment" within the meaning of N.Y. Lab. Law § 198 or for any other purpose.  (Op. Mem. 13-14.)  Ignoring the DOL advisory opinion and Industrial Board of Appeals' Resolution of Decision cited by Defendant — and for which this Court

---

[4] Thus, Plaintiff misplaces her reliance on *AHA Sales, Inc. v. Creative Bath Products, Inc.,* 867 N.Y.S.2d 169 (N.Y. App. Div., 2d Dep't 2008), which holds that N.Y. Lab. Law § 191-b conferred a private right of action on a commissioned salesperson that sought to recover unpaid (not untimely) wages and commissions — quintessentially an "underpayment" within the meaning of N.Y. Lab. Law §§ 198(1), (1-a).  In fact, *AHA Sales Inc.* stresses that the statutory language "indicat[es] that wage claims asserted by individuals . . . are permissible."  *Id.* at 16, 867 N.Y.S.2d at 169.  *See also Doe v. Roe,* 190 A.D.2d 463, 470, 599 N.Y.S.2d 350 (N.Y. App. Div., 4th Dep't 1993) (language of statute "acknowledged a private cause of action").

requested a response — Plaintiff cites a few other opinions and asserts (without evidence) that "DOL has consistently interpreted violations of NYLL § 191 to constitute a failure to pay wages." (Op. Mem. at 13.)  Yet, not one of the opinions cited by Plaintiff supports this characterization of DOL policy.  The opinions merely state what no one disputes — that N.Y. Lab. Law § 191 sets forth time frames for payment of wages to certain workers and an employer's failure to abide by those time frames violates that statute.[5]

Indeed, DOL's long-established policy is to treat allegations of untimely payments by an employer as "non-wage complaints."  Accessible on DOL's website are written instructions for employees who wish to file a complaint against employers.  The instructions distinguish between "wage claims" and "non-wage claims," and classify allegations about the "timely payment of wages" as "non-wage complaints."  *See* Information About Filing a Claim, https://dol.ny.gov/system/files/documents/2021/03/ls223.2.pdf, at 2 ("**Make a non-wage complaint** if your employer failed to provide the required meal period, day of rest, pay stub, notice of pay, timely payment of wages . . . .") (emphasis in original).  DOL's complaint form (also accessible on the agency website) thus separates underpayment of wages claims from untimely payments claims.  *See* Labor Standards Complaint Form, https://dol.ny.gov/system/files/documents/2021/03/ls223.pdf.  For example, claims for unpaid wages, unpaid sick leave, unpaid wage supplements and unpaid minimum wage or overtime claims are addressed in Parts 4-7 of the complaint form.  *Id*. at 3-5.  In contrast, "Non-Wage Complaints", which includes the failure to "pay wages on time," are addressed in Part 8.  *Id*. at 5.

---

[5] *See* DOL Gen. Counsel Opn. RO-07-0092, at 1 (an employer who fails to pay a manual worker's wages "within the time frame set by Labor Law § 191 is in violation of that statute"); DOL Gen. Counsel Opn. RO-08-0094 (payment of wages under § 191 "is required, at the latest, in the next pay period after they are earned"); DOL Gen. Counsel Opn. RO-07-0030, at 1 ("The time within which such earned wages must be paid is governed by Labor Law § 191.").

Thus, because N.Y. Lab. Law § 198 creates rights of action for specified types of "wage claim[s]," non-wage claims, such as the untimely payment claims alleged by Plaintiff, are not actionable under subdivision (1-a) of that statute. *See* N.Y. Lab. Law § 198 (1-a) (setting forth the remedies "[i]n any action instituted in the courts upon a **wage claim** by an employee . . . in which the employee prevails") (emphasis added).

There is no substance to Plaintiff's reliance on a mere email exchange between a DOL investigator and an employer to assert that DOL "equate[s] a violation of NYLL § 191 to an underpayment." (Op. Mem. at 13-14.) The employee submitted to DOL a textbook example of an underpayment claim: that she "worked and was not paid in full" totaling $141.15. (Dkt. No. 24-3, at 11.) In response, the investigator advised the employer that DOL could collect amounts due in "unpaid wages." (*Id.*) The investigator also advised that, if the employer failed to timely respond to the complaint, DOL could "assess 25% liquidated damages to the amount claimed." (*Id.*) When the employer did not respond, the investigator raised the liquidated damages to 50%, advising the employer that, "[w]hen employers **underpay** their employees they subject themselves to paying the employee [liquidated] damages in addition to wages." (*Id.* at 6 (emphasis added).)

When the employer finally responded to DOL, the investigator advised that if the $141.15 owed to the employee had already been paid, but such payment was made more than 7 days after the end of the pay period in question, then the employer was still liable for 50% liquidated damages. (*Id.* at 5.) The employer quickly resolved the complaint by remitting a check for $70.58. (*Id.* at 2-4.)

Nowhere in this email exchange, involving a $141.15 wage claim, did the investigator state or imply that DOL policy equated an untimely payment with an underpayment. To the contrary, the investigator distinguished between the two. With respect to an untimely payment, the

investigator correctly stated that "[i]t is a violation of Sections 191.1D and/or 191.1A . . . to withhold wages from an employee," never once referring to such a fact pattern as an underpayment. (*Id*. at 6.) Likewise, with respect to the employer's initial nonpayment of the $141.15 wages owed, the investigator correctly observed that DOL was authorized to assess liquidated damages. (*Id*. at 6; *see* N.Y. Lab. Law § 218 (providing that DOL Commissioner may assess against an employer "liquidated damages in the amount of one hundred percent of unpaid wages" for violating a provision of Article 6 of the N.Y. Lab. Law).)

In any event, the exchange between the investigator does not purport to be a DOL policy statement. It reflects no more than a discrete investigation into a wage claim. DOL policy is set forth in the advisory opinion and Resolution of Decision of the Industrial Board of Appeals submitted by Defendant (and ignored by Plaintiff) and on DOL's website in the form of instructions to claimants and the complaint form, not in emails to private businesses. These documents establish that DOL considers an untimely payment under Lab. Law § 191 to be a "non-wage claim" subject to civil penalties assessed by the DOL Commissioner pursuant to N.Y. Lab. Law § 218 — not N.Y. Lab. Law § 198(1-a). Plaintiff cites no evidence suggesting otherwise.

### C. Plaintiff's Argument Under N.Y. C.P.L.R. 3018(b) is Meritless

Finally, Plaintiff's newly minted argument that payment of wages under Article 6 of the N.Y. Lab. Law constitutes an affirmative defense under N.Y. C.P.L.R. 3018(b) is beyond the scope of what this Court requested in its Decision and Order. (Op. Mem. at 5-6.) Affirmative defenses under the C.P.L.R. are also irrelevant to whether Plaintiff has a private right of action under N.Y. Lab. Law §§ 191(1)(a) and/or 198(1-a), which is the question at hand. Nothing in the C.P.L.R. nor in the cases come remotely close to supporting Plaintiff's contention that if an affirmative defense is available to a defendant, then a plaintiff has a right of private action.

9

## <u>CONCLUSION</u>

For the foregoing reasons, and for the reasons set forth in its prior submissions, Defendant Wal-Mart Associates, Inc. respectfully requests that the Court issue an order (1) granting the renewed motion to dismiss; (2) dismissing the First Cause of Action in the Complaint in its entirety and with prejudice; and (3) granting such other and further relief as the Court deems appropriate.

Dated: Albany, New York
  May 12, 2021

       Respectfully submitted,

       **GREENBERG TRAURIG, LLP**

       By: <u>*s/ Henry M. Greenberg*</u>
        Henry M. Greenberg (Bar No. 101854)

       54 State Street, 6th Floor
       Albany, New York 12207
       (518) 689-1492
       greenbergh@gtlaw.com

       *Attorneys for Defendant Wal-Mart Associates, Inc.*