**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIGETTE MABE, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> WAL-MART ASSOCIATES, INC., <br><br> Defendant. | No.: 20 Civ. 00591 (TJM)(CFH) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS**

Plaintiff, by and through her undersigned counsel, hereby submits this Notice of Supplemental Authority in further opposition of Defendant's renewed motion to dismiss (Doc. No. 23).

In *Rodrigue v. Lowe's Home Centers, LLC*, the Eastern District addressed a motion to dismiss NYLL § 191(1)(a) claims, where the defendants argued that no private right of action is afforded by NYLL § 191. *See* No. 20 Civ. 1127 (RPK)(RLM), ECF No. 28 (E.D.N.Y. Aug. 27, 2021). The court declined the defendants' argument, and instead followed the decision of the First Department in *Vega v. CM & Associates Construction Mgt., LLC*. *See id.* at 9-10. (citing 175 A.D. 3d 1144 (1st Dept. 2019)). Moreover, the *Rodrigue* court explained that the *Ikea U.S. Inc. v. Indus. Bd. of Appeals* case "does not address whether employees may obtain liquidated damages for untimely payments." *See id.* at *20 (citing 241 A.D.2d 454, 455 (N.Y. App. Div. 1997). Therefore, the Court found that the defendants had to offer "persuasive evidence that the state's highest court

would reach a different conclusion" than the *Vega* court. However, the defendants did not meet this burden:

> "defendants [do not] grapple with Vega's observation about the parallel FLSA provision addressing liquidated damages; they do not explain why the New York Court of Appeals would give a substantially narrower reading to Section 198(1-a) than the Supreme Court gave to the section's federal counterpart. After all, the Second Circuit has concluded that 'there are no meaningful differences' in the wording of the state and federal provisions."

*See id.* at 10 (citing *V.S. v. Muhammad,* 595 F.3d 426, 432 (2d Cir. 2010); *Rana v. Islam*, 887 F. 3d 118, 123 (2d Cir. 2018). Finally, the Court noted that "Since *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law." *See id.* at 9 (citing *Mabe v. Wal-Mart Assocs., Inc.*, No. 20 Civ. 591, 2021 WL 1062566, at *5 (N.D.N.Y. Mar. 18, 2021); *Sorto v. Diversified Maint. Sys.*, LLC, No. 20 Civ. 1302, 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020); *Duverny v. Hercules Medical P.C.*, No. 18 Civ. 7652, 2020 WL 1033048, at *6 (S.D.N.Y. Mar. 3, 2020); *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18 Civ. 86, 2020 WL 9814095, at *3 (E.D.N.Y. Feb. 5, 2020). As such, the Court denied the defendants' motion to dismiss. *See id.* at *12.

The case at bar is substantially similar to *Rodrigue*. In that regard, Plaintiff here has also alleged that Defendant violated NYLL § 191(1)(a). In turn, Defendant has also made a motion to dismiss this claim by arguing that no private right of action exists. However, Defendant's arguments fail for the same reason as the *Rodrigue* defendants, because they rely on the incorrect proposition that the *Ikea* case runs counter to the decision of the First Department in *Vega*. Moreover, Defendant offer no persuasive evidence on why the Court of Appeals would construe the NYLL to be more restrictive than the FLSA, especially where the Second Circuit has found that "no meaningful differences" exist between the statues. *See Rana*, 887 F. 3d at 123. Instead, Defendant asks the Court to rule counter to every one of its post-*Vega* sister courts. Accordingly,

2

Plaintiff respectfully requests that the Court consider the *Rodrigue* decision in in rendering its decision on Defendant's motion.

Dated: New York, New York
August 30, 2021

By: s/Brian S. Schaffer
Brian S. Schaffer

Brian S. Schaffer
Hunter G Benharris
FITAPELLI & SCHAFFER LLP
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375
Facsimile: (212) 481-1333
*Attorneys for Plaintiff and the Putative Class*

TO: GREENBERG TRAURIG, LLP (via ECF)
Henry M. Greenberg
54 State Street, 6th Floor
Albany, New York 12207
Telephone: (518) 689-1400
greenbergh@gtlaw.com