**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIGETTE MABE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>WAL-MART ASSOCIATES, INC.,<br><br>Defendant. | No.: 20 Civ. 00591 (TJM)(CFH) |

### NOTICE IN FURTHER OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS

It is not accidental that Defendant has, without context, offered *Konkur v. Utica Academy of Science Charter School* as supplemental authority. An examination of *Konkur* reveals that nothing in the decision limits Plaintiff's rights under NYLL § 191.  Rather, the Court of Appeals narrowly held that NYLL § 198-b does not contain an implied private right of action for kickback violations. No such allegation has been made in the instant case. In rendering its opinion, the Court of Appeals recognized the long-standing principle that a private right of action *does* exist under NYLL § 191, as it relates to the payment of wages:

> "As we have made clear, the attorney's fees remedy provided for in section 198 (1-a) must relate to 'wage claims based upon violations of one or more of the substantive provisions of Labor Law [A]rticle 6'[.] And it is Labor Law 191 that 'generally regulates payment of wages by employers and creates reciprocal rights of employees.'"

*See* ECF Doc. No. 32-1, pg. 7 (quoting *Gottlieb v Kenneth D. Laub & Co.*,82 NY2d 457,459 (1993)). The dissent in *Konkur* also addressed NYLL § 191, and confirmed the majority opinion's

discussion. *See id.*, pg. 16, ftn. 2 ("[t]he majority attempts to narrow the scope of protections afforded to employees in [A]rticle 6 by suggesting that section 191 contains the entirety of privately cognizable claims").

Accordingly, it is respectfully submitted that the limited holding in *Konkur* does not defeat Plaintiff's argument that Defendant's violation of NYLL § 191 constitutes a substantive violation of NYLL Article 6, and affords Plaintiff the remedies set out by NYLL § 198. Therefore, *Konkur* should not be considered as supplemental authority for the Defendant.

Plaintiff thanks the Court for its time and consideration.

Dated:     New York, New York
           February 17, 2022

                                          By:   s/Brian S. Schaffer
                                                Brian S. Schaffer

                                                Brian S. Schaffer
                                                Hunter G Benharris
                                                FITAPELLI & SCHAFFER LLP
                                                28 Liberty Street, 30th Floor
                                                New York, NY 10005
                                                Telephone: (212) 300-0375
                                                Facsimile: (212) 481-1333
                                                *Attorneys for Plaintiff and the Putative Class*

TO:   GREENBERG TRAURIG, LLP (via ECF)
      Henry M. Greenberg
      54 State Street, 6th Floor
      Albany, New York 12207
      Telephone: (518) 689-1400
      greenbergh@gtlaw.com