2022 WL 563264
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

SALMA ELHASSA, individually
and on behalf of all others
similarly situated, Plaintiff,
v.
HALLMARK AVIATION
SERVICES, L.P., Defendant.

21-cv-9768 (LJL)
|
Filed 02/24/2022

MEMORANDUM AND ORDER

LEWIS J. LIMAN United States District Judge

 *1  Defendant Hallmark Aviation Services, L.P. ("Defendant" or "Hallmark") moves for a stay of discovery pending the Court's decision on its motion to dismiss the complaint of plaintiff Salma Elhassa ("Plaintiff" or "Elhassa") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 21.

Defendant offers load and flight control, crew administration, check-in and ticketing, centralized baggage, and training services at airports throughout the country, including at LaGuardia Airport and John F. Kennedy Airport ("JFK Airport") in New York. Dkt. No. 1 ¶ 2. Plaintiff was employed as a customer service agent at JFK Airport from July 2019 through March 2021, and from November 7, 2021 to present. *Id.* ¶ 10. She brings this action on behalf of herself and all other similar customer service agents who work or have worked for Hallmark in New York in the past six years to remedy what she claims are violations of the New York Labor Law ("NYLL"). *Id.* ¶¶ 8, 23. Specifically, she alleges two separate violations of the NYLL. First, she alleges that Defendant failed to pay her wages on the weekly basis upon which she was entitled to be paid as a manual laborer and thus Defendant has violated the timely payment of wages provisions under the NYLL. *Id.* ¶¶ 52-55 (citing NYLL § 191). Second, she alleges that she (and other members of the class) did not receive wage notices and wage statements as required by the NYLL; although Defendant gave her a numerical code to use on its proprietary computer system, it did not provide her an email or password which is necessary access the paystub and the software does not allow one to set up an email or password. *Id.* ¶¶ 43-45, 56-59 (citing NYLL § 195).

The complaint was filed on November 23, 2021. Dkt. No. 1. Defendant filed its motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on February 21, 2022. Dkt. No. 19. Defendant filed its motion for a stay on February 22, 2022. Dkt. No. 21. Plaintiff opposes the stay. Dkt. No. 22. The Court held an initial pretrial conference yesterday, on February 23, 2022, and entered a case management plan, subject to being stayed if the Court granted this motion.

A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act. *See Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). A court will grant such a motion only upon a showing of good cause. *Id.* In deciding the motion, a court considers the following factors: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. May 22, 2013) (alteration in original) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

Defendant's motion is denied. First, as to the breadth of the discovery sought, Plaintiff represents that the primary paper discovery she will need consists of "payroll records, job descriptions, or other documents concerning job duties, any wage notice and wage statements that Defendant contends it provided to putative class members, and documents concerning the method by which Defendant contends it provided wage notices and wage statements to class members." Dkt. No. 22 at 3. This discovery should not be overly burdensome.[1] Significantly, Plaintiff represents that she is unlikely to need or want much if any email discovery.[2] Nor it is likely that Defendant will need to request and review extensive documents from Plaintiff who is alleged to be a manual worker seeking damages for late pay or, even assuming class discovery can go forward, against putative members of the class. Moreover, while Defendant contends that it will need extensive discovery with respect to Plaintiff's anticipated motion for class certification, the depositions of absent class members—if they are permitted and even if they exceed the presumptive ten in number—should not be

lengthy or overly expensive. Defendant states that it will need discovery to determine the duties performed and whether they were sufficient to qualify as a "manual worker." Dkt. No. 21 at 3.

**\*2** Defendant argues that Plaintiff will suffer no prejudice because a delay will not result in a loss of evidence or increase the difficulties of discovery and the case is still at its early stages. *Id.* at 4. That argument proves too much. Motions for stays of discovery based upon a motion to dismiss frequently (if not invariably) are made at the start of a case and at a time when the duty to preserve relevant documents has arisen. If Defendant's argument was accepted, the second factor in the *Hong Leong* test would always be decided in favor of the movant. If the complaint's allegations are to be credited, the Plaintiff is a manual worker who received pay late. There is an interest in moving the case forward.

Finally, and most significantly, and without prejudging the ultimate outcome of Defendant's motion to dismiss, the Court cannot say at this time that the motion "presents 'substantial grounds for dismissal,' or the alternative formulation presented by Judge Gorenstein, [that] Defendant has made a 'strong showing that [it] is likely to succeed on the merits.' " *Cambridge Capital*, 2021 WL 2413320, at \*1 (quoting *Hong Leong*, 297 F.R.D. at 72).

Defendant moves to dismiss on two grounds: (1) Plaintiff has not alleged facts to demonstrate her standing to pursue a NYLL § 191 frequency-of-pay claim because she does not allege harm as a result of being paid on a bi-weekly basis rather than a weekly basis, Dkt. No. 20 at 7; and (2) the NYLL does not provide a private right of action for untimely but full wage payments, *id.* at 9–18. Tellingly, Defendant does not move for dismissal of the complaint in its entirety. *Cf. Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at \*1 (S.D.N.Y. Mar. 16, 1999) (Rule 26 "enable[s] the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action.").

As to the first argument, Judge Kovner recently rejected it, holding: "the late payment of wages is a concrete harm. '[T]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing.' " *Caul v. Petco Animal Supplies, Inc.*, 2021 WL 4407856, at \*4 (E.D.N.Y. Sept. 27, 2021) (alteration in original) (quoting *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019)). Even if Plaintiff's allegations currently are on the light side and do not contain detail on how the late payment specifically harmed her, Plaintiff has represented that she is prepared to amend her complaint, and the Court thus cannot say at this stage that Defendant has substantial grounds for dismissal on the basis of standing.

The Court also cannot say that Defendant has made a strong showing that it is likely to succeed on its argument that there is no private right of action for the late payment of wages. The New York Appellate Division First Department has held that the New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages even if the wages are no longer past due, *see Vega v. CM & Assoc. Constr. Mgt., LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019), and as Judge Kovner concluded just months ago, "[s]ince *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law, *Caul*, 2021 WL 4407856, at \*3. Defendant argues that an even more recent decision of the New York Court of Appeals, *Konkur v. Utica Academy of Sci. Charter School*, 2022 WL 397774 (N.Y. Feb. 10, 2022), calls the decision of *Vega* and decisions of the courts that have followed it into question. Dkt. No. 21 at 2. But, as Defendant admits, the question in *Konkur* had to do with the implication of a private right of action for a different provision of the NYLL. *Vega* rested on a different ground. *Vega* did not hold that a private right of action was implied for the late payment of wages. It concluded that the NYLL "expressly provides a private right of action for [the late payment of wages]. Defendant's position that no private right of action exists is dependent on its erroneous assertion that the late payment of wages is not an underpayment of wages." *Vega*, 107 N.Y.S.3d at 288. Without prejudging the ultimate outcome of the motion to dismiss, those decisions are sufficient to cast doubt on the assertion that Defendant has made a "strong showing" that it is likely to succeed. *Cf. Cambridge Capital*, 2021 WL 2413320, at \*2 (denying motion for stay where it was not clear that movant's arguments were correct).

**CONCLUSION**

**\*3** The motion to stay discovery is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 21.

SO ORDERED.

**All Citations**

Slip Copy, 2022 WL 563264

Footnotes

1  If any particular request is overly burdensome, Defendant may move for a protective order as to that request.
2  Thus, Defendant's concern with respect to e-discovery appears to be ill-founded. *See* Dkt. No. 21 at 3.

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2022 Thomson Reuters. No claim to original U.S. Government Works.  3