UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
:
BRIGETTE MABE, individually and on behalf of :
all others similarly situated, : Case No. 1:20-cv-00591 (TJM)(CFH)
:
Plaintiff, :
:
-against- :
:
WAL-MART ASSOCIATES, INC., :
:
Defendant. :
:
:
------------------------------------------------------- X

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S NOTICE IN FURTHER OPPOSITION
## TO DEFENDANT'S RENEWED MOTION TO DISMISS

GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
Tel: (518) 689-1400
Fax: (518) 689-1499

*Attorneys for Defendant
Wal-Mart Associates, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... II

ARGUMENT ..................................................................................................................... 1

I.  THE COURT OF APPEALS' RECENT DECISION IN *KONKUR V. UTICA ACADEMY OF SCIENCE CHARTER SCH.* DOOMS PLAINTIFF'S ARGUMENT THAT N.Y. LABOR LAW §§ 191 AND 198 CONTAIN A PRIVATE RIGHT OF ACTION FOR A NON-WAGE CLAIM. ........................................ 1

CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**                                         **Page(s)**

*Broder v. Cablevision Sys. Corp.*,
   418 F.3d 187 (2d Cir. 2005) .......................................................................................... 6

*Elhassa v. Hallmark Aviation Servs.*,
   21-cv-9768, 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022) ............................................. 6

*Konkur v. Utica Academy of Science Charter Sch.*,
   [No. 8] slip op., 2022 N.Y. LEXIS 70, 2022 WL 397774 (N.Y., Feb. 10,
   2022) (Dkt. No. 32-1) ........................................................................................... *passim*

*Phansalker v. Andersen Weinroth & Co.*,
   344 F.3d 184 (2d Cir. 2003) .......................................................................................... 1

*Sheehy v. Big Flats Community Day*,
   73 N.Y.2d 629 (1989) .......................................................................................... 2, 5, 6

*Vega v. CM & Assocs. Constr. Mgt., LLC*,
   175 A.D.3d 1144, 107 N.Y.S.3d 286 (N.Y. App. Div., 1st Dep't) ............................ 5, 6

**Statutes**

N.Y. Labor Law article 6 ......................................................................................... 2, 3, 4

N.Y. Labor Law § 191 ............................................................................................. 3, 4, 6

N.Y. Labor Law § 195 ..................................................................................................... 3

N.Y. Labor Law § 197 ..................................................................................................... 4

N.Y. Labor Law § 198 ............................................................................................ *passim*

N.Y. Labor Law § 198(1-a) ..................................................................................... 1, 4, 5

N.Y. Labor Law § 198-b .......................................................................................... 1, 2, 3

N.Y. Labor Law § 198-b(5) ............................................................................................. 5

N.Y. Labor Law § 218 ..................................................................................................... 4

**Other Authorities**

New York State Department of Labor, *Information About Filing a Claim* ...................... 4

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 1

Defendant Wal-Mart Associates, Inc. ("Defendant"), by and through its attorneys Greenberg Traurig, LLP, respectfully submits this response to Plaintiff Brigette Mabe's ("Plaintiff") submission styled a "Notice in Further Opposition to Defendant's Renewed Motion to Dismiss" ("Notice"), dated February 17, 2022 (Doc. No. 32), and in further support of Defendant's renewed motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's First Cause of Action.

## ARGUMENT

**I. THE COURT OF APPEALS' RECENT DECISION IN *KONKUR V. UTICA ACADEMY OF SCIENCE CHARTER SCH.* DOOMS PLAINTIFF'S ARGUMENT THAT N.Y. LABOR LAW §§ 191 AND 198 CONTAIN A PRIVATE RIGHT OF ACTION FOR A NON-WAGE CLAIM.**

This Court's task in addressing an open question of New York law is to predict how the New York Court of Appeals would resolve it. *Phansalker v. Andersen Weinroth & Co.,* 344 F.3d 184, 199 (2d Cir. 2003) ("Where the substantive law of the forum state is uncertain or ambiguous, the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity."). But there is no longer a need to predict how the Court of Appeals would decide the questions presented here because that court just explained how it would answer them. In *Konkur v. Utica Academy of Science Charter Sch.,* [No. 8], slip op., 2022 N.Y. LEXIS 70, 2022 WL 397774 (N.Y., Feb. 10, 2022) (Dkt. No. 32-1), the Court of Appeals made clear that it would not find that a private right of action exists for a violation of N.Y. Lab. Law § 191(1)(a)'s frequency of pay requirements, either under that statute or N.Y. Lab. Law § 198(1-a).

In *Konkur,* the Court of Appeals held that Labor Law § 198-b, which prohibits wage kickbacks, does not contain an implied private right of action. In arriving at this result, the Court

enunciated the following general principles for determining whether a provision in article 6 of the Labor Law (such as N.Y. Labor Law §§ 191 and 198) contains an implied private right of action:

(1) Where no express private right of action exists, a plaintiff can seek civil relief in a plenary action based on a statutory violation "only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Konkur,* slip op., at 3 (internal quotation marks and citations omitted).

(2) *Sheehy v. Big Flats Community Day,* 73 N.Y.2d 629 (1989) sets forth the applicable three-factor test for determining whether the legislative intent favors an implied right. *Konkur,* slip op., at 3

(3) The third *Sheehy* factor — whether creation of a private right of action would be consistent with the legislative scheme — is the most important factor. *Id.* at 4 (citations omitted).

(4) The third *Sheehy* factor "typically turns on the legislature's choice to provide one particular enforcement mechanism to the exclusion of others because it demonstrates that the legislature considered and decided what avenues of relief were appropriate." *Id.* at 4 (internal quotation marks and citations omitted).

(5) If "[t]he Legislature specifically considered and expressly provided for enforcement mechanisms in the statute itself" (*id.* [internal quotation marks and citation omitted]), that demonstrates "the legislature considered how best to effectuate its intent and provided for relief it deemed warranted" (*id.* at 6 [internal quotation marks and citation omitted]).

(6) In such circumstances, the nonexistence of an express right supports the conclusion that a plenary private right of action would be inconsistent with the statutory enforcement scheme. *Id.* at 8.

Under these principles, because § 198-b contains no express right of action, the plaintiff in *Konkur* had to show that a legislative intent to create such a right of action could be implied from the relevant statues and their legislative history. After a painstaking review of § 198-b's legislative history, however, the Court of Appeals concluded that recognition of a private right of action would be inconsistent with the statutory enforcement scheme. *Id.* at 4-8. The decisive factor in the Court's analysis was the fact that the Legislature specifically considered and expressly provided regulatory and criminal law enforcement mechanisms for a § 198-b kickback violation. *Id.* at 4-6. This evidenced that "the Legislature considered how best to effectuate its intent and

2

provided the avenues for relief it deemed warranted." *Id.* at 6 (internal quotation marks and citation mitted). That being so, the Court "declined to find another enforcement mechanism beyond the statute's already comprehensive scheme." *Id.* at 6-7 (internal quotation marks and citation omitted).

The Court found support for its conclusion by analyzing the remedies provided in N.Y. Labor Law § 198 — the same statute invoked by Plaintiff here. *See id.* at 8 ("analysis of the remedies provided for in section 198 further supports the conclusion that a plenary private right of action for violations of section 198-b would be inconsistent with the comprehensive statutory enforcement scheme"). The Court noted that whenever the Legislature intended for an article 6 provision to be enforced individually, it expressly carved out a private right of action in § 198. *Id.* at 7 ("Where the legislature intended for an article 6 provision to be enforced individually, it expressly provided a private right of action.") (citations omitted); *see also id.* at 8 (noting that N.Y. Labor Law § 198 was amended in 2010 to set forth a private right of action [in subdivisions 1-b and 1-d] for certain notice requirements in N.Y. Labor Law § 195 and was amended in 2015 to set forth a private right of action [in subdivision 1-a] for a violation of N.Y. Labor Law § 194's prohibition against underpayment based on an employee's status in a protected class). But the Legislature did *not* include in § 198 an express private right of action for a kickback violation of § 198-b. *Id.*

Contrary to Plaintiff's assertion, there is nothing "narrow" or "limited" about the Court of Appeals' holding or analysis in *Konkur* — a point demonstrated by the 15-page dissent the majority opinion elicited. Defendant's Notice at 1-2. Nor is there any basis for Plaintiff's assertion that "the Court of Appeals recognized the long-standing principle that a private right of action does exist under NYLL § 191, as it relates to the payment of wages." *Id.* at 1. The portion of the Court's

3

decision quoted by Plaintiff does not state that § 191 itself contains an implied right of action. The Court's reference to § 191, rather, responds to that plaintiff's meritless argument that § 198 is a substantive provision (which it is not), unlike other provisions in article 6 of the Labor Law that set forth substantive rules (such as § 191). *See Konkur,* slip op., at 7.

*Konkur* puts a stake in the heart of Plaintiff's claim that N.Y. Labor Law §§ 191(1)(a) and 198(1-a) contain an implied private right of action. The decision makes clear that a plenary right of action cannot be implied for a violation of a substantive provision of article 6 of the Labor Law if the Legislature has specifically considered and expressly provided another enforcement mechanism. And that is precisely what the Legislature did with respect to § 191(1)(a)'s frequency of pay requirements. The statutory scheme and history establish that the Legislature vested exclusive responsibility to police violations of those requirements in the Commissioner of the Department of Labor ("DOL"). *See* N.Y. Lab. Law §§ 191(a)(ii), 197 and 218.[1] For that reason, the Court of Appeals would "decline to find another enforcement mechanism beyond [§ 191's] already comprehensive scheme." *Konkur,* slip op., at 6-7 (internal quotation marks and citation omitted).

Likewise, *Konkur* leaves no room for doubt that the Court of Appeals would not imply a private right of action in § 198 for a mere untimely payment, or, in DOL's parlance, a "non-wage claim."[2] As noted, *Konkur* found that where the Legislature intends to use § 198 as an enforcement mechanism for a violation of a substantive wage rule, it has done so expressly. *See Konkur,* slip

---

[1] *See* Dkt. No. 25, Memo. of Law in Support of Defendant's Renewed Mot. to Dismiss the First Cause of Action in the Compl., at 46; Dkt. No. 12-1, Memo. of Law in Support of Defendant's Motion to Dismiss the Compl., at 4-5; Dkt. No. 19, Defendant's Reply Memo. of Law in Support of Mot. to Dismiss Compl., at 2-7.

[2] *See* DOL, *Information About Filing a Claim,* at 2 ("Make a non-wage complaint if your employer failed to provide the required meal period, day of rest, pay stub, notice of pay, timely payment of wages, or took a negative action against you for making a complaint related to the Labor Law), https://dol.ny.gov/system/files/documents/2021/03/ls223.2.pdf (last accessed on Feb. 24, 2022).

op., at 7-8. But § 198 does not contain an express right of action for a mere frequency-of-pay violation, without an "underpayment of wages" — the phrase used in the statute. N.Y. Lab. Law § 198(1-a).

Even the dissent in *Konkur* shows why there is no substance to Plaintiff's contention that § 198 authorizes an action for untimely paid wages. In fact, the dissent in *Konkur* repeatedly states that section 198 contemplates claims to recover unpaid wages. *See Konkur,* slip op., dissenting op., at 6 (section 198 allows "'action for wages'"), 7 ("employees have a private right of action to recover unlawfully withheld wages"). Here, by contrast, Plaintiff was paid in full for all work performed.

Indeed, having barred employees from suing to recover wages extorted from them through kickback payments in *Konkur* — conduct for which the perpetrator is subject to criminal prosecution[3] — it is absurd to think the Court of Appeals would sanction a private right of action for a non-wage claim. This is all the more so, given Plaintiff's position here that, even without any actual damages, she is entitled to recover liquidated damages and attorneys' fees, and then exponentially multiply those draconian penalties through a class action.

Finally, *Konkur* makes clear that the cases relied on by Plaintiff were wrongly decided. Not one correctly applies the mode of analysis prescribed by the Court of Appeals. They all fail to rigorously apply the three-factor *Sheehy* test for determining when a right of action may be implied and analyze the text and legislative history of §§ 191(1)(a) and 198.

In particular, *Konkur* provides "persuasive data" that New York's highest court would reject the only state intermediate appellate court that addresses the issue at hand: *Vega v. CM &*

---

[3] *See* N.Y. Lab. Law § 198-b(5) ("A violation of the provisions of this section shall constitute a misdemeanor.").

5

*Assocs. Constr. Mgt., LLC,* 175 A.D.3d 1144, 107 N.Y.S.3d 286 (N.Y. App. Div., 1st Dep't) (N.Y. Lab. Law § 191 contains an implied private right of action). *See Broder v. Cablevision Sys. Corp.,* 418 F.3d 187, 199-200 (2d Cir. 2005) ("As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts . . . in the absence of any contrary New York authority or other persuasive data establishing that the highest court of the state would decide otherwise."). For example, *Vega* erroneously assumes that the third *Sheehy* factor warrants finding an implied private right of action under N.Y. Labor Law § 198, because "section 198 explicitly provides that individuals may bring suit against an employer for violations of the labor laws, even if the Commissioner chooses not to do so." *Vega,* 175 A.D.3d at 1147, 107 N.Y.S.3d at 289.[4] This assertion cannot be squared with *Konkur's* interpretation of § 198, which found that it would contradict the statutory scheme to find a plenary private right of action absent any express right. *See Konkur,* at 7-8.

In sum, *Konkur* dooms Plaintiff's argument that §§ 191 and 198 provide a freestanding private right of action for untimely paid wages and compels dismissal of the First Cause of Action in the Complaint.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its prior submissions, Defendant Wal-Mart Associates, Inc. respectfully requests that the Court disregard Plaintiff's Notice and issue an order (1) granting the renewed motion to dismiss; (2) dismissing the First Cause of Action

---

[4] One court has attempted to minimize the significance of *Konkur,* relative to a N.Y. Lab. Law § 191 claim, by erroneously asserting that *Konkur* could be distinguished from *Vega* because "*Vega* did not hold that a private right of action was implied for the late payment of wages." *Elhassa v. Hallmark Aviation Servs.,* 21-cv-9768, 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022) (denying stay of discovery pending decision on motion to dismiss). In fact, the Appellate Division, First Department's opinion in *Vega* squarely holds that a private right of action may be implied under § 191 for late payment of wages, devoting a full paragraph to the issue. *Vega,* 175 A.D.3d at 1146-47, 107 N.Y.S.3d at 288-89.

in the Complaint in its entirety and with prejudice; and (3) granting such other and further relief as the Court deems appropriate.

Dated:   Albany, New York
        February 28, 2022              Respectfully submitted,

                                            /s/
                                Henry M. Greenberg (Bar No. 101854)
                                GREENBERG TRAURIG, LLP
                                54 State Street, 6th Floor
                                Albany, New York 12207
                                Tel: (518) 689-1400