**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRIGETTE MABE, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

WAL-MART ASSOCIATES, INC.,

*Defendant*.

Case No.: 1:20-cv-00591

**DEFENDANT WAL-MART ASSOCIATES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND AND CERTIFY THE COURT'S MARCH 24, 2022 ORDER FOR INTERLOCUTORY APPEAL**

GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
(518) 689-1400
greenbergh@gtlaw.com

April 4, 2022

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....... 1

ARGUMENT ....... 2

I. Legal Standard for Certification of an Order for Interlocutory Appeal ....... 2

II. The Court Should Certify for Interlocutory Review Whether § 191 Affords a Private Right of Action ....... 3

A. Whether Plaintiff Can Maintain a Claim for Liquidated Damages Because She Was Paid Bi-Weekly Rather Than Weekly Is a Controlling Question of Law ....... 3

B. There Is Substantial Ground for Difference of Opinion Over Whether Plaintiff Can Maintain a Claim for Liquidated Damages Because She Was Paid Bi-Weekly Rather Than Weekly ....... 4

C. An Immediate Appeal of Whether Plaintiff Can Maintain a Claim for Liquidated Damages Will Materially Advance This Litigation to Ultimate Termination ....... 7

D. The Court Should Stay This Case Pending Decision of Defendant's Interlocutory Appeal ....... 8

CONCLUSION ....... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson Grp., LLC v. City of Saratoga Springs*,
No. 1:05-CV-1369, 2008 U.S. Dist. LEXIS 39028 (N.D.N.Y. May 13, 2008) (Shape, J.)....3, 4

*Barenboim v. Starbucks Corp.*,
698 F.3d 104 (2d Cir. 2012)....7

*Buttner v. RD Palmer Enters.*,
No. 5:13-CV-0342, 2016 U.S. Dist. LEXIS 85872 (N.D.N.Y. Jul. 1, 2016)....8

*Caul v. Petco Animal Supplies, Inc.*,
No. 20-CV-3534, 2021 U.S. Dist. LEXIS 253174 (E.D.N.Y. Dec. 22, 2021)....5

*Coley v. Vannguard Urban Improvement Ass'n, Inc.*,
No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 27, 2018)....1

*De Ratafia v. County of Columbia*,
No. 1:13-CV-174, 2014 U.S. Dist. LEXIS 37943 (N.D.N.Y. Mar. 24, 2014) (Mordue, J.)....4, 5

*Ferring B.V. v. Allergan, Inc.*,
343 F. Supp. 3d 284 (S.D.N.Y. 2018)....9

*Great N. Ins. Co. v. Mount Vernon Fire Ins. Co.*,
143 F.3d 659 (2d Cir. 1998)....7

*Hussain v. Pak. Int'l Airlines Corp.*,
No. 11-cv-932, 2012 U.S. Dist. LEXIS 152254 (E.D.N.Y. Oct. 23, 2012)....1

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straodridinaria*,
921 F.2d 21 (2d Cir. 1990)....4

*Kramer v. Lockwood Pension Servs., Inc.*,
653 F. Supp. 2d 354 (S.D.N.Y. 2009)....9

*Miller v. City of Ithaca*,
No. 3:10-CV-597, 2019 U.S. Dist. LEXIS 195707....3

*Sutherland v. Ernst & Young LLP*,
856 F. Supp. 2d 638 (S.D.N.Y. 2012)....9, 10

*Zakrzewska v. New School*,
598 F. Supp. 2d 426 (S.D.N.Y. 2009)....7

**State Cases**

*People v. Garcia*,
21 Misc. 3d 732, 870 N.Y.S.2d 851 (N.Y. Sup. Ct., Bronx Cty. 2008) ....................................6

*Phillips v. Max Finkelstein, Inc.*,
73 Misc. 3d 1 (N.Y. App. Term, 2d Dep't 2021) ....................................................................6

*Vega v. CM & Assocs. Constr. Mgt., LLC*,
175 A.D.3d 1144, 107 N.Y.S.3d 286 (N.Y. App. Div., 1st Dep't, 2019)..........................1, 4, 5

**Federal Statutes**

28 U.S.C. § 1292(b) ..............................................................................................................1, 3, 8

**State Statutes**

N.Y. Lab. Law § 191 .........................................................................................................1, 2, 3, 4, 8

N.Y. Lab. Law § 191(1)(a)(i).........................................................................................................1

N.Y. Lab. Law § 198 ......................................................................................................................4

N.Y. Lab. Law § 198(1-a)...............................................................................................................5

**Rules**

Fed. R. App. P. 5(a)(3)...................................................................................................................1

Fed. R. App. P. 8(a)(1)...................................................................................................................8

**Constitutional Provisions**

N.Y. Const., Art. VI, § 3(b)(9).......................................................................................................7

**Other Authorities**

S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), *reprinted in* 1958 U.S.C.C.A.N.
5255...............................................................................................................................................3

Defendant Wal-Mart Associates, Inc. ("Defendant"), by and through its attorneys Greenberg Traurig, LLP, respectfully submits this memorandum of law in support of its motion, pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3), to amend the Court's March 24, 2022 Decision and Order (Doc. 38) (the "Order") to certify the Order for interlocutory appeal, so that Defendant may petition the Second Circuit Court of Appeals to certify the issue addressed in the Order to the New York State Court of Appeals.

## PRELIMINARY STATEMENT

Defendant seeks certification to take an interlocutory appeal of a narrow and controlling question of state law for which there is a substantial ground for difference of opinion. That question is whether an individual who purports to be a "manual worker" under N.Y. Lab. Law § 191 can seek "liquidated damages" for having received her full compensation on a bi-weekly rather than weekly basis. A quick resolution of that question is critical given the significant effect that this uncertainty, and the litigation that has resulted from it, has had (and will continue to have) on New York employees and employers alike.

Until recently, federal courts held that no private right of action existed for a mere frequency of pay violation without an underpayment of wages.[1] Since 2019, however, based on the contrary holding of a single Appellate Division decision — *Vega v. CM & Assocs. Constr. Mgt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (N.Y. App. Div., 1st Dep't, 2019) — federal

[1] *See, e.g.*, *Hussain v. Pak. Int'l Airlines Corp.,* No. 11-cv-932, 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y. Oct. 23, 2012) (no private right of action exists for mere frequency of pay violation under N.Y. Lab. Law § 191(1)(a)(i)); *Coley v. Vannguard Urban Improvement Ass'n, Inc.,* No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787, at *42 (E.D.N.Y. Mar. 27, 2018) (granting motion to dismiss, holding that, while FLSA includes a prompt payment requirement, "[t]he NYLL does not appear to provide a similar remedy") (citation omitted).

courts have allowed such claims to go forward, believing that they were bound by *Vega*'s unprecedented and counter-intuitive reasoning.

But neither the Second Circuit nor the New York Court of Appeals has opined on whether a private right of action is available for a claim for untimely wages under N.Y. Lab. Law § 191. The effect of this silence has been profound. *Vega* has spawned a cottage industry of Section 191 frequency-of-pay class actions in federal courts against New York employers, accusing them of wage theft even without any actual damages. And, the stakes are high, given that the possibility of exposure to liquidated damages is far out of proportion to any actual harm that may be caused by paying workers in full, just on a biweekly instead of weekly basis.

It is hard to imagine a more compelling circumstance for certifying an interlocutory appeal. This issue is crucial not only to Defendant in this case, but to employers throughout the state. Its resolution in Defendant's favor would lead to the "ultimate termination" of this case and all others like it. And the question presented is one on which reasonable minds can differ; indeed, this Court observed in its Order that the New York Court of Appeals may conclude differently from the reasoning in *Vega*. This Court should give the Second Circuit the opportunity to certify this pure question of New York law to the New York Court of Appeals before subjecting Defendant (and other employers around the state) to potentially wasteful and unnecessary litigation.

Along with its motion for certification, Defendant also requests that the Court stay this matter pending resolution of its interlocutory appeal. The benefit afforded by a stay significantly outweighs any potential harm.

## ARGUMENT

### I. Legal Standard for Certification of an Order for Interlocutory Appeal

A district court may certify an order for interlocutory appeal if the order "(1) involves a controlling question of law (2) over which there is substantial ground for difference of opinion,

and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *see Miller v. City of Ithaca,* No. 3:10-CV-597, 2019 U.S. Dist. LEXIS 195707, at *18 to *19 (N.D.N.Y. Nov. 12, 2019) (Sannes, J.) (citing 28 U.S.C. § 1292(b)).

"To determine whether the first element has been met, district courts may consider whether reversal could result in dismissal or could significantly affect the conduct of the action, or whether the certified issue has precedential value for a large number of cases." *Anderson Grp., LLC v. City of Saratoga Springs,* No. 1:05-CV-1369, 2008 U.S. Dist. LEXIS 39028, at *3 (N.D.N.Y. May 13, 2008) (Shape, J.) (citation omitted). To satisfy the second element, the party seeking the appeal must establish that there is substantial reason to doubt the correctness of the district court's ruling. *Id.* (*citing* S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5257). And the third element requires that the appeal would "literally accelerate the action as a whole." *Id.* (*citing Genentech, Inc. v. Novo Nordisk A/S/,* 907 F. Supp. 97, 100 (S.D.N.Y. 1995)). All three elements are satisfied here.

## II. The Court Should Certify for Interlocutory Review Whether § 191 Affords a Private Right of Action

### A. Whether Plaintiff Can Maintain a Claim for Liquidated Damages Because She Was Paid Bi-Weekly Rather Than Weekly Is a Controlling Question of Law

Whether a manual worker can maintain a private right of action under N.Y. Lab. Law § 191 seeking only to recover liquidated damages on compensation *already* paid to her, is a pure legal question and an outcome determinative issue. Plaintiff's N.Y. Lab. Law § 191 claim is the sole claim left in the Complaint, and thus reversal would require dismissal of the entire action. Because reversal of the Court's Order will lead to dismissal of this case and have precedential value for many other cases, certification is appropriate. *See Anderson Grp., LLC,* 2008 U.S. Dist. LEXIS 39028, at *3; *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straodridinaria,* 921 F.2d 21, 24 (2d Cir. 1990) ("[a]lthough

the resolution of an issue need not necessarily terminate an action in order to be 'controlling,'…it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action…").

**B. There Is Substantial Ground for Difference of Opinion Over Whether Plaintiff Can Maintain a Claim for Liquidated Damages Because She Was Paid Bi-Weekly Rather Than Weekly**

There is a genuine doubt as to the correct interpretation of N.Y. Lab. Law §§ 191 and 198, and that doubt leads to a "substantial ground for a difference of opinion." *De Ratafia v. County of Columbia,* No. 1:13-CV-174, 2014 U.S. Dist. LEXIS 37943, at *3 (N.D.N.Y. Mar. 24, 2014) (Mordue, J.) (*citing In re Worldcom,* No. M47, 2003 U.S. Dist. LEXIS 11160, at *10 (S.D.N.Y. June 30, 2003)). A substantial ground for a difference of opinion exists when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Id.* (*citing In re Lloyd's Am. Trust Funds Litig.,* No. 96-CV-1262, 1997 U.S. Dist. LEXIS 11937 at *5 (S.D.N.Y. Aug. 12, 1997)). Such is the case here.

In its Order, the Court noted that "the central question here is whether the Court should apply *Vega v. CM & Assocs. Constr. Mgt., LLC,* 175 A.D.3d 1144, 107 N.Y.S.3d 286 (N.Y. App. Div., 1st Dep't, 2019)," a First Department decision which found that "Labor Law § 198 (1-a) expressly provides a private right of action for a violation of Labor Law § 191," and that "Defendant's position that no private right of action exists is dependent on its erroneous assertion that the late payment of wages is not an underpayment of wages." (Order, at 3, 6.) The Court held that it should, dismissing trial court authority to the contrary because those cases predate *Vega.* Having rejected that contrary authority, the Court held that the caselaw is not "unsettled," and "therefore *there appears to be no apparent reason* to determine how the New York Court of Appeals would decide the issues addressed in *Vega*." (*See* Order , at 8 (emphasis added).)

But while the Court held that it should follow *Vega* as the one Appellate Division decision on point, it correctly recognized that "the New York Court of Appeals might conclude that Section 191(1)(a) violations are not privately actionable under Section 198(1-a)[.]" (Order, at 14.)[2] This observation, coupled with the pre-*Vega* precedent cited by Defendant, establish a substantial and plausible ground for a difference of opinion. And the issue is a particularly difficult one of first impression for the Second Circuit — reason enough to satisfy the second prong. *De Ratafia,* 2014 U.S. Dist. LEXIS 37943 at *3.

Whether *Vega* is correct is far from obvious. *Vega* held that the term underpayment as used in N.Y. Lab. Law § 198(1-a) "encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action." *Vega*, at 1145. But *Vega* is of questionable application to a case that deals with the payment of all wages owed with a week's delay, <u>not</u> just before the formal commencement of a legal action. Though *Vega* held that "[t]he moment that an employer fails to pay wages in compliance with § 191(1)(a), the employer pays less than what is required," the Second Circuit or the New York Court of Appeals may very well reject that idea. Either court could hold that payment of these wages in full within a week's time does not "eviscerate the employee's statutory remedies," because it demonstrates a lack of willfulness — a necessary requirement for any recovery under Plaintiff's theory — as no wages remain underpaid or outstanding.

The Court also erred in its observation that New York's appellate divisions are "not divided" as to the application of *Vega.* While this Court stated that *Phillips v. Max Finkelstein,*

[2] This Court's recognition that the New York Court of Appeals may reach a different conclusion than *Vega* distinguishes it from *Caul v. Petco Animal Supplies, Inc.,* No. 20-CV-3534 (RPK/SJB), 2021 U.S. Dist. LEXIS 253174 (E.D.N.Y. Dec. 22, 2021) (denying motion to certify appeal), which rejected that possibility altogether. *See id.* at *3 to *4 (rejecting idea that New York Court of Appeals would reach a different conclusion than *Vega*).

*Inc.,* 73 Misc. 3d 1 (N.Y. App. Term, 2d Dep't 2021) was a decision of the Appellate Division, Second Department, and thus these two Departments of the Appellate Division are of like mind, that reasoning is incorrect. *Phillips* was decided by the Appellate Term — not the Appellate Division — and an appeal of that decision is pending before the Second Department.[3] Indeed, *Phillips* recognized that it was bound by principles of stare decisis to follow precedents set by the Appellate Division of another department until the Court of Appeals or the Appellate Division, Second Department, pronounces a contrary rule. *Phillips,* at *4 (*citing Fortune Med., P.C. v. New York Cent. Mut. Fire Ins. Co.,* 20 Misc. 3d 32, 34, 862 N.Y.S.2d 704 (N.Y. App. Term., 2d Dep't, 2d & 11th Jud. Dists. 2008)). Thus, the Appellate Term in *Phillips* was *required* to apply *Vega*. This does not equate to unanimity of New York's Appellate Divisions, as the case has not yet been ruled on by the Appellate Division, Second Department. That only one Appellate Division has ruled on this issue is yet another substantial ground for difference of opinion.

In addition, certification to the Second Circuit would provide a means for the New York Court of Appeals to address the controlling state law issue presented here. *See, e.g., Great N. Ins. Co. v. Mount Vernon Fire Ins. Co.,* 143 F.3d 659, 662 (2d Cir. 1998) ("'New York has a strong interest in deciding the issue certified rather than having the only precedent on point be that of the federal court . . . .'") (citation omitted). While a federal district court may not certify a question to the New York Court of Appeals, the Second Circuit can certify questions of New York law to

[3] There are significant differences between the Appellate Division and the Appellate Term. The Appellate Division is a court of statewide jurisdiction. The Appellate Term, by contrast, is a court of local jurisdiction. The Appellate Division is a court of record; the Appellate Term is not. The Appellate Division was created by the Legislature; the Appellate Term was established by and serves at the pleasure of the Appellate Division of the Supreme Court of the department in which it sits. The decisions of the Appellate Division are regularly reported; the decisions of the Appellate Term are not. *People v. Garcia,* 21 Misc. 3d 732, 738, 870 N.Y.S.2d 851, 855-56 (N.Y. Sup. Ct., Bronx Cty. 2008) (citation omitted).

the New York Court of Appeals as issues that "may be determinative of the cause then pending in the certifying court and which in the opinion of the certifying court are not controlled by precedent in the decisions of the courts of New York." N.Y. Const., Art. VI, § 3(b)(9); N.Y. Ct. of App. Rule of Practice 500.27(a), (b); *see also Zakrzewska v. New School,* 598 F. Supp. 2d 426, 437 n.63 (S.D.N.Y. 2009) (certifying interlocutory appeal while expressly contemplating that the Second Circuit, in turn, "may see fit to certify this state law question to the New York Court of Appeals"). Indeed, this case meets the factors previously identified by the Second Circuit as favoring certification. *See Barenboim v. Starbucks Corp.,* 698 F.3d 104, 109 (2d Cir. 2012) (explaining that the decision to certify a question to the Court of Appeals hinges in part on "whether the New York Court of Appeals has addressed the issue and, if not, whether the decisions of other New York courts permit us to predict how the Court of Appeals would resolve it").

Thus, there are substantial grounds for the Second Circuit to determine that *Vega's* reasoning is flawed and reverse the Order.

### C. An Immediate Appeal of Whether Plaintiff Can Maintain a Claim for Liquidated Damages Will Materially Advance This Litigation to Ultimate Termination

Determination of the issue presented may help avoid trial or otherwise substantially shorten litigation, satisfying the third prong of the test of granting interlocutory review. If the Second Circuit reverses the Court's Order that Plaintiff can maintain a claim for liquidated damages because she was paid bi-weekly instead of weekly, despite being paid all monies owed to her, the case will be dismissed with finality. Plaintiff's claim under N.Y. Lab. Law § 191 is the only remaining claim in this case. If the Second Circuit decides she has no private right of action to assert it, there will be "ultimate termination of" this case. 28 U.S.C. § 1292(b).

Moreover, there would be minimal burden to the Second Circuit from such an appeal because once Defendant is before the Second Circuit, it intends to move to have the Second Circuit certify the issue to the New York Court of Appeals for resolution.

**D. The Court Should Stay This Case Pending Decision of Defendant's Interlocutory Appeal**

Pursuant to 28 U.S.C. § 1292(b), this Court may order the stay of proceedings pending the application for an interlocutory appeal. Defendant thus asks the Court to amend its Order, or enter a separate order, staying all proceedings pending decision of this motion and any resulting interlocutory appeal. *See* Fed. R. App. P. 8(a)(1) (addressing district court's authority to stay proceedings during pendency of an interlocutory appeal).

The Supreme Court and the Second Circuit have specified the factors to be considered when deciding a motion for a stay of proceedings pending an appeal:

> The four factors to be considered in issuing a stay pending appeal are well known: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Buttner v. RD Palmer Enters.,* No. 5:13-CV-0342, 2016 U.S. Dist. LEXIS 85872 at *9 (N.D.N.Y. Jul. 1, 2016) (internal quotation marks and citations omitted). "While stated in these terms, the test contemplates that a movant may be granted relief even if it demonstrates something less than a likelihood of success on the merits of its appeal. Thus, if it shows 'serious questions' going to the merits of its appeal as well as irreparable harm, the stay may be granted." *Sutherland v. Ernst & Young LLP,* 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012).

Here, there is a substantial difference of opinion over whether Plaintiff can maintain a private right of action for liquidated damages because she was paid bi-weekly rather than weekly. The Court's own observations suggest that the Second Circuit and Court of Appeals may decide

differently from the Order and *Vega*. *See Kramer v. Lockwood Pension Servs., Inc.,* 653 F. Supp. 2d 354, 398 (S.D.N.Y. 2009) (in certifying case for interlocutory appeal, noting that "in order to promote the most efficient use of resources, the Court also stays this action pending the ten day period for taking an appeal, the Circuit's determination whether certification is appropriate, and if it is further certified to the New York Court of Appeals, pending that Court's determination.").

Further, Defendant will be irreparably harmed if this matter is allowed to proceed while its appeal is pending. Discovery, additional motion practice, and potentially a trial would require Defendant to spend excessive time and money on a single matter that will prove moot if the Order is reversed. *See Ferring B.V. v. Allergan, Inc.,* 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018) (finding irreparable harm and granting stay where "[c]ontinuation of trial at this stage, with a case-dispositive issue pending on appeal, would drain parties' resources and the Court's" because "[i]f on appeal the Federal Circuit reverses this Court's Standing Opinion, trial will have been a nullity, irreparably harming both parties."). And each of these phases would be exponentially more expensive and time consuming given the class action that Plaintiff seeks.

Plaintiff also will not be harmed by a stay. She has been paid all monies she is owed and merely seeks extra monies she thinks ought to be paid to her as a penalty. As the Court notes in its Order "Plaintiff does not allege that Defendant failed to pay her any portion of wages due for her labor or that Defendant wrongfully deducted any portion of her wages." (Order, at 2.) No harm will befall her by this Court staying the proceedings pending Defendant's appeal, especially given that this litigation has already gone on for nearly two years. *See Sutherland,* 856 F. Supp. 2d at 643.

Finally, a stay would serve the public interest, as proceeding with a trial that could prove a nullity is a waste of resources for the parties, the Court, and the public. *Id.* For these reasons, the motion for a stay should be granted.

## CONCLUSION

The legal issue presented is novel and one of first impression for the Second Circuit and the New York Court of Appeals. It is also a narrow controlling question of law for which there is a substantial ground for difference of opinion. An interlocutory appeal, if decided in Defendant's favor, will lead to the ultimate termination of this lawsuit and affect a growing number of cases brought on the same cause of action. For all these reasons, Defendant respectfully requests that the Court amend its March 24, 2022 Order (Doc. 38) to certify that Order for immediate interlocutory appeal and grant a stay of all proceedings pending decision of Defendant's interlocutory appeal.

Dated: Albany, New York
April 4, 2022

**GREENBERG TRAURIG, LLP**

By: */s/Henry M. Greenberg*

Henry M. Greenberg, Esq.
Nicholas A. Corsano
Jennifer M. Gomez
54 State Street, 6th Floor
Albany, New York 12207
Tel. (518) 689-1469

*Counsel for Defendant Wal-Mart Associates, Inc.*