

Henry M. Greenberg
Tel (518) 689-1492
Fax (518) 689-1499
greenbergh@gtlaw.com

April 20, 2022

**VIA ECF**

Hon. Christian F. Hummel
United States Magistrate Judge
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

Re:   *Brigette Mabe v. Wal-Mart Associates, Inc.*
      Northern District of New York
      Civil Action No. 1:20-cv-00591 (TJM)(CFH)

Dear Judge Hummel:

      Greenberg Traurig, LLP represents Defendant Wal-Mart Associates, Inc. ("Defendant") in the above-referenced action. Plaintiff Brigette Mabe ("Plaintiff") is represented by Brian S. Schaffer and Hunter G. Benharris, attorneys with the firm of Fitapelli & Schaffer, LLP.

      Pursuant to a March 25, 2022 text order, the Court has directed an Initial Rule 16 Case Management Conference be held on May 5, 2022; and a Civil Case Management Plan and Mandatory Disclosures be exchanged by the parties and filed on or before April 28, 2022. (ECF Dkt. No. 39.) After the March 25 text order was issued, however, Defendant moved to amend Judge McAvoy's Decision and Order (ECF Dkt. No. 38) (the "Order"), dated March 24, 2022, to (1) certify the Order for interlocutory appeal, so that Defendant may petition the Second Circuit Court of Appeals to certify the question presented in the Order to the New York Court of Appeals; and (2) stay further proceedings in this action pending the interlocutory appeal's disposition ("Defendant's Motion"). (ECF Dkt. Nos. 40 & 41.)

      As discussed below, Defendant respectfully requests adjournment of the discovery and other matters addressed in the March 25 text order pending Judge McAvoy's decision on Defendant's Motion.

      Alternatively, Defendant respectfully requests that Your Honor schedule a telephonic conference with the parties, prior to April 28, 2022, to consider whether to order expedited, targeted discovery related to information recently shared with Plaintiff that dooms her lawsuit.

Greenberg Traurig, LLP | Attorneys at Law
54 State Street | 6th Floor | Albany, NY 12207 | T +1 518.689.1400 | F +1 518.689.1499

www.gtlaw.com

Hon. Christian F. Hummel
April 20, 2022
Page 2

Specifically, Defendant notified Plaintiff that, on October 7, 1993, the New York State Department of Labor ("DOL") granted Wal-Mart Stores, Inc. written authorization to pay wages on a bi-weekly basis to manual workers (which is what Plaintiff claims she was). Such authorization is fatal to Plaintiff's sole remaining cause of action in this action, alleging that Defendants violated New York's Labor Law by failing to pay her on a weekly basis. However, Plaintiff has refused to dismiss her case and takes the position that the 1993 authorization does not apply to Defendant. Thus, at this juncture in the litigation, the only discovery that may be necessary relates to DOL's authorization and Defendant's corporate structure. That is precisely what a Magistrate Judge determined in an identical lawsuit brought by Plaintiff's counsel in the Eastern District of New York. *See Serge Rodrigue v. Lowe's Home Companies, LLC, and Lowe's Companies, Inc.,* No. 1:20-cv-01127, ECF Dkt. No. 33 (E.D.N.Y. Sept. 28, 2021) (Hon. Roanne L. Mann).

## Background

### A. The Instant Case

As alleged in Plaintiff's Class Action Complaint ("Compl." or "Complaint"), Plaintiff worked as a cashier at Walmart Store No. 2351 in the Town of Catskill, Greene County, New York. (Compl. [ECF Dkt. No. 1] ¶¶ 3, 9, 31-32.) Plaintiff's wages were paid on a bi-weekly basis. (*Id.* ¶¶ 4, 34-36.) Plaintiff does not allege that she was not paid any portion of her wages. Nor does Plaintiff allege that any portion of her wages were wrongfully deducted. In other words, Plaintiff does not dispute that she was paid in full for all work performed.

Instead, on May 29, 2020, Plaintiff filed the Class Action Complaint, setting forth two causes of action: first, Plaintiff alleged that Defendant violated N.Y. Lab. Law § 191(1)(a) by failing to pay Plaintiff her wages within seven calendar days after the end of the week in which these wages were earned, rather than on a bi-weekly basis; and second, Plaintiff alleged that Defendant failed to provide Plaintiff with accurate wage statements, in violation of N.Y. Lab. Law § 195(3). Plaintiff seeks to represent a putative class of "manual workers" who worked at Walmart grocery and retail stores in New York State, covering the period from May 29, 2014 to the present. (Compl. ¶ 1, 21.) By this action, Plaintiff seeks to recover for herself and the putative class statutory "liquidated damages," together with pre-judgment and post-judgment interest, attorneys' fees and costs. (Compl. ¶¶ 42, 45 & Prayer for Relief, ¶¶ C-F.)

On August 14, 2020, Defendant moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Dkt. Nos. 12, 12-1.) By Decision and Order dated March 18, 2021, Judge McAvoy dismissed the Second Cause of Action but denied the motion with leave to renew as to the First Cause of Action. (ECF Dkt. No. 22.) Defendant, in turn, renewed its motion to dismiss the First Cause of Action. (ECF Dkt. No. 23.)

On March 24, 2022, Judge McAvoy denied Defendant's renewed motion to dismiss the First Cause of Action. (ECF Dkt. No. 38.) The next day, the Court issued a text order that read, in relevant part, as follows:

> The Initial Conference has now been set for Thursday, 5/5/2022 @ 10:00 AM before Magistrate Judge Christian F. Hummel. The Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 4/28/2022. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.)

(ECF Dkt. No. 39.)

On April 4, 2022, Defendant moved to (1) amend Judge McAvoy's March 24 Order to certify it for interlocutory appeal, so that Defendant may petition the Second Circuit Court of Appeals to certify the question presented in the Order to the New York Court of Appeals; and (2) stay further proceedings in this action pending that interlocutory appeal's disposition. (ECF Dkt. Nos. 40 & 41.) Specifically, Defendant is seeking certification to immediately appeal a narrow and controlling question of state law for which there is a substantial ground for difference of opinion — namely, whether a private right of action is available to Plaintiff for her claim for untimely wages that seeks only to recover liquidated damages on compensation already paid. (ECF Dkt. No. 41, at 1, 2, 3-4.)

Recently, Defendant located a copy of an October 7, 1993 letter from DOL granting authorization to "Wal-Mart Stores, Inc. to pay wages to its manual workers employed in New York State on a semi-monthly basis."[1] On April 8, 2022, Defendant notified Plaintiff of this authorization and its belief that this authorization rendered meritless Plaintiff's remaining cause of action.

### B. Opposing Counsel's Identical Lawsuit in the E.D.N.Y.

On February 28, 2020, four months before the instant action was commenced, Plaintiff's counsel commenced in the Eastern District of New York an identical lawsuit, with identical claims, against Lowe's Home Centers, LLC, and Lowe's Companies, Inc. in *Serge Rodrigue v. Lowe's Home Companies, LLC, and Lowe's Companies, Inc.,* No. 1:20-cv-01127 (E.D.N.Y.) (*Lowe's*). The complaint and amended complaint filed in *Lowe's* is word-for-word the same as the Complaint filed in the instant action, save the names and nature of the parties and a handful of substantively irrelevant differences. Compare *Lowe's*, ECF Dkt. Nos. 1 and 22, *with* Mabe v. Wal-Mart, *Wal-Mart Associates, Inc.,* ECF Dkt. No. 1.

---

[1] A copy of this letter is attached hereto as **Exhibit A.**

Hon. Christian F. Hummel
April 20, 2022
Page 4

On July 17, 2020, the Lowe's Defendants moved to dismiss the two causes of action in the Complaint (which again are identical to Plaintiff's claims here). (*Loew's,* ECF Dkt. No. 20.) With respect to the First Cause of Action — alleging a failure to pay timely wages in violation of N.Y. Lab. Law § 191(1)(a) — the Lowe's Defendants argued that Lowe's Home Center, LLC did not fail to pay timely wages because it was authorized to pay manual workers on a bi-weekly basis per an authorization letter issued in 1999 by DOL. In support, the Lowe's Defendants cited provisions in the Labor Law that (1) allow certain employers to obtain authorization from the Commissioner of Labor to pay manual workers on a basis less frequent than weekly and (2) exempt liquidated damages for employers who violate the frequency of payment rules despite good faith efforts to comply with their requirements. *See* N.Y. Law. Law § 191(1)(a)(ii) (providing that certain employers may seek authorization from the Commissioner of Labor to pay manual workers on a basis less frequent than weekly); § 198 (1-a) (providing for recovery of liquidated damages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law"). The Lowe's Defendants submitted the DOL authorization letter together with their motion to dismiss and requested that the Court convert the motion to dismiss to one for summary judgment should the Court find that such letter could not be appropriately considered on a motion to dismiss. (*Lowe's,* ECF Dkt. No. 20-2.)

On August 27, 2021, the District Court (Hon. Rachel P. Kovner) issued a decision granting in part and denying in part Defendants' motion. *See Rodrigue v. Lowe's Home Centers LLC,* No. 20-CV-1127, 2021 U.S. Dist. LEXIS 162849 (E.D.N.Y. Aug. 27, 2021) (Kovner, J.). The decision denied dismissal of the First Cause of Action but granted dismissal of the Second Cause of Action (which alleged failure to provide accurate wage statements). The Court "decline[d] to restyle defendants' motion under the circumstances, and . . . instead request[ed] that the magistrate judge overseeing pretrial matters consider expedited, targeted discovery that relates to the authorization-letter defense." *Id.* at 11 n.*.

After the Lowe's Defendants filed their answer, Magistrate Judge Roanne L. Mann conducted a telephonic conference with the parties on September 28, 2021. Immediately thereafter, she issued an order limiting discovery to the authorization letter and Lowe's corporate structures as they relate to the authorization letter, and deferred discovery concerning the class action and the issue of whether Plaintiff qualified as a manual laborer. (*Lowe's,* ECF Dkt. No. 33.) The parties completed the limited discovery on March 1, 2022, and on April 4, 2022, the Lowe's Defendants asked the District Court to hold a pre-motion conference in connection with their anticipated motion for summary judgment based on the authorization letter. (*Lowe's,* ECF Dkt. No. 38.)

### Discussion

Defendant respectfully submits that the procedural and discovery steps addressed in the Court's March 25 text order should be adjourned at least until Judge McAvoy rules on

Defendant's Motion for an immediate interlocutory appeal and stay. Defendant's Motion will soon be fully briefed by the parties and likely decided by Judge McAvoy in the next few months. Neither party will suffer any prejudice waiting for that decision before conducting discovery.

Alternatively, Magistrate Judge Mann's handling of discovery in *Lowe's* provides a road map as to the next steps in this case. Just like the defendants in *Lowe's,* Defendant here has located and shared with Plaintiff written authorization from DOL to pay manual workers on a bi-weekly basis. Moreover, earlier this month, DOL posted on its website a list of employers, including Defendant, "authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii)." (*See* DOL, *Employers authorized to pay manual employees on a biweekly basis,* https://dol.ny.gov/system/files/documents/2022/04/authorized-employers-monthly-report.pdf (last visited on Apr. 18, 2022).) The decisions of Judge Kovner and Magistrate Judge Mann in *Lowe's* make clear that such authorization is potentially fatal to a frequency of pay claim such as Plaintiff's First Cause of Action. And, just like the defendants in *Lowe's,* Defendant here intends to move for summary judgment based on the authorization it received from DOL.

Thus, there is no point for the parties to conduct far-reaching discovery concerning Plaintiff's class-action, until a determination is made regarding the applicability and effect of the DOL authorization. It follows that, like Magistrate Judge Mann in *Lowe's,* Your Honor should defer all discovery here, except, at most, permitting limited discovery as to the DOL authorization letter and Defendant's corporate structure as it relates to the DOL authorization letter.

                Respectfully submitted,

                GREENBERG TRAURIG LLP

                Henry M. Greenberg

HMG
Enclosure

cc:    All counsel of record (via ECF)

# EXHIBIT A



**JOHN F. HUDACS**
Commissioner of Labor

STATE OF NEW YORK
DEPARTMENT OF LABOR
Governor W. Averell Harriman
State Office Building Campus
Albany, New York 12240

October 7, 1993

Mr. Joel L. Finger
Roberts & Finger
767 Third Avenue, 12th Floor
New York, New York 10017

Dear Mr. Finger:

    I am in receipt of your recent correspondence with appropriate attachments on behalf of Wal-Mart Stores, Inc. requesting authorization to pay its manual worker employees in New York State on a semi-monthly basis pursuant to New York State Labor Law Section 191.1a (ii).

    The New York State Department of Labor has carefully reviewed the material submitted and determined that Wal-Mart Stores, Inc. has satisfied all the conditions enumerated in the statute. The firm has averaged more than 1000 employees in the State for the year preceding the application, and has employed an average of 3000 or more persons outside the State for three years preceding the application, has furnished sufficient proof it has met and shall continue to meet its payroll responsibilities and has furnished other information and proof in accordance with the conditions set forth under Section 191.1a (ii).

    Therefore, I hereby grant authorization for Wal-Mart Stores, Inc. to pay wages to its manual workers employed in New York State on a semi-monthly basis.

Sincerely,

John F. Hudacs



Telephone (518) 457-2741      FAX (518) 457-6908