IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIGETTE MABE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>WAL-MART ASSOCIATES, INC.,<br><br>Defendant. | No.: 20 Civ. 00591<br>(TJM)(CFH) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND AND CERTIFY THE COURT'S MARCH 24, 2022 ORDER FOR INTERLOCUTORY APPEAL**

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... iii

**PRELIMINARY STATEMENT** ............................................................................................... 1

**LEGAL STANDARD** ................................................................................................................ 2

    **I.  THERE IS NO "SUBSTANTIAL DIFFERENCE OF OPINION" REGARDING WHETER A PRIVATE RIGHT OF ACTION EXISTS UNDER NYLL § 191** ................. 3

        A.   The First Department's Ruling in *Vega* Removes All Uncertainty From This Matter ............................................................................................................. 4

        B.   Pre-*Vega* New York Appellate Courts Implied a Private Right of Action Under NYLL § 191 ................................................................................. 6

        C.   Pre-*Vega* District Courts Have Found or Implied a Private Right of Action According to NYLL § 191 ...................................................................... 7

        D.   A Private Right of Action for Late Payment of Wages Under the NYLL is Supported by Similar Rights Found Under the FLSA. ..................... 9

    **II.  DEFENDANT SHOULD NOT BE GRANTED A STAY IN THIS MATTER** ........... 10

**CONCLUSION** ........................................................................................................................ 11

# **TABLE OF AUTHORITIES**

C<small>ASES</small>

*Adar Bays, LLC v. Aim Exploration, Inc.*,
310 F. Supp. 3d 454 (S.D.N.Y. 2018) ............................................................................................ 2

*Beh v. Cmty. Care Companions Inc.*,
No. 19 Civ. 1417 (JLS) (HBS), 2021 WL 3914297 (W.D.N.Y. Feb. 1, 2021) .......................... 6, 9

*Biggs v. Wilson*, 1 F. 3d 1537
(9th Cir. 1993) ................................................................................................................................ 9

*Brooklyn Sav. Bank v. O'Neil*,
324 U.S. 697 (1945) ................................................................................................................ 9, 10

*Bynog v. Cipriani Group, Inc.*,
298 A.D. 2d 164 (1st Dept. 2002) ................................................................................................. 6

*Bynog v. Cipriani Group, Inc.*,
1 N.Y. 3d 193 (2003) .................................................................................................................... 6

*Caccavale v. Hewlett Packard*,
No. 20 Civ. 974 (GRB) (JMW), Minute Entry Dated Feb. 2, 2021 (E.D.N.Y.) ........................... 3

*Caul v. Animal Supplies, Inc.*,
No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856 (E.D.N.Y. Sep. 27, 2021) ............................ 5

*Caul v. Petco Animal Supplies, Inc.*,
No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 6805889 (S.D.N.Y. Dec. 22, 2021) ............................ 3

*Cohen v. Finz & Finz, P.C.*,
131 A.D. 3d 666 (2nd Dept. 2015) ................................................................................................ 7

*Davis v. Banana Republic, LLC*,
No. 21 Civ. 6160 (KAM) (E.D.N.Y. Apr. 5, 2022) ....................................................................... 4

*DiBella v. Hopkins*,
403 F.3d 102 (2d Cir. 2005) .................................................................................................. 1, 4, 7

*Elhassa v. Hallmark Aviation Services, L.P.*,
No. 21 Civ. 9768 (LJL), 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022) .......................................... 6

*German by German v. Federal Home Loan Mortg. Corp.*,
896 F. Supp. 1385 (S.D.N.Y. 1995) ............................................................................................ 2

*Glatt v. Fox Searchlight Pictures Inc.*,
No. 11 Civ. 6784 WHP, 2013 WL 5405696 (S.D.N.Y. Sept. 17, 2013) .................................... 11

*Gottlieb v. Kenneth D. Laub & Co.*,
82 N.Y.2d 457 (1993) .................................................................................................................. 7

*Hilton v. Braunskill*,
481 U.S. 770 (1987) .................................................................................................................. 10

*In re Flor*,
79 F. 3d 281 (2d Cir. 1996) ......................................................................................................... 2

*In re World Trade Ctr. Disaster Site Litig.*,
503 F.3d 167 (2d Cir. 2007) ..................................................................................................... 10

*Isra Fruit Ltd. v. Agrexco Agr. Export Co. Ltd.*,
804 F. 2d 24 (2d Cir. 1986) ........................................................................................................ 2

*Kruty v. Max Finkelstein, Inc.*,
2021 N.Y. Slip Op. 50837(U) (N.Y. N.Y. Sup. Ct. App. Term Aug. 26, 2021) ........................... 5

*Martin v. United States*,
117 Fed. Cl. 611 (2014) .............................................................................................................. 9

*Patcher v. Bernard Hodes Grp., Inc.*,
10 N.Y. 3d 609 (2008) ................................................................................................................ 7

*Phillips v. Max Finkelstein, Inc.*,
Index No. 2020/542SC, 2021 WL 4075089 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) ............... 5

*Picard v. Saren-Lawerence,*
No. 17 Civ. 5157 (GBD), 2018 WL 4659476 (S.D.N.Y. Sep. 11, 2018) ..................................... 2

*Quintanilla v. Kabco Pharmaceuticals,*
No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y. Apr. 17, 2020) .................................... 6, 8

*Ramirez v. Lin*,
830 Fed. Appx. 672 (2d Cir. 2020) ............................................................................................. 9

*Rana v. Islam*,
887 F. 3d 118 (2d Cir. 2018) .................................................................................................. 9, 10

*Rodrigue v. Lowe's Home Centers, LLC*,
No. 20 Civ. 1127, 2021 WL 3848268 (E.D.N.Y.  Aug. 27, 2021) ...................................... 5, 9, 10

*Sampson v. Murray*,
415 U.S. 61 (1974) ...................................................................................................................... 11

*Scott v. Whole Foods Market Group, Inc.,*
No. 18 Civ. 86, 2020 (SJF) (AKT), WL 9814095 (E.D.N.Y. Feb. 5, 2020) ................................. 6

*Scott v. Whole Foods Markey Group, Inc.*,
No. 18 Civ. 86 (SJF) (AKT), 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) ................................... 8

*Sorto v. Diversified Maint. Syst., LLC,*
No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108 (E.D.N.Y. Dec. 28, 2020) ................................. 5

*Urtubia v. B.A. Victory Corp.*,
857 F. Supp. 2d 476 (S.D.N.Y. 2012) .......................................................................................... 8

*V.S. v. Muhammad*,
595 F. 3d 426 (2d Cir. 2010) ........................................................................................................ 5

*Vega v. CM & Assoc. Const. Mgt., LLC,*
175 A.D. 3d 1144 (N.Y. 1st Dept. 201*9)* ............................................................................ passim

*West v. Am. Tel. & Tel. Co.*,
311 U.S. 223 (1940) ............................................................................................................. 1, 4, 7

## **PRELIMINARY STATEMENT**

The Supreme Court and the Second Circuit have clearly articulated that "rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *See DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). Here, The Court's order was in lockstep with the First Department's ruling in *Vega v. CM & Assoc. Const. Mgt., LLC*. This ruling has been followed by **every court in this Circuit** that has weighed this question since its decision. Despite this clear precedent, Defendant asks the Court to certify an interlocutory appeal to the Second Circuit of the Court's Order denying their renewed motion to dismiss. *See* ECF No. 38 (the "Order").

However, Defendant offers very little to establish why the Court should afford them this extraordinary relief. In fact, Defendant offers almost nothing past the same arguments that have been repeated to this Court twice.[1] Instead of pointing to any persuasive reasoning why the Court of Appeals would find differently than *Vega*, an argument this Court explicitly denied, Defendant simply restates their previous arguments. A full review of the Order, controlling precedent, and **every single District Court ruling made post *Vega*,** shows that the overwhelmingly weight of authority stands in stark contrast to Defendant's unsupported position. Yet Defendant somehow asserts there is a substantial ground for a difference of opinion regarding the availability of a private right of action to New York Labor Law ("NYLL") § 191.

---

[1] On March 18, 2021 the Court Denied Defendant's original Motion to Dismiss and granted them leave to renew their motion. *See* ECF No. 22.

Frankly, Defendant should not be allowed a third bite at the apple. As clearly set-out below, Defendant's arguments fail and Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.

## LEGAL STANDARD

Under 28 U.S.C. § 192(b), the Court may "certify an interlocutory appeal if the relevant order: 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation'". See *Picard v. Saren-Lawerence,* No. 17 Civ. 5157 (GBD), 2018 WL 4659476, at *3 (S.D.N.Y. Sep. 11, 2018) (quoting *Adar Bays, LLC v. Aim Exploration, Inc.*, 310 F. Supp. 3d 454, 456 (S.D.N.Y. 2018)).

The Second Circuit has held that certification of an interlocutory appeal is "strictly limited" and only justified by **exceptional circumstances**." See *In re Flor*, 79 F. 3d 281, 284 (2d Cir. 1996) (emphasis added). Moreover, the Second Circuit has advised that a district court should not simply state "bare finding that the statutory requirements of section 1292(b) have been met" but instead state why the district court "believes that there is a "substantial ground for difference of opinion." See *Isra Fruit Ltd. v. Agrexco Agr. Export Co. Ltd.*, 804 F. 2d 24, 25 (2d Cir. 1986) In this regard, certification for interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases." See *German by German v. Federal Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995).

**ARGUMENT**

I. **THERE IS NO "SUBSTANTIAL DIFFERENCE OF OPINION" REGARDING WHETHER A PRIVATE RIGHT OF ACTION EXISTS UNDER NYLL § 191**

Defendant states that "[i]t is hard to imagine a more compelling circumstance for certifying an interlocutory appeal." *See* ECF No. 41, pg. 6. However, at least two District Courts that have faced this exact question have disagreed. *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 6805889, at *1 (S.D.N.Y. Dec. 22, 2021) (denying motion for interlocutory appeal and stating "[t]here is not substantial ground for a difference of opinion as to the availability of a private right of action for delayed waged payments under the NYLL"); *Caccavale v. Hewlett Packard*, No. 20 Civ. 974 (GRB) (JMW), Minute Entry Dated Feb. 2, 2021 (E.D.N.Y.)[2] (denying motion to certify interlocutory appeal because there was no basis "to establish that this issue presents any 'substantial ground for difference of opinion,'" as "district courts that have addressed this issue have reached the same conclusion"). In addition, in *Caccavale*, Judge Brown stated that there "were no exceptional circumstances" that could justify certification of an interlocutory appeal. *See id.*

Moreover, as Judge Matsumoto recently observed while taking the extraordinary step of recommending that another defendant not file a motion to dismiss NYLL § 191 claims due to its unlikeliness to succeed:

> "It seems that two appellate courts in New York have held that there is a private right of action for such claims and it appears also that other federal courts have looked to New York State Appellate courts to determine whether there is a private right of action. Vega, which is the case that the parties are focusing on here, does state that there is a private right of action and even if the New York Court of Appeals hasn't ruled definitively on the issue, we have the decision which many courts within the Second Circuit have followed"

---

[2] Attached as **Exhibit A**.

3

*See Davis v. Banana Republic, LLC*, No. 21 Civ. 6160 (KAM), Pre-Motion Conference Transcript (E.D.N.Y. Apr. 5, 2022).[3] Defendant's position that there are substantial grounds for a difference of opinion is mere wishful thinking. Plaintiff does concede that prior to the *Vega* decision, some courts had found that NYLL § 191 does not carry a private right of action.[4] However, the *Vega* decision is controlling here, as it is the **only** New York Appellate Court ruling on this issue. *See Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020) (describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"). Defendant does not attempt to address why this Court should ignore clear precedent with regards to this matter. *See DiBella*, 403 F.3d at 112.

Moreover, Defendant continues to ignore that the New York Court of Appeals has addressed NYLL § 191 on multiple occasions, and has at least inferred that a private right of action exists.

### A. The First Department's Ruling in *Vega* Removes All Uncertainty From This Matter

This Court "is not convinced that the New York Court of Appeals would reach conclusion different that those expressed in *Vega*." *See* ECF No. 38, pg. 15. It is well settled that a district court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is "persuasive evidence that the state's highest court would reach a different conclusion." *See DiBella*, 403 F.3d at 112. This is crystal clear precedent from the controlling Courts of this District. *See id.; see also West*, 311 U.S. at 237 ("[w]here an intermediate appellate state court rests its considered judgment upon the rule of law which it announces… it is not to be disregarded by a

---

[3] Transcript attached as **Exhibit B**.
[4] As Plaintiff has previously pointed out, the language used by district courts in rendering prior decisions shows their uncertainty in ruling there was no private right of action. This uncertainty was cleared up by the *Vega* decision. *See* ECF No. 18, pg. 11

4

federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise"); *V.S. v. Muhammad*, 595 F. 3d 426, 432 (2d Cir. 2010) ("this Court is bound to apply the law as interpreted by a by a state's intermediate appellate courts").

It is undisputed that *Vega* is the **only** New York Appellate Court to weigh in on this issue. Moreover, further New York case law from the Supreme Court's Appellate Term has confirmed the *Vega* decision. *See Phillips v. Max Finkelstein, Inc*., Index No. 2020/542SC, 2021 WL 4075089, at *1 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) ("unlike *Vega*, which, like the case at bar, arose from a plenary action for damages, in *IKEA*, the Second Department merely confirmed the determination of the Commissioner of Labor that an employer's payment frequency constituted a violation NYLL § 191 (1)(a)"); *Kruty v. Max Finkelstein, Inc.*, 2021 N.Y. Slip Op. 50837(U) (N.Y. N.Y. Sup. Ct. App. Term Aug. 26, 2021) (together with *Phillips v. Max Finkelstein, Inc.*, "*Max Finkelstein*").[5]

Previous decisions by district courts do not run counter to this standard. At no point has the Second Circuit nor the Supreme Court instructed district courts to examine other district court opinions to determine state law claims where a state appellate court has ruled on the issue. This is why **every district court** post-*Vega* has found that a private right of action exists. *See e.g. Caul v. Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856 (E.D.N.Y. Sep. 27, 2021) *Rodrigue v. Lowe's Home Centers, LLC*, No. 20 Civ. 1127, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021); *Sorto v. Diversified Maint. Syst., LLC,* No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108, at *2 (E.D.N.Y. Dec. 28, 2020); *Quintanilla v. Kabco Pharmaceuticals,* No. 19 Civ.

---

[5] Defendant now argues that the *Max Finkelstein* decisions do not represent an authority change, because these decisions were controlled by *Vega*. *See* ECF No. 41, pgs. 5-6. In stating this, Defendant apparently admits that the appellate law regarding NYLL § 191 is uniform, unless they can point to an appellate decision that would show "the Court also erred in its observation that New York's appellate divisions are 'not divided' as to the application of *Vega*. *See id.* Defendant had previously maintained that *Ikea v. U.S., Inc.* stood opposite to Vega. *See* ECF No. 23-5, pg. 12 ("New York State trial and appellate courts in the First and Second Departments are divided on whether to recognize a private right of action for frequency of pay violations").

6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y. Apr. 17, 2020)*; Scott v. Whole Foods Market Group, Inc.,* No. 18 Civ. 86, 2020 (SJF) (AKT), WL 9814095 (E.D.N.Y. Feb. 5, 2020); *Beh v. Cmty. Care Companions Inc.,* No. 19 Civ. 1417 (JLS) (HBS), 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021)*, report and recommendation adopted,* No. 19 Civ. 1417 (JLS) (HBS), 2021 WL 3914320 (W.D.N.Y. June 23, 2021); *see also Elhassa v. Hallmark Aviation Services, L.P.*, No. 21 Civ. 9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) ("[t]he Court also cannot say that [d]efendant has made a strong showing that it is likely to succeed on its argument that there is no private right of action for the late payment of wages"); **Exhibit B**, pg. 5 ("I don't believe there is going to be success of this motion [to dismiss NYLL § 191 claims]").

The uniformity of decisions post-*Vega*, confirm that this is now a well settled issue. As Defendant does not have any persuasive arguments that the Court of Appeals would find differently than the First Department, they cannot claim otherwise.

### B. Pre-*Vega* New York Appellate Courts Implied a Private Right of Action Under NYLL § 191

Defendant continues to fail to address that prior to the *Vega* decision, multiple New York Appellate Courts grappled with matters arising from alleged violations of NYLL § 191. In *Bynog v. Cipriani Group, Inc.*, the First Department explicitly reinstated a NYLL § 191 claim on behalf of plaintiffs whom the trial court had found to be an independent contractor. *See* 298 A.D. 2d 164 (1st Dept. 2002). While the Court of Appeals reversed the order after review of the record, it never once suggested that there was no right to bring NYLL § 191 claims. *See* 1 N.Y. 3d 193 (2003); *see also Scott*, 2019 WL 1559424 at *2 ("neither the Second Department nor the Court of Appeals suggested, let alone held, that the plaintiffs did not have a right to bring a claim under [NYLL § 191]). The Second Department also reinstated NYLL § 191 claims before the *Vega* decision. *See*

*Cohen v. Finz & Finz, P.C.*, 131 A.D. 3d 666 (2nd Dept. 2015) (reversing decision to dismiss NYLL § 191 claims against individual defendants).

Moreover, in *Gottlieb v. Kenneth D. Laub & Co.*, the Court of Appeals plainly stated that NYLL § 191 "generally regulates payment of wages by employers and creates reciprocal rights of employees." *See* 82 N.Y.2d 457, 461 (1993); *see also Konkur*, 38 N.Y. at 38 ("it is Labor Law § 191 that generally regulates payment of wages by employers and creates reciprocal rights of employees) (internal quotations omitted). The Court of Appeals also commented in *Patcher v. Bernard Hodes Grp., Inc.* that employees that "do not fall under [NYLL § 191}…are not entitled to statutory attorney's fees under section 198(1–a)…because the plaintiff in *Gottlieb* had not alleged that he was protected by [NYLL § 191] he was presumptively "excluded from wage enforcement protection" under Article 6. *See* 10 N.Y. 3d 609, 616 (2008). The tying together of these statues by the Court of Appeals could not be clearer. *See Vega*, 175 A.D. 3d at 1144 (citing *Patcher* and *Gottlieb* to determine that the remedy for a violation of NYLL § 191 is found in NYLL § 198).

Viewed through this lens it is clear why Defendant refuses to address these cases. Defendant's motion is devoid of any state appellate case law that even hints to a contrary position. This does not pass the strict standard articled by the Supreme Court and the Second Circuit. *See DiBella*, 403 F.3d at 112 (citing *West*, 311 U.S. at 237).

### C. Pre-*Vega* District Courts Have Found or Implied a Private Right of Action According to NYLL § 191

While Plaintiff does not believe that any pre-*Vega* decision by a district court is material to whether there are substantial grounds for differences of opinion, Defendant's statements regarding pre-*Vega* cases are misleading.

7

Plaintiff has previously refuted Defendant's attempt to state that "until recently federal courts held that no private right of action existed" for violations of NYLL § 191:[6]

> "before *Vega*, multiple courts in this circuit have found that a private right of action exists under NYLL § 191(1)(a). See e.g. *Scott v. Whole Foods Market Group, Inc*., No. 18 Civ. 86 (SJF)(AKT), 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) (denying defendant's motion to dismiss § 191 claims); *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 404 (E.D.N.Y. 2015) (denying defendant's motion to dismiss NYLL § 191 claims); *Gonzales*, 2014 WL 1011070 at *9; *Wang Kwong Ho v. Target Construction of NY Corp.*, No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510, at *14 (E.D.N.Y. Mar. 28, 2011) (awarding damages under NYLL § 191); *Cuzco*, 2010 WL 2143662, at *4 (granting plaintiffs' motion for summary judgment on their NYLL § 191 claims)"

*See* ECF No. 18, pg. 11; *see also Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, at 481-482 (S.D.N.Y. 2012) (denying motion to dismiss NYLL § 191 claims). The *Scott* decision is especially explicit in this regard, and it's holding is parallel to *Vega*. *See Scott v. Whole Foods Markey Group, Inc.*, No. 18 Civ. 86 (SJF) (AKT), 2019 WL 1559424, at *2-3 (E.D.N.Y. Apr. 9, 2019) (determining that a violation of NYLL § 191 triggers the protections of NYLL § 198); *Vega*, 175 A.D. 3d at 1144 (finding that the "plain language" of NYLL § 198 provided redress for violations of NYLL § 191).

While Plaintiff's arguments do not bear repeating, it is important to note that Defendant has again cited the *Coley* decision[7], which Judge Chen specifically revisited in *Quintalla* due to the *Vega* decision. *See* No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y. Apr. 17, 2020)[8] ("because *Coley* was rendered at a time when I didn't have the benefit of either *Vega* or *Scott*, I am not following my prior decision; I am not dismissing the 191 action").

---

[6] Defendant once again incorrectly states that no underpayment of wages occurs due to a violation of NYLL § 191. *See* ECF No. 41, pg.1.
[7] *See* ECF No. 41, pg. 1, ftn. 1.
[8] The *Quintalla* decision's transcript is attached to Plaintiff's opposition to Defendant's previous motion to dismiss. *See* ECF No. 24-2.

8

### D. A Private Right of Action for Late Payment of Wages Under the NYLL is Supported by Similar Rights Found Under the FLSA.

It is well established that "there are no meaningful differences" between the FLSA and the NYLL. *See Rodrigue*, 2021 WL 3838268, at *5 (citing *Rana v. Islam*, 887 F. 3d 118, 123 (2d Cir. 2018)); *see also Ramirez v. Lin*, 830 Fed. Appx. 672, 674-675 (2d Cir. 2020) (Summary Order) (citing *Vega*, 175 A.D. at 1145-1146) ("we have interpreted the NYLL liquidated damages provision in accordance with the FLSA's liquidated damages provision, **as has at least one New York appellate court**") (emphasis added) It is further well established that a plaintiff can recover liquidated damages for untimely payments under the FLSA. *See e.g Beh*, 2021 WL 3914297, *2-5 (denying defendants' motion to dismiss NYLL § 191 claims and FLSA prompt payment claims).

In fact, the purpose of liquidated damages under the FLSA is to compensate employees for the delay caused by the unlawful retention of pay:

> "the [FLSA] liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages…. [i]t constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay"

*See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 709 (1945); *see also Biggs v. Wilson*, 1 F. 3d 1537, 1541 (9th Cir. 1993) ("an employer violates the [FLSA] if payments are late"); *Martin v. United States*, 117 Fed. Cl. 611, 621 (2014) (The FLSA requires—and the Supreme Court has recognized approvingly—that an employee receive on time payment for work performed").

The *Vega* court explicitly endorsed this line of reasoning to determine that NYLL § 198 protects employee who wages are paid late in accordance with NYLL § 191:

> "In interpreting the liquidated damages provisions of the Fair Labor Standards Act of 1938 (FLSA), the Supreme Court has held that, regardless of whether an

9

> employee has been paid wages owed before the commencement of the action, the statute provides a liquidated damages remedy for the 'failure to pay the statutory minimum on time,' in order to provide 'compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages… [NYLL § 198], although not identical to the FLSA liquidated damages provision, has 'no meaningful differences, and both are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed.' Accordingly, liquidated damages may be available under [NYLL § 198] to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages."

See *Vega*, 175 A.D. 3d at 1145-1146 (quoting *Brooklyn Sav. Bank*, 324 U.S. at 707; *Rana*, 887 F. 3d at 123). It would be a significant and quite meaningful difference for the FLSA to allow a plaintiff to recover liquidated damages for untimely payments, yet the NYLL to not allow the same remedy under NYLL § 198. *See Rodrigue*, 2021 WL 3838268, at *5 ("[defendants] do not explain why the New York Court of Appeals would give a substantially narrower reading to [NYLL § 198] than the Supreme Court gave to the section's federal counterpart"). Accordingly, there is no difference of opinion on the private right of an employee to recover liquidated damages due to an employer's untimely wage payments.

## II. DEFENDANT SHOULD NOT BE GRANTED A STAY IN THIS MATTER

The decision as to whether to stay proceedings pending an interlocutory appeal or an appeal depends on four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Defendant's request for a stay falls apart on point one. As set out *supra*, Defendant's arguments fly in the face of established precedent. Defendant has simply repeated arguments this Court has previously found unpersuasive.

10

Moreover, Defendant will not be irreparably injured absent a stay, as it is well established that "litigation costs do not rise to the level of irreparable injury". *See Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784 WHP, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974). Frankly, it is Plaintiff and the putative class that will suffer harm if a stay is issued, as a stay would only cause further delay for these employees to receive compensatory damages for the underpayments caused by Defendant's unlawful pay policies.

## CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied in its entirety.

Dated: New York, New York
April 25, 2022

                                              Respectfully submitted,

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for the Plaintiff and putative class*

12