

28 Liberty Street, 30th Floor • New York, NY 10005

Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

May 2, 2022

**VIA ECF**
Hon. Thomas J. McAvoy U.S.D.J.
United States District Court for the
Northern District of New York
U.S. Courthouse and Federal Building
15 Henry Street
Binghamton, New York 13901

      **Re:**   *Mabe v. Wal-Mart Associates, Inc.*, No. 20 Civ. 591 (TJM) (CFH)

Dear Judge McAvoy,

    Plaintiff writes regarding the request to file an *amicus* brief filed by special interest groups that are non-parties to this action (the "Non-Parties") in support of Defendant's motion to certify an interlocutory appeal. As set out below, the Court should disregard this request or alternatively grant leave for Plaintiff to file a sur-reply.

    To begin, the request does not meet the standards for an *amicus* brief. While "[d]istrict court have broad discretion in deciding whether to accept *amicus* briefs," it is well established that "the circumstances under which an *amicus* brief is considered desirable are limited." *See Jamaica Hospital Medical Center, Inc. v. United Health, Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (internal quotations omitted). *Amicus* briefs are generally found useful in three scenarios:

> "a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case ... or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."

*See Muchmore's Café, LLC v. City of New York*, No. 14 Civ. 5668 (RRM)(RER), 2018 WL 3489556, at *2 (E.D.N.Y. July 19, 2018) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *Jamaica Hospital*, 584 F. Supp. 2d at 497).

    Moreover, Courts also consider "whether proposed *amici* are seeking to assist the Court in clarifying issues 'as an objective, neutral, dispassionate 'friend of the court.'" *See New York SMSA Limited Partnership v. Town of Bedford*, No. 21 Civ. 3742 (PMH), 2022 WL 718641, at *3-4 (S.D.N.Y. Mar. 10, 2022) (denying motion for leave to file amicus brief where the propose amci did not seek "to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues," but instead appeared as "a 'friend of the [defendants]'"). Courts have further explained that "[c]onferring *amicus* status on such partisan interests is inappropriate." *See id.* (citing *S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03 Civ. 2937 (WHP), 2003 WL 22000340, at *6 (S.D.N.Y. Aug. 25, 2003).

The Non-Parties do not fit within the accepted standard, nor could they. First, Defendant is represented by Henry Greenberg of Greenberg Traurig, one of the most prestigious firms in the world.[1] Moreover, Mr. Greenberg is the former president of the New York State Bar Association.[2] Clearly, there is no argument that Defendant's representation is not competent.

Second, the Non-Parties have not identified an interest in any other case that may be affected by the decision in the present case, as none of them are actual defendants in *any* claim filed under NYLL § 191 or NYLL § 198.

Instead, the Non-Parties argue potential liability for employers they claim to represent. They do so through a first through series of bizarre policy arguments that may be better suited for political or legislative debate. For example, the Non-Parties list roughly 146 actions that include NYLL § 191 actions over the last three years in an attempt to argue that a "boom" in NYLL § 191 lawsuits has occurred. This argument is neither relevant or sensical, as this represents less than 0.6% of the approximately 22,577 civil actions filed in the District Courts of New York in 2021 alone. Moreover, the number of lawsuits filed under NYLL § 191 pales in comparison to the number of FLSA lawsuits filed in the Second Circuit each year.[3] In this context it is clear that approximately fifty NYLL § 191 lawsuits per year spread amongst federal and state courts is not an undue burden on the judicial system, especially where the Non-Parties have listed actions that contain wage claims past NYLL § 191.[4] Furthermore, an argument that laws should be allowed to be disregarded simply because it is more profitable than actually enforcing them in not appropriate for this matter.

Finally, the Non-Parties do not claim to provide unique information or perspective to this litigation. Instead, they "attempt to inject interest group politics" into this matter. *See Voices for Chicago v. Illinois Bell Telephone Co.*, 339 F. 3d 542, 543 (7th Cir. 2003) (denying leave to file amicus brief). At no point do the Non-Parties attempt to state that there are substantial grounds for a difference of opinion on the availability of a private right of action under NYLL § 191, or make any argument that matches the precedent for interlocutory appeal. Similar to Defendant, the Non-Parties completely steer clear of any decisions from the New York Court of Appeals, and do not explain why this Court should ignore the clear holdings of the Second Circuit and the Supreme Court in *Dibella* and *West* as they pertain to interpreting state laws through the rulings of state appellate courts. The Non-Parties only seem to assert they understand the liquidated damages provisions of NYLL § 198 better than the Second Circuit. *See e.g. Ramirez v. Lin*, 830 Fed. Appx. 672, 674-675 (2d Cir. 2020) (Summary Order) (citing *Vega v. CM & Assoc. Constr. Mgt, LLC*, 175 A.D. 3d 114, 1145-1146) ("we have interpreted the NYLL liquidated damages provision in

---

[1] *See* https://www.gtlaw.com/en/news/2021/11/press-releases/for-11th-year-greenberg-traurig-has-most-first-tier-rankings-in-best-law-firms-report
[2] https://www.gtlaw.com/en/professionals/g/greenberg-henry-m
[3] In 2019 alone there were roughly 5,800 FLSA lawsuits filed by workers in New York. *See* https://wagefirm.com/suing-for-unpaid-wages-in-new-york/#:~:text=In%202019%2C%20there%20were%20about,wage%20claims%20and%20workplace%20retaiation.
[4] For example, the Non-Parties citation to *Ellison v. Sera Security Servs. LLC*, ignores the plaintiffs' claims unpaid overtime and unpaid spread of hours. *See* Index No. 31442/2019E, Doc No. 26 (N.Y. Supp. Ct. May 18, 2020).

accordance with the FLSA's liquidated damages provision, as has at least one New York appellate court").

In addition, the Non-Parties state a few dubious attacks against the precedent provided by Plaintiff. For example, the Non-Parties attempt to distinguish the Supreme Court's clear holding in *Brooklyn Savings Bank*, purposefully ignoring that *Brooklyn Savings Bank* "did not rest its holding on the length of delay." *See Biggs v. Wilson,* 1. F. 3d 1537, 1542 (9th Cir. 1993) ("long versus short [delay] strikes us as an unworkable standard").

Moreover, the non-parties' *amicus* runs contrary to Rule 29 of the Federal Rule of Appellate Procedure, which provides that a motion for leave to file an *amicus* brief is to be accompanied by a proposed brief, statements of the movants interest, and an explanation why the *amicus* is desirable. *See* Fed. R. App. P. 29. The rule further provides that an *amicus curia* must file its brief no later than seven days after the principal brief of the party it is supporting. *See id.*

While the Court is not bound by Rule 29, District Courts have looked to Rule 29 to consider whether to grant leave to file an *amicus* brief. *See Lehman XS Trust, Series v. Greenpoint Mortgage Funding, Inc.*, No. 12 Civ. 7935 (ALC) (HBP), 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014); *see also Friends of Animals v. United States Fish and Wildlife Service*, No. 18 Civ. 53 (DN) (PK), 2021 WL 4440347, at *1-2 (D. Utah Sep. 28, 2021) (denying leave to file *amicus* brief as untimely, as it did not afford the plaintiff the chance to respond without further delay of the case).

Here, the Non-Parties' proposed *amicus* is far outside the seven-day period from when Defendants filed their principal motion. *See* ECF No. 40, filed April 4, 2022. Instead, the non-parties cynically waited until Plaintiff's response had been briefed to attempt to enter this matter. Their attempt to prejudice Plaintiff is squarely shown by their head on addressing of Plaintiff's arguments and the timing of their filing.

Plaintiff submits that the approval of the Non-Parties motion will only cause unnecessary delay. *See Friends of Animals*, 2021 WL 4440347 at *2 (finding that consideration of an *amicus* would "extend the case's briefing schedule and delay the disposition of the case to the prejudice of the parties"). As this matter was filed over two years ago, further delay is not warranted.

Should the Court disagree, Plaintiff respectfully requests leave to file a sur-reply to address this brief, which Plaintiff assess to contain multiple misleading statements regarding the precedent surrounding both the NYLL and the FLSA.

Accordingly, Plaintiff asks that the Court deny the Non-Parties' motion for leave to file an *amicus* or alternatively allow Plaintiff to file a sur-reply to the Non-Parties' brief.

We thank the Court for its time and consideration of this request.

Fitapelli & Schaffer, LLP
May 2, 2022
Page 4 of 4

                                          Respectfully submitted,

                                          *s/ Brian S. Schaffer*

                                          Brian S. Schaffer

CC:    Defendants' Counsel (via ECF)
         Stephanie Schuster (via ECF and Electronic Mail)